# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

## ABBREVIATED ELECTRONIC RECORD

Case Caption:      Orr et al v. Trump et al

District Court Number:      25cv10313-JEK

Fee:     Paid?   Yes _____   No _____   Government filer __X__   *In Forma Pauperis* Yes _____   No _____

Motions Pending        Yes _____ No __X__                    Sealed documents        Yes _____ No __X__
*If yes, document #*    _____                    *If yes, document #*    _____

*Ex parte* documents    Yes _____ No __X__                    Transcripts              Yes __X__ No _____
*If yes, document #*    _____                    *If yes, document #*    65,105

Notice of Appeal filed by: Plaintiff/Petitioner _____    Defendant/Respondent __X__   Other: _____

Appeal from:

#115 Memorandum and Order, #116 Order of Preliminary Injunction, #130 Electronic Order
Other information:

    I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

## #115, #116, #130, and #131

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # 131 filed on July 11, 2025 .

    In testimony whereof, I hereunto set my hand and affix the seal of this Court on July 12, 2025 .

**ROBERT M. FARRELL**
Clerk of Court

/s/Matthew A. Paine
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

APPEAL

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:25-cv-10313-JEK

Orr et al v. Trump et al
Assigned to: District Judge Julia E. Kobick
Case in other court:  USCA - First Circuit, 25-01579
Cause: 05:702 Administrative Procedure Act

Date Filed: 02/07/2025
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

### Plaintiff

**Ashton Orr**
*on behalf of themselves and others similarly
situated*

represented by **Isaac D Chaput**
Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
415-591-7020
Email: ichaput@cov.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Aditi Fruitwala**
American Civil Liberties Union Foundation
125 Broad St
New York, NY 10004
214-797-9107
Email: afruitwala@aclu.org
*ATTORNEY TO BE NOTICED*

**Alyssa Curcio**
Covington & Burling LLP
620 Eighth Avenue
New York, NY 10025
212-841-1000
Email: acurcio@cov.com
*ATTORNEY TO BE NOTICED*

**Ansel Carpenter**
Covington & Burling LLP
1999 Avenue of the Stars
Ste. 3500
Los Angeles, CA 90064
505-629-7142
Email: acarpenter@cov.com
*ATTORNEY TO BE NOTICED*

**Gavin Wayne Jackson**
Covington & Burling
1999 Avenue of the Stars
Suite 3500

Case: 25-1579     Document: 00118312557     Page: 3     Date Filed: 07/14/2025     Entry ID: 6735475

Los Angeles, CA 90067
760-855-2279
Email: gjackson@cov.com
*ATTORNEY TO BE NOTICED*

**James D. Esseks**
American Civil Liberties Union Foundation
125 Broad Street
Ste 18th Floor
New York, NY 10004
212-549-2627
Fax: 212-549-2650
Email: jesseks@aclu.org
*ATTORNEY TO BE NOTICED*

**Jessie J. Rossman**
ACLU of Massachusetts
One Center Plaza
Suite 850
Boston, MA 02108
617-482-3170
Fax: 617-451-0009
Email: jrossman@aclum.org
*ATTORNEY TO BE NOTICED*

**Jon Warren Davidson**
American Civil Liberties Union Foundation
125 Broad Street
Ste 18th Floor
New York, NY 10004
323-536-9880
Email: jondavidson@aclu.org
*ATTORNEY TO BE NOTICED*

**Jonathan Travis Thompson**
Covington & Burling, LLP
850 10th St NW
Washington, DC 20001
202-662-5891
Email: jothompson@cov.com
*ATTORNEY TO BE NOTICED*

**Li Nowlin-Sohl**
American Civil Liberties Union
125 Broad St
New York, NY 10004
206-624-2184
Email: lnowlin-sohl@aclu.org
*ATTORNEY TO BE NOTICED*

**Malita Picasso**
American Civil Liberties Union
125 Broad Street
Ste 18th Floor

Case: 25-1579     Document: 00118312557     Page: 4     Date Filed: 07/14/2025     Entry ID: 6735475

New York, NY 10004
212-549-2561
Email: mpicasso@aclu.org
*ATTORNEY TO BE NOTICED*

**Robert Gianchetti**
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
Ste New York
New York, NY 10018
212-841-1000
Email: rgianchetti@cov.com
*ATTORNEY TO BE NOTICED*

**Sean Bender**
Covington & Burling LLP
850 10th Street NW
Washington, DC 20001
405-388-9495
Email: sbender@cov.com
*ATTORNEY TO BE NOTICED*

**Sruti J. Swaminathan**
American Civil Liberties Union Foundation
125 Broad Street
18th Floor
New York, NY 10004
848-459-1602
Email: sswaminathan@aclu.org
*ATTORNEY TO BE NOTICED*

**William Kasper**
Covington & Burling LLP
415 Mission Street
Suite 5400
San Francisco, CA 94114
415-591-6081
Email: wkasper@cov.com
*ATTORNEY TO BE NOTICED*

**Yuval Mor**
Covington & Burling
620 Eighth Avenue
New York, NY 10018
954-707-3236
Email: ymor@cov.com
*ATTORNEY TO BE NOTICED*

**Zoe Kreitenberg**
ACLU of Massachusetts
One Center Plaza
Suite 850
Boston, MA 02108

617-482-3170
Email: zkreitenberg@aclum.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Zaya Perysian**                              represented by     **Isaac D Chaput**
*on behalf of themselves and others similarly*                     (See above for address)
*situated*                                                          *LEAD ATTORNEY*
                                                                    *PRO HAC VICE*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Aditi Fruitwala**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Alyssa Curcio**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Ansel Carpenter**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Gavin Wayne Jackson**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **James D. Esseks**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Jessie J. Rossman**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Jon Warren Davidson**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Jonathan Travis Thompson**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Li Nowlin-Sohl**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Malita Picasso**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Robert Gianchetti**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Sean Bender**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sruti J. Swaminathan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kasper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuval Mor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zoe Kreitenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sawyer Soe**                                      represented by      **Isaac D Chaput**
*on behalf of themselves and others similarly*                         (See above for address)
*situated*                                                             *LEAD ATTORNEY*
                                                                       *PRO HAC VICE*
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Aditi Fruitwala**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Alyssa Curcio**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Ansel Carpenter**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Gavin Wayne Jackson**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **James D. Esseks**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Jessie J. Rossman**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Jon Warren Davidson**
                                                                       (See above for address)

*ATTORNEY TO BE NOTICED*

**Jonathan Travis Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Li Nowlin-Sohl**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Malita Picasso**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Gianchetti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Bender**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sruti J. Swaminathan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kasper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuval Mor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zoe Kreitenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Chastain Anderson**
*on behalf of themselves and others similarly situated*

represented by **Isaac D Chaput**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Aditi Fruitwala**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alyssa Curcio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ansel Carpenter**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Gavin Wayne Jackson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Esseks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessie J. Rossman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon Warren Davidson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Travis Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Li Nowlin-Sohl**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Malita Picasso**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Gianchetti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Bender**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sruti J. Swaminathan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kasper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuval Mor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zoe Kreitenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Drew Hall**
*on behalf of themselves and others similarly
situated*

represented by **Isaac D Chaput**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Aditi Fruitwala**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alyssa Curcio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ansel Carpenter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gavin Wayne Jackson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Esseks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessie J. Rossman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon Warren Davidson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Travis Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Li Nowlin-Sohl**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Malita Picasso**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Gianchetti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Bender**
(See above for address)
*ATTORNEY TO BE NOTICED*

Sruti J. Swaminathan
(See above for address)
*ATTORNEY TO BE NOTICED*

William Kasper
(See above for address)
*ATTORNEY TO BE NOTICED*

Yuval Mor
(See above for address)
*ATTORNEY TO BE NOTICED*

Zoe Kreitenberg
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bella Boe**                    represented by **Isaac D Chaput**
*on behalf of themselves and others similarly*                    (See above for address)
*situated*                    *LEAD ATTORNEY*
                   *PRO HAC VICE*
                   *ATTORNEY TO BE NOTICED*

**Aditi Fruitwala**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alyssa Curcio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ansel Carpenter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gavin Wayne Jackson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Esseks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessie J. Rossman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon Warren Davidson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Travis Thompson**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Li Nowlin-Sohl**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Malita Picasso**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Gianchetti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Bender**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sruti J. Swaminathan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kasper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuval Mor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zoe Kreitenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Reid Solomon-Lane**
*on behalf of themselves and others similarly
situated*

represented by  **Isaac D Chaput**
(See above for address)
*LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED*

**Aditi Fruitwala**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alyssa Curcio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ansel Carpenter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gavin Wayne Jackson**

(See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Esseks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessie J. Rossman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon Warren Davidson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Travis Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Li Nowlin-Sohl**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Malita Picasso**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Gianchetti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Bender**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sruti J. Swaminathan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kasper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuval Mor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zoe Kreitenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Viktor Agatha**                                    represented by   **Isaac D Chaput**
*on behalf of themselves and others similarly*                        (See above for address)

*situated*

**Jessie J. Rossman**
ACLU of Massachusetts
Massachusetts
One Center Plaza
Suite 850
Boston, MA 02108
617-482-3170
Fax: 617-451-0009
Email: jrossman@aclum.org
*ATTORNEY TO BE NOTICED*

**Robert Gianchetti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Doe**                                    represented by    **Isaac D Chaput**
*on behalf of themselves and others similarly*                   (See above for address)
*situated*                                                        *ATTORNEY TO BE NOTICED*

**Jessie J. Rossman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Gianchetti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AC Goldberg**                                  represented by    **Isaac D Chaput**
*on behalf of themselves and others similarly*                   (See above for address)
*situated*                                                        *ATTORNEY TO BE NOTICED*

**Jessie J. Rossman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Gianchetti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ray Gorlin**                                   represented by    **Isaac D Chaput**
*on behalf of themselves and others similarly*                   (See above for address)
*situated*                                                        *ATTORNEY TO BE NOTICED*

**Jessie J. Rossman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Gianchetti**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Chelle LeBlanc**                                   represented by   **Isaac D Chaput**
*on behalf of themselves and others similarly*                       (See above for address)
*situated*                                                           *ATTORNEY TO BE NOTICED*

                                                                     **Jessie J. Rossman**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Robert Gianchetti**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Donald J. Trump**                                 represented by   **Benjamin T. Takemoto**
*in his official capacity as President of the*                       DOJ-Civ
*United States*                                                      Appellate Staff
                                                                     950 Pennsylvania Avenue NW
                                                                     Washington, DC 20530
                                                                     202-616-5364
                                                                     Email: benjamin.takemoto@usdoj.gov
                                                                     *TERMINATED: 05/16/2025*
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Elizabeth Brooke Layendecker**
                                                                     United States Department of Justice
                                                                     1100 L Street NW
                                                                     Washington, DC 20005
                                                                     202-616-5046
                                                                     Email: elizabeth.b.layendecker@usdoj.gov
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **John Robinson**
                                                                     Jacobson Lawyers Group
                                                                     1629 K Street NW, Suite 300
                                                                     Washington, DC 20006
                                                                     301-823-1148
                                                                     Email: john@jacobsonlawyersgroup.com
                                                                     *TERMINATED: 04/07/2025*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **M. Jared Littman**
                                                                     Department of Justice, Civil, Federal
                                                                     Programs
                                                                     1100 L Street NW
                                                                     Washington, DC 20005
                                                                     202-514-5578

Email: jared.littman2@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Michael Velchik**
DOJ-Civ
950 Pennsylvania Avenue NW
Washington, DC 20530
202-860-8388
Email: michael.velchik@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210
617-748-3100
Fax: 617-748-3971
Email: rayford.farquhar@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **U.S. Department of State** | represented by | **Benjamin T. Takemoto**<br>(See above for address)<br>*TERMINATED: 05/16/2025*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Elizabeth Brooke Layendecker**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **John Robinson**<br>(See above for address)<br>*TERMINATED: 04/07/2025*<br>*ATTORNEY TO BE NOTICED* |
| | | **M. Jared Littman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Michael Velchik**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Rayford A. Farquhar**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Marco Rubio**<br>*in his official capacity as Secretary of State* | represented by | **Benjamin T. Takemoto**<br>(See above for address)<br>*TERMINATED: 05/16/2025*<br>*LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*

**Elizabeth Brooke Layendecker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Robinson**
(See above for address)
*TERMINATED: 04/07/2025*
*ATTORNEY TO BE NOTICED*

**M. Jared Littman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Velchik**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **United States of America** | represented by | **Benjamin T. Takemoto**<br>(See above for address)<br>*TERMINATED: 05/16/2025*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Elizabeth Brooke Layendecker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Robinson**
(See above for address)
*TERMINATED: 04/07/2025*
*ATTORNEY TO BE NOTICED*

**M. Jared Littman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Velchik**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

| | | |
|---|---|---|
| **Joshua Harrell**<br>*TERMINATED: 07/10/2025* | represented by | **Joshua Harrell**<br>935 Kearny St |

#65
San Francisco, CA 94133
650-334-9427
Email: joshuaj1729@gmail.com
PRO SE

[ Email All Attorneys ]
[ Email All Attorneys and Additional Recipients ]

| Date Filed | # | Docket Text |
|---|---|---|
| 02/07/2025 | 1 | COMPLAINT against All Defendants Filing fee: $ 405, receipt number AMADC-10830932 (Fee Status: Filing Fee paid), filed by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # 1 Exhibit Executive Order, # 2 Civil Cover Sheet, # 3 Category Form)(Rossman, Jessie) (Entered: 02/07/2025) |
| 02/10/2025 | 2 | ELECTRONIC NOTICE of Case Assignment. District Judge Julia E. Kobick assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Jennifer C. Boal. (CEH) (Entered: 02/10/2025) |
| 02/10/2025 | 3 | Summons Issued as to All Defendants. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Currie, Haley) (Entered: 02/10/2025) |
| 02/11/2025 | 4 | MOTION for Leave to File Excess Pages *(Unopposed)* by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Rossman, Jessie) (Entered: 02/11/2025) |
| 02/11/2025 | 5 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 4 MOTION for Leave to File Excess Pages (Unopposed)<br><br>Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Currie, Haley) (Entered: 02/11/2025) |
| 02/11/2025 | 6 | MOTION for Leave to Appear Pro Hac Vice for admission of Jon W. Davidson by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane.(Rossman, Jessie) (Additional attachment(s) added on 2/12/2025: # 1 Exhibit A-Certificate) (Currie, Haley). (Entered: 02/11/2025) |
| 02/11/2025 | 7 | MOTION for Leave to Appear Pro Hac Vice for admission of Li Nowlin-Sohl Filing fee: $ 125, receipt number AMADC-10836140 by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # 1 Exhibit A-Certificate)(Rossman, Jessie) (Entered: 02/11/2025) |
| 02/11/2025 | 8 | MOTION for Leave to Appear Pro Hac Vice for admission of Sruti J. Swaminathan Filing fee: $ 125, receipt number AMADC-10836144 by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # 1 Exhibit A-Certificate)(Rossman, Jessie) (Entered: 02/11/2025) |
| 02/11/2025 | 9 | MOTION for Leave to Appear Pro Hac Vice for admission of Malita V. Picasso Filing fee: $ 125, receipt number AMADC-10836148 by Ashton Orr, Zaya Perysian, Sawyer |

| | | Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # <u>1</u> Exhibit A-Certificate)(Rossman, Jessie) (Entered: 02/11/2025) |
|---|---|---|
| 02/11/2025 | <u>10</u> | MOTION for Leave to Appear Pro Hac Vice for admission of Aditi Fruitwala Filing fee: $ 125, receipt number AMADC-10836153 by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # <u>1</u> Exhibit A-Certificate)(Rossman, Jessie) (Entered: 02/11/2025) |
| 02/11/2025 | <u>11</u> | MOTION for Leave to Appear Pro Hac Vice for admission of Isaac D. Chaput Filing fee: $ 125, receipt number AMADC-10836154 by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # <u>1</u> Exhibit A-Certificate)(Rossman, Jessie) (Entered: 02/11/2025) |
| 02/11/2025 | <u>12</u> | MOTION for Leave to Appear Pro Hac Vice for admission of William P. Kasper Filing fee: $ 125, receipt number AMADC-10836157 by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # <u>1</u> A-Certificate)(Rossman, Jessie) (Entered: 02/11/2025) |
| 02/11/2025 | <u>13</u> | MOTION for Leave to Appear Pro Hac Vice for admission of Ansel F. Carpenter Filing fee: $ 125, receipt number AMADC-10836160 by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # <u>1</u> Exhibit A-Certificate)(Rossman, Jessie) (Entered: 02/11/2025) |
| 02/11/2025 | <u>14</u> | MOTION for Leave to Appear Pro Hac Vice for admission of Gavin W. Jackson Filing fee: $ 125, receipt number AMADC-10836162 by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # <u>1</u> Exhibit A-Certificate)(Rossman, Jessie) (Entered: 02/11/2025) |
| 02/11/2025 | <u>15</u> | MOTION for Leave to Appear Pro Hac Vice for admission of Jonathan Thompson Filing fee: $ 125, receipt number AMADC-10836167 by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # <u>1</u> Exhibit A-Certificate)(Rossman, Jessie) (Entered: 02/11/2025) |
| 02/11/2025 | <u>16</u> | MOTION for Leave to Appear Pro Hac Vice for admission of Sean M. Bender Filing fee: $ 125, receipt number AMADC-10836170 by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # <u>1</u> Exhibit A-Certificate)(Rossman, Jessie) (Entered: 02/11/2025) |
| 02/11/2025 | <u>17</u> | MOTION for Leave to Appear Pro Hac Vice for admission of Yuval Mor Filing fee: $ 125, receipt number AMADC-10836173 by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # <u>1</u> Exhibit A-Certificate)(Rossman, Jessie) (Entered: 02/11/2025) |
| 02/11/2025 | <u>18</u> | MOTION for Leave to Appear Pro Hac Vice for admission of Alyssa Curcio Filing fee: $ 125, receipt number AMADC-10836175 by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # <u>1</u> Exhibit A-Certificate)(Rossman, Jessie) (Entered: 02/11/2025) |
| 02/12/2025 | <u>19</u> | NOTICE OF ATTORNEY PAYMENT OF FEES as to <u>6</u> MOTION for Leave to Appear Pro Hac Vice for admission of Jon W. Davidson by Plaintiffs Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. Filing fee $ 125, receipt number AMADC-10836450. Payment Type : PRO HAC VICE. (Rossman, Jessie) (Entered: 02/12/2025) |
| 02/12/2025 | 20 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting <u>11</u> Motion for Leave to Appear Pro Hac Vice Added Isaac D. Chaput. |

| | | |
|---|---|---|
| | | **Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen-current-pacer-accounts.htm#link-account. (EZG) (Entered: 02/12/2025) |
| 02/12/2025 | 21 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 6 , 7 , 8 , 9 , 10 , 12 , 13 , 14 , 15 , 16 , 17 , 18 Motions for Leave to Appear Pro Hac Vice adding Jon W. Davidson, Li Nowlin-Sohl, Sruti J. Swaminathan, Malita V. Picasso, Aditi Fruitwala, William P. Kasper, Ansel F. Carpenter, Gavin W. Jackson, Jonathan Thompson, Sean M. Bender, Yubal Mor, and Alyssa Curcio

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorneys. (EZG) (Entered: 02/12/2025) |
| 02/14/2025 | 22 | NOTICE of Appearance by Gavin Wayne Jackson on behalf of Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane (Jackson, Gavin) (Entered: 02/14/2025) |
| 02/14/2025 | 23 | NOTICE of Appearance by Ansel Carpenter on behalf of Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane (Carpenter, Ansel) (Entered: 02/14/2025) |
| 02/14/2025 | 24 | NOTICE of Appearance by Sean Bender on behalf of Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane (Bender, Sean) (Entered: 02/14/2025) |
| 02/14/2025 | 25 | NOTICE of Appearance by William Kasper on behalf of Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane (Kasper, William) (Entered: 02/14/2025) |
| 02/18/2025 | 26 | NOTICE of Appearance by Li Nowlin-Sohl on behalf of Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane (Nowlin-Sohl, Li) (Entered: 02/18/2025) |
| 02/18/2025 | 27 | NOTICE of Appearance by Jon Warren Davidson on behalf of Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane (Davidson, Jon) (Entered: 02/18/2025) |
| 02/18/2025 | 28 | NOTICE of Appearance by Sruti J. Swaminathan on behalf of Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane (Swaminathan, Sruti) (Entered: 02/18/2025) |
| 02/18/2025 | 29 | Plaintiffs' MOTION to Stay Agency Action and for Preliminary Injunction by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane.(Chaput, Isaac) (Entered: 02/18/2025) |

| 02/18/2025 | [30](#) | MEMORANDUM in Support re [29](#) Plaintiffs' MOTION to Stay Agency Action and for Preliminary Injunction filed by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # [1](#) Affidavit of Sarah D. Corathers, M.D., # [2](#) Affidavit of Ayden Scheim, Ph.D., # [3](#) Affidavit of Zaya Perysian, # [4](#) Affidavit of Ashton Orr, # [5](#) Affidavit of Bella Boe, # [6](#) Affidavit of Chastain Anderson, # [7](#) Affidavit of Drew Hall, # [8](#) Affidavit of Reid Solomon-Lane, # [9](#) Affidavit of Sawyer Soe)(Chaput, Isaac) (Entered: 02/18/2025) |
|---|---|---|
| 02/18/2025 | [31](#) | AFFIDAVIT in Support re [29](#) Plaintiffs' MOTION to Stay Agency Action and for Preliminary Injunction filed by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C)(Chaput, Isaac) (Entered: 02/18/2025) |
| 02/18/2025 | [32](#) | EXHIBITS D-K re [31](#) AFFIDAVIT in Support of [29](#) Plaintiffs' MOTION to Stay Agency Action and for Preliminary Injunction filed by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # [1](#) Exhibit D, # [2](#) Exhibit E, # [3](#) Exhibit F, # [4](#) Exhibit G, # [5](#) Exhibit H, # [6](#) Exhibit I, # [7](#) Exhibit J, # [8](#) Exhibit K)(Chaput, Isaac) <u>Modified on 2/19/2025:</u> adjust docket text, removed duplicate affidavit and removed defendant inadvertently selected at filing and added remaining plaintiff (Currie, Haley). (Entered: 02/18/2025) |
| 02/18/2025 | [33](#) | EXHIBITS L-T re [31](#) AFFIDAVIT in Support of [29](#) Plaintiffs' MOTION to Stay Agency Action and for Preliminary Injunction filed by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # [1](#) Exhibit L, # [2](#) Exhibit M, # [3](#) Exhibit N, # [4](#) Exhibit O, # [5](#) Exhibit P, # [6](#) Exhibit Q, # [7](#) Exhibit R, # [8](#) Exhibit S, # [9](#) Exhibit T)(Chaput, Isaac) <u>Modified on 2/19/2025:</u> adjust docket text and removed duplicate affidavit (Currie, Haley). (Entered: 02/18/2025) |
| 02/19/2025 | [34](#) | NOTICE of Appearance by Aditi Fruitwala on behalf of Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane (Fruitwala, Aditi) (Entered: 02/19/2025) |
| 02/19/2025 | [35](#) | NOTICE of Appearance by Malita Picasso on behalf of Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane (Picasso, Malita) (Entered: 02/19/2025) |
| 02/19/2025 | [36](#) | NOTICE of Appearance by Zoe Kreitenberg on behalf of Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane (Kreitenberg, Zoe) (Entered: 02/19/2025) |
| 02/19/2025 | [37](#) | NOTICE of Appearance by Alyssa Curcio on behalf of Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane (Curcio, Alyssa) (Entered: 02/19/2025) |
| 02/19/2025 | [38](#) | MOTION to Proceed Under Pseudonym by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane.(Chaput, Isaac) (Entered: 02/19/2025) |
| 02/19/2025 | [39](#) | MEMORANDUM in Support re [38](#) MOTION to Proceed Under Pseudonym filed by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Chaput, Isaac) (Entered: 02/19/2025) |
| 02/19/2025 | 40 | District Judge Julia E. Kobick: ELECTRONIC ORDER entered. In accordance with Local Rules 5.4(d) and 7.1(b)(2), the defendants' opposition to the plaintiffs' preliminary injunction motion, ECF [29](#) , shall be due on or before March 5, |

| | | 2025. The plaintiffs may file a reply brief of up to 10 pages on or before March 12, 2025. A hearing on the motion will be held at 1pm on March 14, 2025 in Courtroom 3. (Currie, Haley) (Entered: 02/19/2025) |
|---|---|---|
| 02/19/2025 | 41 | ELECTRONIC NOTICE Setting Hearing on Motion 29 Plaintiffs' MOTION to Stay Agency Action and for Preliminary Injunction - <br><br> Motion Hearing set for 3/14/2025 01:00 PM in Courtroom 3 (In person only) before District Judge Julia E. Kobick. (Currie, Haley) (Entered: 02/19/2025) |
| 02/19/2025 | 42 | NOTICE of Appearance by Jonathan Travis Thompson on behalf of Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane (Thompson, Jonathan) (Entered: 02/19/2025) |
| 02/20/2025 | 43 | MOTION for Extension of Time to March 12, 2025 to File Response/Reply as to 29 Plaintiffs' MOTION to Stay Agency Action and for Preliminary Injunction by Marco Rubio, United States of America, Donald J. Trump, U.S. Department of State. (Takemoto, Benjamin) (Entered: 02/20/2025) |
| 02/21/2025 | 44 | NOTICE of Appearance by Rayford A. Farquhar on behalf of Marco Rubio, United States of America, Donald J. Trump, U.S. Department of State (Farquhar, Rayford) (Entered: 02/21/2025) |
| 02/21/2025 | 45 | CERTIFICATE OF SERVICE pursuant to LR 5.2 by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane re 29 Plaintiffs' MOTION to Stay Agency Action and for Preliminary Injunction . (Bender, Sean) (Entered: 02/21/2025) |
| 02/21/2025 | 46 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 43 MOTION for Extension of Time to March 12, 2025 to File Response/Reply as to 29 Plaintiffs' MOTION to Stay Agency Action and for Preliminary Injunction. <br><br> Replies due by 3/19/2025. **The parties should not anticipate any further extensions.** (Currie, Haley) <br> <u>Modified on 2/21/2025:</u> to adjusted docket text (Currie, Haley). (Entered: 02/21/2025) |
| 02/21/2025 | 47 | ELECTRONIC NOTICE Resetting Hearing on Motion 29 Plaintiffs' MOTION to Stay Agency Action and for Preliminary Injunction - <br><br> Motion Hearing set for 3/25/2025 10:00 AM in Courtroom 3 (In person only) before District Judge Julia E. Kobick. (Currie, Haley) (Entered: 02/21/2025) |
| 02/26/2025 | 48 | AFFIDAVIT OF SERVICE Executed by Bella Boe, Sawyer Soe, Reid Solomon-Lane, Zaya Perysian, Ashton Orr, Chastain Anderson, Drew Hall. All Defendants. Acknowledgement filed by Bella Boe, Sawyer Soe, Reid Solomon-Lane, Zaya Perysian, Ashton Orr, Chastain Anderson, Drew Hall. (Attachments: # 1 Exhibit Exhibit A - Proof of Service, President Donald J. Trump, # 2 Exhibit Exhibit B - Proof of Service, U.S. Department of State, # 3 Exhibit Exhibit C - Proof of Service, Secretary of State, # 4 Exhibit Exhibit D - Proof of Service, U.S. Attorney General, # 5 Exhibit Exhibit E - Proof of Service, USAO District of Massachusetts)(Rossman, Jessie) (Entered: 02/26/2025) |
| 03/07/2025 | 49 | MOTION for Leave to Appear Pro Hac Vice for admission of James D. Esseks Filing fee: $ 125, receipt number AMADC-10879180 by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # 1 Exhibit A-Certificate)(Rossman, Jessie) (Entered: 03/07/2025) |

| 03/10/2025 | 50 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 49 Motion for Leave to Appear Pro Hac Vice Added James D. Esseks. <br><br> **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** <br><br> Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm. <br><br> A Notice of Appearance must be entered on the docket by the newly admitted attorney. (EZG) (Entered: 03/10/2025) |
|---|---|---|
| 03/11/2025 | 51 | MOTION for Leave to File Excess Pages *(Unopposed)* by Marco Rubio, United States of America, Donald J. Trump, U.S. Department of State.(Layendecker, Elizabeth) (Entered: 03/11/2025) |
| 03/11/2025 | 52 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 51 MOTION for Leave to File Excess Pages (Unopposed) <br><br> Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Currie, Haley) (Entered: 03/11/2025) |
| 03/12/2025 | 53 | Opposition re 29 Plaintiffs' MOTION to Stay Agency Action and for Preliminary Injunction filed by Marco Rubio, United States of America, Donald J. Trump, U.S. Department of State. (Attachments: # 1 Affidavit Pierce)(Takemoto, Benjamin) (Entered: 03/12/2025) |
| 03/17/2025 | 54 | NOTICE of Appearance by John Robinson on behalf of Marco Rubio, United States of America, Donald J. Trump, U.S. Department of State (Robinson, John) (Entered: 03/17/2025) |
| 03/17/2025 | 55 | MOTION for Leave to File Excess Pages by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane.(Chaput, Isaac) (Entered: 03/17/2025) |
| 03/17/2025 | 56 | Joint MOTION for Protective Order *Regarding Plaintiff Pseudonyms* by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # 1 Text of Proposed Order)(Chaput, Isaac) (Entered: 03/17/2025) |
| 03/17/2025 | 57 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 55 MOTION for Leave to File Excess Pages <br><br> Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Currie, Haley) (Entered: 03/17/2025) |
| 03/18/2025 | 58 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 56 Joint MOTION for Protective Order Regarding Plaintiff Pseudonyms (Currie, Haley) (Entered: 03/18/2025) |

| 03/18/2025 | 59 | District Judge Julia E. Kobick: <u>AGREED PROTECTIVE ORDER REGARDING PSEUDONYMS</u> entered. (Currie, Haley) (Entered: 03/18/2025) |
|---|---|---|
| 03/18/2025 | 60 | District Judge Julia E. Kobick: <u>MEMORANDUM AND ORDER</u> entered.<br><br>For the foregoing reasons, the Doe Plaintiffs' motion to proceed under pseudonym, ECF <u>38</u>, is **GRANTED**.<br><br>**SO ORDERED**. (Currie, Haley) (Entered: 03/18/2025) |
| 03/19/2025 | 61 | NOTICE of Appearance by Yuval Mor on behalf of Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane (Mor, Yuval) (Entered: 03/19/2025) |
| 03/19/2025 | 62 | REPLY to Response to <u>29</u> Plaintiffs' MOTION to Stay Agency Action and for Preliminary Injunction filed by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # <u>1</u> Rebuttal Expert Declaration of Sarah D. Corathers, MD)(Chaput, Isaac) (Entered: 03/19/2025) |
| 03/21/2025 | 63 | NOTICE of Appearance by James D. Esseks on behalf of Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane (Esseks, James) (Entered: 03/21/2025) |
| 03/25/2025 | 64 | Electronic Clerk's Notes for proceedings held before District Judge Julia E. Kobick: Motion Hearing held on 3/25/2025 re <u>29</u> Plaintiffs' MOTION to Stay Agency Action and for Preliminary Injunction filed by Reid Solomon-Lane, Zaya Perysian, Chastain Anderson, Bella Boe, Drew Hall, Ashton Orr, Sawyer Soe.<br><br>Case called. The Court hears arguments regarding the Plaintiffs' Motion to Stay Agency Action and for Preliminary Injunction <u>29</u> , specifically on plaintiffs' constitutional claims, defendants' APA and PRA arguments and plaintiffs' scope of relief and remaining preliminary injunction factors. The Court takes the matter under advisement.<br><br>(Court Reporter: Catherine Zelinski at CAL.Zelinski.Steno@gmail.com.)(Attorneys present: Isaac D. Chaput, Alyssa Curcio, Aditi Fruitwala, Zoe Kreitenberg, Yuval Mor, Li Nowlin-Sohl, Jessie J. Rossman and Sruti J. Swaminathan for the Plaintiffs. Rayford A. Farquhar and Benjamin T. Takemoto for the Defendants.) (Currie, Haley) (Entered: 03/25/2025) |
| 03/28/2025 | 65 | Transcript of Motion Hearing held on March 25, 2025, before Judge Julia E. Kobick. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Catherine Zelinski at CAL.Zelinski.Steno@gmail.com. Redaction Request due 4/18/2025. Redacted Transcript Deadline set for 4/28/2025. Release of Transcript Restriction set for 6/26/2025. (DRK) (Entered: 03/28/2025) |
| 03/28/2025 | 66 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at <u>https://www.mad.uscourts.gov/caseinfo/transcripts.htm</u> (DRK) (Entered: 03/28/2025) |
| 03/28/2025 | 67 | MOTION for Leave to File *2-Page Supplemental Memorandum in Further Support of Motion to Stay Agency Action and for a Preliminary Injunction* by Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # <u>1</u> Exhibit A - Plaintiffs' Memorandum in Further Support of Motion to |

| | | |
|---|---|---|
| | | Stay Agency Action and for a Preliminary Injunction)(Chaput, Isaac) (Entered: 03/28/2025) |
| 04/01/2025 | 68 | District Judge Julia E. Kobick: ELECTRONIC ORDER entered.<br><br>The plaintiffs' motion for leave to file a two-page supplemental memorandum, ECF 67, is **GRANTED**. The defendants are also given leave to file a supplemental memorandum on the same topic of no more than two pages by Friday, April 4, 2025. (Currie, Haley) (Entered: 04/01/2025) |
| 04/04/2025 | 69 | MEMORANDUM OF LAW by Marco Rubio, United States of America, Donald J. Trump, U.S. Department of State to 68 Order on Motion for Leave to File,. (Takemoto, Benjamin) (Entered: 04/04/2025) |
| 04/04/2025 | 70 | MOTION to Withdraw as Attorney by Marco Rubio, United States of America, Donald J. Trump, U.S. Department of State.(Robinson, John) (Entered: 04/04/2025) |
| 04/07/2025 | 71 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 70 MOTION to Withdraw as Attorney - Attorney John Robinson terminated. (Currie, Haley) (Entered: 04/07/2025) |
| 04/07/2025 | 72 | Consent MOTION for Extension of Time to File Answer by Marco Rubio, United States of America, Donald J. Trump, U.S. Department of State.(Takemoto, Benjamin) (Entered: 04/07/2025) |
| 04/07/2025 | 73 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 72 Consent MOTION for Extension of Time to File Answer (Currie, Haley) (Entered: 04/07/2025) |
| 04/18/2025 | 74 | District Judge Julia E. Kobick: <u>MEMORANDUM AND ORDER</u> entered.<br><br>For the foregoing reasons, the plaintiffs' Motion to Stay Agency Action and for a Preliminary Injunction, ECF 29 , is **GRANTED IN PART and DENIED IN PART**. A separate order will issue memorializing the preliminary injunction entered by the Court.<br><br>**SO ORDERED.** (Currie, Haley) (Entered: 04/18/2025) |
| 04/18/2025 | 75 | District Judge Julia E. Kobick: <u>ORDER OF PRELIMINARY INJUNCTION</u> entered. (Currie, Haley) (Entered: 04/18/2025) |
| 04/25/2025 | 76 | AMENDED COMPLAINT *FOR DECLARATORY AND INJUNCTIVE RELIEF* against All Defendants, filed by Viktor Agatha, David Doe, AC Goldberg, Ray Gorlin, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane. (Attachments: # 1 Exhibit A)(Chaput, Isaac) (Entered: 04/25/2025) |
| 04/30/2025 | 77 | MOTION to Certify Class by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane.(Chaput, Isaac) (Entered: 04/30/2025) |
| 04/30/2025 | 78 | MEMORANDUM in Support re 77 MOTION to Certify Class filed by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane. (Attachments: # 1 Declaration of Ashton Orr, # 2 Declaration of Zaya Perysian, # 3 Declaration of Chastain Anderson, # 4 Declaration of Drew Hall, # 5 Declaration of Bella Boe, # 6 Declaration of Reid Solomon-Lane, # 7 Declaration of Sawyer Soe, # 8 Declaration of Viktor Agatha, # 9 Declaration of David Doe, # 10 Declaration of AC Goldberg, # 11 Declaration of Ray Gorlin, # 12 Declaration of Chelle LeBlanc, # 13 Expert Declaration of Sarah D. Corathers, # 14 Expert Declaration of Ayden Scheim, # |

|  |  | 15 Declaration of Jon W. Davidson, # 16 Declaration of Jessie J. Rossman, # 17 Declaration of Isaac D. Chaput)(Chaput, Isaac) (Entered: 04/30/2025) |
|---|---|---|
| 04/30/2025 | 79 | MOTION *to Apply the Preliminary Injunction to the Classes* by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane.(Chaput, Isaac) (Entered: 04/30/2025) |
| 04/30/2025 | 80 | MEMORANDUM in Support re 79 MOTION *to Apply the Preliminary Injunction to the Classes* filed by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane. (Chaput, Isaac) (Entered: 04/30/2025) |
| 05/02/2025 | 81 | Consent MOTION for Extension of Time to File Answer by United States of America, U.S. Department of State, Marco Rubio, Donald J. Trump.(Layendecker, Elizabeth) (Entered: 05/02/2025) |
| 05/05/2025 | 82 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 81 Consent MOTION for Extension of Time to File Answer (Currie, Haley) (Entered: 05/05/2025) |
| 05/07/2025 | 83 | MOTION for Leave to Appear Pro Hac Vice for admission of Robert C. Gianchetti Filing fee: $ 125, receipt number AMADC-10995873 by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane. (Attachments: # 1 Exhibit A-Certificate)(Rossman, Jessie) (Entered: 05/07/2025) |
| 05/08/2025 | 84 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 83 Motion for Leave to Appear Pro Hac Vice Added Robert C. Gianchetti.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney. (EZG) (Entered: 05/08/2025) |
| 05/12/2025 | 85 | ELECTRONIC NOTICE Setting Hearing on Motion 77 MOTION to Certify Class , 79 MOTION *to Apply the Preliminary Injunction to the Classes* -<br><br>Motion Hearing set for 5/27/2025 02:30 PM in Courtroom 3 (**In person only**) before District Judge Julia E. Kobick. (Currie, Haley) (Entered: 05/12/2025) |
| 05/12/2025 | 86 | NOTICE of Appearance by Robert Gianchetti on behalf of Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane (Gianchetti, Robert) (Entered: 05/12/2025) |
| 05/13/2025 | 87 | *Notice of* Errata by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane to 76 Amended Complaint, . (Attachments: # 1 Amended Complaint, # 2 Exhibit A to Amended Complaint)(Chaput, Isaac) (Entered: 05/13/2025) |

| 05/14/2025 | [88](#) | Opposition re [77](#) MOTION to Certify Class filed by United States of America, U.S. Department of State, Marco Rubio, Donald J. Trump. (Layendecker, Elizabeth) (Entered: 05/14/2025) |
| 05/14/2025 | [89](#) | Opposition re [79](#) MOTION *to Apply the Preliminary Injunction to the Classes* filed by United States of America, U.S. Department of State, Marco Rubio, Donald J. Trump. (Attachments: # [1](#) Second Pierce Declaration)(Layendecker, Elizabeth) (Entered: 05/14/2025) |
| 05/15/2025 | [90](#) | MOTION for Leave to File *Reply Briefs* by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane.(Chaput, Isaac) (Entered: 05/15/2025) |
| 05/15/2025 | 91 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting [90](#) MOTION for Leave to File Reply Briefs<br><br>Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Currie, Haley) (Entered: 05/15/2025) |
| 05/16/2025 | [92](#) | MOTION to Withdraw as Attorney by United States of America, U.S. Department of State, Marco Rubio, Donald J. Trump.(Takemoto, Benjamin) (Entered: 05/16/2025) |
| 05/16/2025 | 93 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting [92](#) MOTION to Withdraw as Attorney - Attorney Benjamin T. Takemoto terminated. (Currie, Haley) (Entered: 05/16/2025) |
| 05/21/2025 | [94](#) | REPLY to Response to [79](#) MOTION *to Apply the Preliminary Injunction to the Classes* filed by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane. (Chaput, Isaac) (Entered: 05/21/2025) |
| 05/21/2025 | [95](#) | REPLY to Response to [77](#) MOTION to Certify Class filed by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane. (Chaput, Isaac) (Entered: 05/21/2025) |
| 05/21/2025 | [96](#) | MOTION TO PROCEED UNDER PSEUDONYM *RE DAVID DOE* by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane.(Chaput, Isaac) (Entered: 05/21/2025) |
| 05/21/2025 | [97](#) | MEMORANDUM in Support re [96](#) MOTION TO PROCEED UNDER PSEUDONYM *RE DAVID DOE* filed by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane. (Chaput, Isaac) (Entered: 05/21/2025) |
| 05/21/2025 | [98](#) | Joint MOTION for Protective Order - *AMENDED AGREED PROTECTIVE ORDER REGARDING PLAINTIFF PSEUDONYMS* by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane. (Attachments: # [1](#) Text of Proposed Order)(Chaput, Isaac) (Entered: 05/21/2025) |
| 05/23/2025 | [99](#) | NOTICE of Appearance by Michael Velchik on behalf of United States of America, U.S. Department of State, Marco Rubio, Donald J. Trump (Velchik, Michael) (Entered: 05/23/2025) |

| | | |
|---|---|---|
| 05/27/2025 | 100 | District Judge Julia E. Kobick: ELECTRONIC ORDER entered.<br><br>David Doe's Motion to Proceed Under Pseudonym, ECF 96 , is **GRANTED** for the reasons explained by the Court in its prior Order on Bella Boe and Sawyer Soe's Motion to Proceed Under Pseudonym, ECF 60 . (Currie, Haley) (Entered: 05/27/2025) |
| 05/27/2025 | 101 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 98 Joint MOTION for Protective Order - AMENDED AGREED PROTECTIVE ORDER REGARDING PLAINTIFF PSEUDONYMS (Currie, Haley) (Entered: 05/27/2025) |
| 05/27/2025 | 102 | District Judge Julia E. Kobick: <u>AMENDED AGREED PROTECTIVE ORDER REGARDING PLAINTIFF PSEUDONYMS</u> entered. (Currie, Haley) (Entered: 05/27/2025) |
| 05/27/2025 | 103 | Electronic Clerk's Notes for proceedings held before District Judge Julia E. Kobick: Motion Hearing held on 5/27/2025.<br><br>Case called. The Court hears arguments regarding 77 MOTION to Certify Class filed by the Plaintiffs and 79 MOTION *to Apply the Preliminary Injunction to the Classes* filed by the Plaintiffs. The Court takes both matters under advisement.<br><br>(Court Reporter: Catherine Zelinski at CAL.Zelinski.Steno@gmail.com.)(Attorneys present: Jonathan Travis Thompson, Li Nowlin-Sohl, Ansel Carpenter, Aditi Fruitwala, Zoe Kreitenberg and Mona Patel for the Plaintiffs. Michael Velchik and Elizabeth Brooke Layendecker for the Defendants.) (Currie, Haley) (Entered: 05/27/2025) |
| 05/27/2025 | 104 | District Judge Julia E. Kobick: <u>ORDER</u> entered. **Please see attached.** (Currie, Haley) (Entered: 05/27/2025) |
| 05/30/2025 | 105 | Transcript of Motion Hearing held on May 27, 2025, before Judge Julia E. Kobick. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Catherine Zelinski at CAL.Zelinski.Steno@gmail.com. Redaction Request due 6/20/2025. Redacted Transcript Deadline set for 6/30/2025. Release of Transcript Restriction set for 8/28/2025. (DRK) (Entered: 06/02/2025) |
| 05/30/2025 | 106 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 06/02/2025) |
| 06/03/2025 | 107 | RESPONSE TO COURT ORDER by United States of America, U.S. Department of State, Marco Rubio, Donald J. Trump re 104 Order . (Layendecker, Elizabeth) (Entered: 06/03/2025) |
| 06/03/2025 | 108 | Supplemental MEMORANDUM in Support re 77 MOTION to Certify Class *SUPPLEMENTAL BRIEF REGARDING CLASS DEFINITIONS* filed by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane. (Chaput, Isaac) (Entered: 06/03/2025) |
| 06/03/2025 | 109 | MOTION to Intervene by Joshua Harrell. (EZG) (Entered: 06/04/2025) |
| 06/03/2025 | 110 | Intervenor's Brief by Joshua Harrell. (EZG) (Main Document 110 replaced on 6/5/2025) (EZG).<br><u>Modified on 6/5/2025:</u> to replace previous document that was missing a page (EZG). (Entered: 06/04/2025) |

| 06/13/2025 | 111 | NOTICE OF APPEAL as to 75 Preliminary Injunction, 74 Memorandum & ORDER, by United States of America, U.S. Department of State, Marco Rubio, Donald J. Trump. Fee Status: US Government. <br><br> NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf.** US District Court Clerk to deliver official record to Court of Appeals by 7/3/2025. (Layendecker, Elizabeth) (Entered: 06/13/2025) |
| --- | --- | --- |
| 06/13/2025 | 112 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 111 Notice of Appeal. (MAP) (Entered: 06/13/2025) |
| 06/13/2025 | 113 | USCA Case Number 25-1579 for 111 Notice of Appeal, filed by United States of America, Marco Rubio, U.S. Department of State, Donald J. Trump. (MAP) (Entered: 06/13/2025) |
| 06/13/2025 | 114 | Opposition re 109 MOTION to Intervene filed by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane. (Chaput, Isaac) (Entered: 06/13/2025) |
| 06/17/2025 | 115 | District Judge Julia E. Kobick: MEMORANDUM AND ORDER entered. <br><br> For the foregoing reasons, the plaintiffs' motion for class certification, ECF 77 , is **GRANTED as MODIFIED** by this Court. The following classes are **CERTIFIED**: <br><br>     1. A class of all people (1) whose gender identity is different from the sex assigned to them under the Passport Policy and/or who have been diagnosed with gender dysphoria, and (2) who have applied, or who, but for the Passport Policy, would apply, for a U.S. passport issued with an "M" or "F" sex designation that is different from the sex assigned to that individual under the Passport Policy ("M/F Designation Class"); <br><br>     2. A class of all people whose gender identity is different from the sex assigned to them under the Passport Policy and who have applied, or who, but for the Passport Policy, would apply, for a U.S. passport with an "X" designation ("X Designation Class"). <br><br> Excluded from these classes are any judge presiding over this action and the plaintiffs in *Schlacter v. U.S. Department of State*, No. 25-cv-01344 (D. Md. filed Apr. 25, 2025). <br><br> Plaintiffs Ashton Orr, Zaya Perysian, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane, Viktor Agatha, David Doe, AC Goldberg, and Chelle LeBlanc are **APPOINTED** as representatives of the M/F Designation Class. Plaintiffs Sawyer Soe and Ray Gorlin are **APPOINTED** as representatives of the X Designation Class. Plaintiffs' counsel from the American Civil Liberties Union, the American Civil Liberties Union of Massachusetts, and Covington & Burling LLP are **APPOINTED** as class counsel. |

| | | The plaintiffs' motion to apply the preliminary injunction to the classes, ECF 79 , is **GRANTED**. A separate order will issue memorializing the preliminary injunction entered by the Court. |
| --- | --- | --- |
| | | **SO ORDERED.** (Currie, Haley) (Entered: 06/17/2025) |
| 06/17/2025 | 116 | District Judge Julia E. Kobick: <u>ORDER OF PRELIMINARY INJUNCTION</u> entered. (Currie, Haley) (Entered: 06/17/2025) |
| 06/25/2025 | 117 | MOTION to Enforce or Modify Preliminary Injunction and for Expedited Briefing by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane.(Chaput, Isaac) (Entered: 06/25/2025) |
| 06/25/2025 | 118 | MEMORANDUM in Support re 117 MOTION to Enforce or Modify Preliminary Injunction and for Expedited Briefing filed by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane. (Attachments: # 1 Declaration of Isaac D. Chaput, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Chaput, Isaac) (Entered: 06/25/2025) |
| 06/26/2025 | 119 | District Judge Julia E. Kobick: ELECTRONIC ORDER entered.<br><br>In accordance with Local Rules 5.4(d) and 7.1(b)(2), the defendants' response to the plaintiffs' motion to enforce or modify the preliminary injunction, ECF 117 , shall be due on or before July 3, 2025. The plaintiffs may file a reply brief on or before July 7, 2025. A hearing on the motion will be held at 2pm on July 10, 2025 in Courtroom 3. (EZG) (Entered: 06/26/2025) |
| 06/26/2025 | 120 | ELECTRONIC NOTICE Setting Hearing on Motion 117 MOTION to Enforce or Modify Preliminary Injunction and for Expedited Briefing -<br><br>Motion Hearing set for 7/10/2025 02:00 PM in Courtroom 3 (In person only) before District Judge Julia E. Kobick. (EZG) (Entered: 06/26/2025) |
| 06/26/2025 | 121 | NOTICE of Appearance by M. Jared Littman on behalf of United States of America, U.S. Department of State, Marco Rubio, Donald J. Trump (Littman, M. Jared) (Entered: 06/26/2025) |
| 07/01/2025 | 122 | ANSWER to 76 Amended Complaint, by United States of America, U.S. Department of State, Marco Rubio, Donald J. Trump.(Layendecker, Elizabeth) (Entered: 07/01/2025) |
| 07/03/2025 | 123 | Opposition re 117 MOTION to Enforce or Modify Preliminary Injunction and for Expedited Briefing filed by United States of America, U.S. Department of State, Marco Rubio, Donald J. Trump. (Attachments: # 1 Exhibit Dooley Declaration)(Layendecker, Elizabeth) (Entered: 07/03/2025) |
| 07/07/2025 | 124 | REPLY to Response to 117 MOTION to Enforce or Modify Preliminary Injunction and for Expedited Briefing / *Reply in Support of Plaintiffs' Motion to Enforce or Modify Preliminary Injunction and for Expedited Briefing* filed by Viktor Agatha, Chastain Anderson, Bella Boe, David Doe, AC Goldberg, Ray Gorlin, Drew Hall, Chelle LeBlanc, Ashton Orr, Zaya Perysian, Sawyer Soe, Reid Solomon-Lane. (Chaput, Isaac) (Entered: 07/07/2025) |

| 07/09/2025 | 125 | District Judge Julia E. Kobick: ELECTRONIC ORDER entered. |

The plaintiffs' Motion to Enforce or Modify Preliminary Injunction, ECF 117 , is **DENIED WITHOUT PREJUDICE.**

On June 17, 2025, the Court certified two classes, ECF 115 , and issued a preliminary injunction requiring defendants Marco Rubio, in his official capacity as Secretary of State, and the U.S. Department of State to issue to a subset of those class members (the "PI Class") passports bearing a sex marker—"M," "F," or "X"—consistent with the applicant's gender identity, ECF 116 . Roughly one week later, the plaintiffs filed a motion to enforce the preliminary injunction, alleging that the defendants had neither complied with it nor meaningfully taking the steps they were taking to do so. ECF 117 , 118 . As the government explains in its opposition, ECF 123 , and supporting declaration, ECF 123-1, the State Department temporarily suspended the processing of passport applications for potential PI Class members after the preliminary injunction was entered so that it could develop compliant workflows. ECF 123-1, ¶ 9. But the government subsequently finalized those workflows and, since July 1, 2025, it has processed PI Class members' passport applications in accordance with the preliminary injunction. *See id.* ¶ 10.

The Court concludes that the defendants have made "diligent, good faith efforts, culminating in substantial compliance" with the preliminary injunction. *Langton v. Johnston*, 928 F.2d 1206, 1220 (1st Cir. 1991). Ryan M. Dooley, the Acting Deputy Assistant Secretary for Passport Services, avers that the State Department "fully understands its obligation to comply with" the preliminary injunction, and "intends to maintain the new processes and procedures developed to comply with the [preliminary injunction] for as long as [it] is in force." ECF 123-1, ¶¶ 8, 13. Indeed, the State Department has posted to its website an attestation form, which largely incorporates language from the preliminary injunction order, that applicants can fill out to self-identify as members of the PI Class. *Compare* ECF 116 , ¶ 3, *with* ECF 123-1, Ex. A. The State Department has also updated its "Sex Markers in Passports" web page to inform PI Class members of their right to apply for and receive a passport in accordance with the preliminary injunction. *See* ECF 123-1 ¶ 10; *id.* Ex. B. And it has developed an "information request letter" "to be sent to passport applicants who do not include the Attestation but who the Department has reason to believe may be members of the PI Class." *Id.* ¶ 11.

The plaintiffs nevertheless argue that the defendants are not in full compliance with the preliminary injunction for two reasons. *See* ECF 124 . They first take issue with the attestation form. Whereas the Court authorized the defendants to require PI Class members to attest, as relevant here, "my gender identity is different from the sex assigned to me at birth," ECF 116 , ¶ 3, the State Department's attestation form states only, "[m]y gender identity is different from my sex." ECF 123-1, Ex. A. The plaintiffs contend that by omitting the phrase, "assigned to me at birth," the attestation form "effectively imposes Defendants' substantive theory of sex on attesting class members." ECF 124 , at 5. That overstates the matter. The relevant sentence on the form reads: "If I am selecting a sex marker that is different from the sex marker on my original birth certificate . . . I confirm that at least one of the following is true": (1) "My gender identity is different from my sex," or (2) "I have been diagnosed with gender dysphoria." ECF 123-1, Ex. A (emphasis added). In context, the term "sex" clearly refers to the sex listed on the applicant's "original birth certificate." *Id.* Signing the attestation form entitles PI Class members to obtain a passport in accordance with the preliminary injunction. As the plaintiffs acknowledge, it "does not indicate their acceptance of Defendants' conception of sex or gender identity." ECF 124 , at 5 n. 2.

The plaintiffs next fault the defendants because, as Dooley reports, "[c]ertain applicants seeking emergency passports" while overseas "may have difficulty obtaining such documents with 'X,' as not all Department systems are equally capable of printing all configurations of passports." ECF 123-1, ¶ 15. This speculative limitation—which will at most affect overseas travelers seeking a passport on an expedited basis—does not amount to noncompliance. The preliminary injunction does not explicitly address the issuance of passports on an expedited basis. *Cf. AccuSoft Corp. v. Palo*, 237 F.3d 31, 47 (1st Cir. 2001) ("[Civil] contempt may only be established if the order allegedly violated is clear and unambiguous." (quotation marks and citation omitted)). And Dooley avers that any impacted PI Class member will be able to later obtain, at no additional charge, a replacement passport bearing an "X" marker. ECF 123-1, ¶ 15. Moreover, the limitation does not give rise to an inference of bad faith or lack of diligence. *See Langton*, 928 F.2d at 1220. There is no evidence, for example, that the State Department has ever possessed the ability to issue passports bearing an X marker on an expedited basis at all overseas locations.

The plaintiffs lastly claim that the defendants have created an "unnecessary barrier" by refusing to use versions of the passport application forms that permit applicants to self-select an "M," "F," or "X" sex marker. ECF 124 , at 7. The defendants do not, however, have any obligation to use those forms, and the Court previously denied the plaintiffs' request to order the defendants to reinstate the passport policy pursuant to which those forms were promulgated. *See* ECF 74 , at 51-56.

The Court accordingly concludes that the defendants have made "diligent, good faith efforts, culminating in substantial compliance" with the preliminary injunction. *Langton*, 928 F.2d at 1220. The plaintiffs' motion, ECF 117 , is **denied without prejudice** to refiling in the event of future developments evincing the defendants' failure to substantially comply with the preliminary injunction. (Currie, Haley) (Entered: 07/09/2025)

| 07/09/2025 | 126 | ELECTRONIC NOTICE Canceling Hearing - In light of the Court's order at ECF 125, the motion hearing set for 7/10/2025 is canceled. (Currie, Haley) (Entered: 07/09/2025) |
|---|---|---|
| 07/09/2025 | 127 | MOTION to Dissolve the June 17, 2025 Preliminary Injunction and For a Stay of That Injunction Pending Resolution of This Motion, and Request for an Indicative Ruling Concerning the April 18, 2025 Preliminary Injunction by United States of America, U.S. Department of State, Marco Rubio, Donald J. Trump. (Attachments: # 1 Exhibit Agnew Declaration, # 2 Exhibit Second Dooley Declaration)(Layendecker, Elizabeth) (Entered: 07/09/2025) |
| 07/10/2025 | 128 | District Judge Julia E. Kobick: ELECTRONIC ORDER entered.

Joshua Harrell's Motion to Intervene, ECF 109 , is **DENIED**.

On June 3, 2025, Joshua Harrell, a nonbinary American citizen, filed a motion to intervene as of right in this litigation, ECF 109 , primarily for purposes of arguing in support of the plaintiffs' then-pending motion for class certification, ECF 77 , which was subsequently granted as modified by this Court, ECF 115 . The plaintiffs oppose Harrell's motion, contending that they adequately represent Harrell's interests. ECF 114 . The defendants did not respond to Harrell's motion, and the deadline to do so has passed. *See* Local Rule 7.1(b)(2).

Under Federal Rule of Civil Procedure 24, a court must permit "anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter |

impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "To prevail on a motion to intervene as of right, a proposed intervenor must demonstrate: '(1) the timeliness of [their] motion; (2) a concrete interest in the pending action; (3) a realistic threat that resolution of the pending action will hinder [their] ability to effectuate that interest; and (4) the absence of adequate representation by any existing party.'" *Sec. & Exch. Comm'n v. LBRY, Inc.*, 26 F.4th 96, 99 (1st Cir. 2022) (bracketed text altered) (quoting *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 39 (1st Cir. 2020)). "A failure to satisfy any one of these four requirements is sufficient grounds to deny a request for intervention as of right." *Id.*

"When a proposed 'intervenor's objective aligns seamlessly with that of an existing party . . . a rebuttable presumption of adequate representation attaches.'" *Id.* (quoting *T-Mobile*, 969 F.3d at 39). That presumption applies here. Harrell's objective is to travel internationally "using a US passport that correctly identifies Harrell." ECF 110, at 1. Harrell has an X marker on their state driver's license and presumably seeks the same on their passport. *See id.* This objective "'aligns seamlessly'" with that of the plaintiffs, who have obtained preliminary injunctive relief on behalf of certain individuals who, as relevant here, seek an X marker on their passport. *LBRY*, 26 F.4th at 99 (quoting *T-Mobile*, 969 F.3d at 39). If Harrell does not currently possess a passport with an X marker, and their gender identity is different than their sex assigned at birth or they have gender dysphoria, they are entitled to preliminary injunctive relief. *See* ECF 115, at 32; ECF 116; *Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1005 (8th Cir. 2020) ("There is a presumption of adequate representation when the persons attempting to intervene are members of a class already involved in the litigation or are intervening only to protect the interests of class members." (quotation marks and citation omitted)).

Harrell contends that their interests are inadequately represented because the plaintiffs "have declined to raise at least two necessary arguments that Harrell intends to raise: the hazard of criminal prosecution, and timeliness." ECF 109, at 3; *see* ECF 110, at 4-5. But neither a "proposed intervenor's desire to present an additional argument" nor "a difference in litigation tactics support[s] a finding of inadequate representation." *LBRY*, 26 F.4th at 99, 100. The plaintiffs are cognizant of the alleged threat of criminal prosecution identified by Harrell. *See* ECF 114, at 2 n.1. And as the Court previously noted, the plaintiffs have expeditiously litigated this case since its inception. *See* ECF 115, at 20. Harrell has accordingly not dispelled the presumption of adequate representation, and their request to intervene as of right is **denied**. *See LBRY*, 26 F.4th at 99.

In a footnote, Harrell contends that the Court should, in the alternative, allow permissive intervention "based on the same factual showing." ECF 109, at 1 n.1. A court "may" permit intervention where an individual "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In making this determination, a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," *id.* 24(b)(3), but it may also "'consider almost any factor rationally relevant' to the intervention determination," *T-Mobile*, 969 F.3d at 40 (quoting *Daggett v. Comm'n on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 113 (1st Cir. 1999)). A "court 'enjoys very broad discretion in granting or denying [such a] motion.'" *T-Mobile*, 969 F.3d at 40-41 (quoting *Daggett*, 172 F.3d at 113). In these circumstances, where Harrell is a class member whose interests are adequately protected by the class representatives, permitting them to intervene would complicate and may unduly delay adjudication of the rights of the plaintiffs and, in any event, would not "be helpful in fully developing

| | | the case." *Daggett*, 172 F.3d at 113. Harrell's request for permissive intervention is likewise **denied**. (Currie, Haley) (Entered: 07/10/2025) |
|---|---|---|
| 07/10/2025 | 129 | Copy re 128 Electronic Order emailed and mailed to Joshua Harrell on 7/10/2025. (Currie, Haley) (Entered: 07/10/2025) |
| 07/11/2025 | 130 | District Judge Julia E. Kobick: ELECTRONIC ORDER entered.

The defendants' Motion to Dissolve the June 17, 2025 Preliminary Injunction and for a Stay of that Injunction Pending Resolution of the Motion to Dissolve, ECF 127 , is **DENIED**.

This case involves changes that the State Department made to its policy concerning passport sex markers (the "Passport Policy") in accordance with Executive Order 14168 (Jan. 20, 2025). On April 18, 2025, the Court granted in part the plaintiffs' motion for a preliminary injunction and enjoined the enforcement of the Passport Policy as to six of the original plaintiffs. ECF 74 , 75 . The Court concluded, among other things, that the plaintiffs are likely to succeed on the merits of their claims challenging the Executive Order and Passport Policy for four independent reasons. Specifically, the Court concluded that the Executive Order and Passport Policy likely violate the equal protection principles safeguarded by the Fifth Amendment because they (1) discriminate on the basis of sex and do not survive intermediate judicial scrutiny because they are not substantially related to an important governmental interest, and (2) are based on irrational prejudice toward transgender Americans. *See id.* at 16-32. The Court further concluded that the plaintiffs are likely to succeed on their claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), because the Passport Policy (3) is arbitrary and capricious and (4) was adopted without observance of procedure required by the Paperwork Reduction Act ("PRA"), 44 U.S.C. §§ 3501 *et seq. See* ECF 74 , at 33-46. The government defendants appealed the Court's decision on June 13, 2025, *see* ECF 111 , and the appeal is now pending in the First Circuit.

On June 17, 2025, the Court granted as modified the plaintiffs' motions to certify two classes and to extend the preliminary injunction to a subset of those classes (the "PI Class"). ECF 115 , 116 . The parties agreed that their arguments regarding the original plaintiffs' likelihood of success on the merits applied with equal force to members of the PI Class. *See* ECF 80 , at 7-9; ECF 89 , at 1-2. The Court accordingly concluded that PI Class members were likely to succeed on their equal protection and APA claims for the same reasons as the original plaintiffs. ECF 115 , at 21-22.

On July 9, 2025, the government filed a motion to dissolve the June 17, 2025 preliminary injunction, arguing that the Supreme Court's recent decision in *United States v. Skrmetti*, 145 S. Ct. 1816 (2025), "is a significant change in law that warrants dissolution of the preliminary injunction." ECF 127 , at 5. In the government's view, "Skrmetti undermines this Court's conclusion that the Passport Policy discriminates on the basis of sex and is therefore subject to heightened scrutiny." *Id.* The government also contends that the plaintiffs are unlikely to succeed on their claim that the Passport Policy was adopted without observance of procedure required by the PRA because the Office of Management and Budget ("OMB") recently approved the operative passport application forms in conformance with the PRA. *See id.* at 11-12; ECF 127-1, ¶ 4.

A motion to dissolve a preliminary injunction "depend[s] on the same considerations that guide a judge in deciding whether to grant or deny a preliminary injunction in the first place." *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1225 (1st Cir. 1994). "The familiar quartet includes likelihood of success, the threat of |

irreparable injury to the party seeking interim relief, the equities and the public interest." *Id.* The final two factors merge where the government is the party opposing the injunction. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The moving party "bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Alto v. Black*, 738 F.3d 1111, 1220 (9th Cir. 2013) (quotation marks and citation omitted); *see Concilio de Salud Integral de Loiza, Inc. v. Prez-Perdomo*, 551 F.3d 10, 16 (1st Cir. 2008).

The government has not carried that burden here. This Court previously concluded that members of the PI Class were likely to succeed on the merits of four claims, only two of which the government now challenges based on subsequent changes in law and fact. Whether or not *Skrmetti* alters the Court's conclusion that the Executive Order and Passport Policy must be reviewed under intermediate scrutiny—an issue on which the Court expresses no opinion—the government has not argued that *Skrmetti* or any other change in law disturbs the Court's independent conclusion that PI Class members are likely to succeed on their claim that the Executive Order and Passport Policy are based on unconstitutional animus toward transgender Americans. *See* ECF 127, at 5-10. And although the government contends that it has cured its failure to comply with the procedures required by the PRA, it has not identified any change in law or fact that alters the Court's conclusion that PI Class members are likely to succeed on their independent claim that the Passport Policy is arbitrary and capricious, in violation of the APA. *See id.* at 11-12. Thus, even if the Court were to agree with the government as to the two challenged claims, its prior conclusions as to the likelihood of success on the other two claims—namely, the animus-based equal protection claim and the arbitrary-and-capricious claim under the APA—would remain unchanged.

The government has likewise failed to demonstrate that the balance of the equities now tilts in its favor. Members of the PI Class remain likely to experience a constitutional harm absent preliminary injunctive relief. *Cf. id.* at 2 ("[B]ecause the Court's assessment of the equities was heavily influenced by its belief that thousands of Americans would likely suffer a constitutional wrong absent an injunction, the Court should now conclude that the balance of harms favors the government."). And the Court already factored into its previous balance-of-the-equities analysis the equities that the government argues now weigh in its favor. *Compare* ECF 127, at 11-15 (citing the Executive's "core foreign affairs prerogatives," the "significant resource costs expended in developing and implementing a process for the PI Class," and the "additional administrative costs" the State Department might incur if the preliminary injunction is later vacated), *with* ECF 115, at 28-31 (addressing each argument and concluding that the balance of the equities nevertheless favors members of the PI Class).

The government's motion to dissolve the June 17, 2025 preliminary injunction, ECF 127, is accordingly **denied**. For the same reasons, the Court would deny any motion to stay that injunction pending an appeal. *See* Fed. R. App. P. 8(a)(1)(C); *Acevedo-Garca v. Vera-Monroig*, 296 F.3d 13, 16 (1st Cir. 2002) ("Stays of injunctive orders . . . are evaluated under the traditional four-part standard applied to injunctions."); ECF 127, at 15 ("Defendants also respectfully request the Court to indicate whether it is inclined to grant a stay of the June 17, 2025 injunction pending appeal based on the present record."). The Court would likewise deny, for the reasons stated in this order, any motion to dissolve the April 18, 2025 preliminary injunction. *See* Fed. R. Civ. P. 62.1; ECF 127, at 15 (government asking Court to indicate whether "it would dissolve the April 18, 2025 preliminary injunction currently on appeal to the First Circuit"). (Currie, Haley) (Entered: 07/11/2025)

| 07/11/2025 | 131 | NOTICE OF APPEAL as to 130 Order on Motion for Miscellaneous Relief,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, 116 Preliminary Injunction, 115 Memorandum & ORDER,,,,,,, by United States of America, U.S. Department of State, Marco Rubio, Donald J. Trump. Fee Status: US Government. |
| | | NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf.** **US District Court Clerk to deliver official record to Court of Appeals by 7/31/2025. (Layendecker, Elizabeth) (Entered: 07/11/2025)** |

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASHTON ORR, ZAYA PERYSIAN, SAWYER SOE, CHASTAIN ANDERSON, DREW HALL, BELLA BOE, REID SOLOMON-LANE, VIKTOR AGATHA, DAVID DOE, AC GOLDBERG, RAY GORLIN, AND CHELLE LEBLANC, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF STATE; MARCO RUBIO, in his official capacity as Secretary of State; and UNITED STATES OF AMERICA,<br><br>    Defendants. | No. 1:25-cv-10313-JEK |

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND MOTION TO APPLY THE PRELIMINARY INJUNCTION TO THE CLASSES

**KOBICK, J.**

At issue in this case are two changes that the State Department made to its policy concerning passport sex markers pursuant to Executive Order 14168 (Jan. 20, 2025). Whereas the State Department previously permitted transgender passport applicants to self-select male ("M") or female ("F") sex markers that correspond to either their gender identity or sex assigned at birth, it now requires that passports reflect only the holder's sex assigned at birth. And whereas the State Department previously allowed intersex, non-binary, and gender non-conforming applicants to

select "X" as the sex marker on their passports, it now issues passports only with an "M" or "F" marker. Jointly, these changes constitute the "Passport Policy."

On April 18, 2025, the Court entered a preliminary injunction barring enforcement of the Passport Policy against six of the seven original plaintiffs and requiring the State Department to issue those plaintiffs passports consistent with their gender identities. The plaintiffs subsequently amended the complaint to add five additional plaintiffs, each of whom is transgender or non-binary, like the original plaintiffs, and two of whom are also intersex.

Pending before the Court are the plaintiffs' motions to certify two classes under Federal Rule of Civil Procedure 23(b)(2) and to apply the preliminary injunction to certain members of those classes. The government does not dispute that the plaintiffs' proposed classes meet the criteria for certification under Federal Rule of Civil Procedure 23(a), but it contends that the classes are insufficiently ascertainable and fail to qualify for Rule 23(b)(2) certification. The government also opposes the plaintiffs' request to extend the preliminary injunction to a subset of the proposed classes. Following a hearing, the Court invited and received supplemental briefing from the parties on modified class definitions. Upon consideration of the parties' arguments, and for the following reasons, the Court will grant the plaintiffs' motions to certify two classes under Rule 23(b)(2) and to apply the preliminary injunction to a subset of each of those classes.

## BACKGROUND

The Court recites only the facts and procedural history relevant to the pending motions. A detailed description of the statutory and regulatory framework governing the issuance of passports, as well as the factual background of this case, is set out in the Court's April 18, 2025 Memorandum and Order granting in part and denying in part the plaintiffs' motion to stay agency action and for

a preliminary injunction. *See Orr v. Trump*, --- F. Supp. 3d ---, <u>2025 WL 1145271</u>, at *2-7 (D. Mass. Apr<u>. 18</u>, <u>2025)</u>, *appeal docketed*, No. 25-1579 (1st Cir. June 13, 2025).

## I.    **Factual Background.**

The State Department has included sex as an identity attribute on passports since 1976. <u>ECF 53-1</u>, ¶ 5. From 1992 to 2021, the State Department permitted applicants to select a sex marker that differed from their sex assigned at birth, provided they submitted the requisite medical documentation. *See id.* ¶¶ 6-7. Then, in 2021, the State Department made two substantive changes to its policy concerning passport sex markers: (1) applicants were allowed to self-select their sex marker based on their gender identity; and (2) non-binary, intersex, and gender non-conforming applicants were permitted to select a third marker, "X," in lieu of an "M" or "F" marker. *See id.* ¶¶ 7-8.

On January 20, 2025, President Trump signed Executive Order 14168, titled "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government" (the "Executive Order"). <u>90 Fed. Reg. 8615</u> (Jan. 20, 2025). The Executive Order states that "[i]t is the policy of the United States to recognize two sexes, male and female," which "are not changeable and are grounded in fundamental and incontrovertible reality." *Id.* § 2. It then sets forth the following definitions, among others:

a) "Sex" shall refer to an individual's immutable biological classification as either male or female. "Sex" is not a synonym for and does not include the concept of "gender identity."

…

d) "Female" means a person belonging, at conception, to the sex that produces the large reproductive cell.
e) "Male" means a person belonging, at conception, to the sex that produces the small reproductive cell.

*Id.*

The Executive Order directed the Secretary of State to implement policy changes to require that passports "accurately reflect the holder's sex," as that term is defined in the Executive Order. *Id.* § 3(d). Pursuant to this directive, the State Department made two substantive changes to its policy concerning passport sex markers in late January 2025: (1) it removed the option for applicants to obtain a passport with a sex marker reflecting either their gender identity or sex assigned at birth, and replaced it with the requirement that a passport reflect an applicant's sex assigned at birth; and (2) it removed the option for non-binary, intersex, or gender non-conforming applicants to obtain a passport with an "X" sex marker. *See* ECF 53-1, ¶¶ 15, 20-21.

## II.    **Procedural Background.**

Plaintiffs Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, and Reid Solomon-Lane, each of whom is transgender or non-binary, filed the original class action complaint in February 2025. ECF 1. Named as defendants were Donald J. Trump, in his official capacity as President of the United States; the United States of America; Marco Rubio, in his official capacity as Secretary of State; and the U.S. Department of State. *Id.* Against all defendants, the complaint asserted an equal protection claim alleging discrimination on the basis of sex and transgender status, a claim for infringement of the right to travel abroad, and a claim for infringement of the right to informational privacy, all in violation of the Fifth Amendment, as well as a claim for violation of the First Amendment right to free speech and expression. *Id.* ¶¶ 193-235. Against Secretary Rubio and the State Department, the complaint alleged that the Passport Policy and related agency actions violate the Administrative Procedure Act ("APA") because they are unconstitutional, arbitrary and capricious, and without observance of procedure required by the Paperwork Reduction Act ("PRA"). *Id.* ¶¶ 236-51. The plaintiffs sought declaratory and

injunctive relief, and asked the Court to hold unlawful, vacate, and set aside the Passport Policy under 5 U.S.C § 706(2). *Id.* at 56-57.

In February 2025, the plaintiffs filed a motion to stay agency action and for a preliminary injunction, ECF 29, which the government opposed, ECF 53. The Court held a hearing in March 2025, ECF 64, after which it allowed the parties to submit supplemental briefing regarding the scope of relief, ECF 67, 69. On April 18, 2025, the Court granted in part and denied in part the plaintiffs' motion. ECF 74.

The Court concluded that the plaintiffs are likely to succeed on the merits of their equal protection claim because (1) the Executive Order and Passport Policy discriminate on the basis of sex and the government failed to demonstrate that the policies are substantially related to an important government interest, and (2) the Executive Order and Passport Policy are rooted in irrational prejudice toward transgender Americans. *See id.* at 16-32. The Court further determined that the plaintiffs are likely to succeed on their claims that the Passport Policy violates the APA because it is arbitrary and capricious and because it was adopted without observance of procedure required by the PRA. *See id.* at 33-46. The uncontroverted record evidence—including affidavits submitted by each of the named plaintiffs and expert declarations submitted by Dr. Ayden Scheim, an epidemiologist, and Dr. Sarah Corathers, an endocrinologist—demonstrated that six of the seven original plaintiffs were likely to experience irreparable harm absent preliminary injunctive relief. *See id.* at 46-50. Transgender and non-binary people who possess passports bearing sex markers that conflict with their gender identity and expression are, as Dr. Scheim explained, significantly more likely to experience psychological distress, suicidality, harassment, discrimination, and violence. *See id.* at 47-49. And, as Dr. Corathers reported, obtaining gender-concordant identity documents is part of the standard of care for treating gender dysphoria, a

medical diagnosis shared by six of the seven original plaintiffs. *See id.* at 47. Further, the plaintiffs would, as explained in their declarations, experience anxiety and psychological distress or fear for their safety if they were required to travel with passports bearing a sex designation corresponding to their sex assigned at birth, largely because they would effectively "out" themselves every time they presented their passports. *See id.* at 47-48. Indeed, three of the plaintiffs had previously been harassed when using identity documents that listed their sex assigned at birth. *See id.* at 48-49. The plaintiffs averred that they would forgo planned international travel, and related medical and professional opportunities, if they were unable to obtain passports with a sex marker that aligns with their gender identity and expression. *See id.* at 49-50.

Concluding that the balance of the equities and the public interest favored the plaintiffs, the Court awarded preliminary injunctive relief to the six original plaintiffs who did not possess passports bearing a sex marker that aligns with their gender identity. *See id.* at 56; ECF 75.[1] But the Court denied the plaintiffs' request to stay the Passport Policy and order the reinstatement of the prior passport policy under 5 U.S.C. § 705, because the plaintiffs' request exceeded the scope of relief available under that statute. *See* ECF 74, at 55.

On April 25, 2025, the plaintiffs filed an amended complaint that asserted the same claims and sought the same relief as the original complaint but named five additional plaintiffs—Viktor Agatha, David Doe,[2] AC Goldberg, Ray Gorlin, and Chelle LeBlanc—each of whom is transgender or non-binary, and two of whom are also intersex. ECF 76. Five days later, the plaintiffs moved to certify two classes, ECF 77, and to apply the preliminary injunction to certain

---

[1] The Court found that Solomon-Lane was not likely to experience irreparable harm absent interim equitable relief because he possesses a passport with a sex marker corresponding to his gender identity and expression, and his passport remains valid until its expiration in 2028. *See* ECF 74, at 50; ECF 30-8, ¶ 11.

[2] David Doe has been granted leave to proceed under pseudonym. ECF 100.

members of those classes, ECF 79. The plaintiffs' motion sought certification of the following

classes under Federal Rule of Civil Procedure 23(b)(2):

1. All people who currently want, or in the future will want, a U.S. passport issued
   with an "M" or "F" sex designation that is different from the sex assigned to
   that individual under the Passport Policy ("M/F Designation Class"); and

2. All people who currently want, or in the future will want, a U.S. passport and
   wish to use an "X" sex designation ("X Designation Class").

*See* ECF 76, ¶ 273; ECF 77, at 1. Excluded from the proposed classes were any judge presiding

over this action and the plaintiffs in *Schlacter v. U.S. Department of State*, No. 25-cv-01344

(D. Md. filed Apr. 25, 2025). *See* ECF 76, ¶ 274; ECF 77, at 1.

After receiving the government's oppositions, ECF 88, 89, the Court held a hearing and

took the motions under advisement, ECF 103. At the hearing, the Court observed that the plaintiffs'

proposed class definitions did not tie membership in the classes to an individual's status as

transgender or non-binary, even though gender identity is integral to the plaintiffs' claims. To

address this concern, as well as the government's contention that the proposed classes were

improperly defined by reference to subjective criteria, the Court invited the parties to submit

supplemental briefing on the following modified class definitions:

1. A class of all people (1) who are transgender and/or have been diagnosed with
   gender dysphoria, and (2) who have applied, or who, but for the Passport Policy,
   would apply, for a U.S. passport issued with an "M" or "F" sex designation that is
   different from the sex assigned to that individual under the Passport Policy ("M/F
   Designation Class"); and

2. A class of all non-binary people who have applied, or who, but for the Passport
   Policy, would apply, for a U.S. passport with an "X" designation ("X Designation
   Class").

ECF 104, at 2. These modified class definitions would likewise exclude the plaintiffs in *Schlacter*

and any judge presiding over this action. *See id.*

In response, the government maintained its prior objections to class certification, while noting that the revised class definitions cured some deficiencies in the plaintiffs' proposal. ECF 107, at 1. The government did not raise new objections to these modified class definitions. *See id.* at 1-3. The plaintiffs, for their part, proposed replacing the phrase "all people . . . who are transgender" in the M/F Designation Class definition with the phrase "all people . . . whose gender identity is different from the sex assigned to them under the Passport Policy." ECF 108, at 1. This proposed modification would not substantively modify the definition of the M/F Designation Class because it simply clarifies the term "transgender." *See* ECF 78-13, ¶ 48 (defining the term "transgender"). The plaintiffs also proposed modifying the X Designation Class to include all "transgender, and/or intersex people, and/or people who were not assigned a binary sex at birth," rather than only non-binary people. ECF 108, at 2. Although some of these modifications are not warranted,[3] the plaintiffs' request to use the term "transgender" rather than "non-binary" in the X Designation Class does not significantly alter that class because non-binary people, who do not

---

[3]   The plaintiffs' proposal to expressly include intersex people in the X Designation Class definition will not be adopted. Although two of the plaintiffs are intersex, both have been designated as representatives of the M/F Designation Class. *See* ECF 77, at 1-2. The proposed X Designation Class representatives are non-binary, but neither is intersex. *See id.* at 2. Unlike non-binary people, who do not fully identify with a binary sex, intersex people "are born with sex characteristics that do not fit typical binary notions" of sex. ECF 78-13, ¶ 33. As the State Department previously recognized, some intersex people are, biologically, "born neither male nor female." *Zzyym v. Pompeo*, 958 F.3d 1014, 1024 (10th Cir. 2020). While non-binary people and intersex people may have significant overlapping legal interests, intersex people are uniquely positioned to argue that the Passport Policy "injects inaccuracy into the data" by assigning them a binary sex that lacks any biological basis. *Id.* It is therefore not clear that non-binary class representatives could fully represent the interests of intersex class members. *See* Fed. R. Civ. P. 23(a)(4). For similar reasons, the Court will not adopt the plaintiffs' request to include "people who were not assigned a binary sex at birth" in the X Designation Class definition. ECF 108, at 2. Every plaintiff in this litigation, even those who are intersex, was assigned a binary sex at birth, and the plaintiffs have produced no evidence of any person *not* assigned a binary sex at birth.

identify exclusively with a binary sex, are a subset of transgender people whose gender identity does not match their sex assigned at birth. *See* ECF 74, at 10; ECF 65, at 18.

In view of the foregoing, the Court will consider whether to certify under Rule 23(b)(2), and whether to apply the preliminary injunction to a subset of, the following two classes:

1. A class of all people (1) whose gender identity is different from the sex assigned to them under the Passport Policy and/or who have been diagnosed with gender dysphoria, and (2) who have applied, or who, but for the Passport Policy, would apply, for a U.S. passport issued with an "M" or "F" sex designation that is different from the sex assigned to that individual under the Passport Policy ("M/F Designation Class"); and

2. A class of all people whose gender identity is different from the sex assigned to them under the Passport Policy and who have applied, or who, but for the Passport Policy, would apply, for a U.S. passport with an "X" designation ("X Designation Class").

Both classes would exclude the plaintiffs in *Schlacter* and any judge presiding over this action.

## DISCUSSION

### I.    <u>Motion for Class Certification.</u>

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979). Class certification is appropriate only where the district court "is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a)"—numerosity, commonality, typicality, and adequacy of representation—and one of the provisions of Rule 23(b) are met. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982); *see Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 38 (1st Cir. 2003). Under Rule 23(b)(2)—the subsection of Rule 23(b) invoked by the plaintiffs here—certification is warranted where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

The plaintiffs contend that the proposed classes satisfy each of the Rule 23(a) factors and Rule 23(b)(2). The government does not dispute that the proposed classes satisfy the Rule 23(a) factors. It does, however, oppose class certification on two grounds. First, it contends that because the plaintiffs in the *Schlacter* case—who bring comparable claims, and seek comparable relief, to the plaintiffs in this case—are excluded from the class definitions, any relief obtained will not affect the entire class, as required by Rule 23(b)(2). Second, the government argues that the proposed classes are not ascertainable because it is not possible to objectively determine whether someone's gender identity differs from their sex assigned at birth.

A.     The Rule 23(a) Factors.

The proposed classes, as modified, satisfy the Rule 23(a) factors. First, "the class[es] [are] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In the United States, there are over 1.5 million people who identify as transgender, *see* ECF 78-13, ¶ 48, and over 1.2 million people who identify as non-binary, *id.* ¶ 49. While the record does not indicate exactly how many people fall within the M/F Designation Class and the X Designation Class, the proposed classes no doubt exceed the "low threshold for numerosity," which the First Circuit has pegged at around 40 members. *García-Rubiera v. Calderón*, 570 F.3d 443, 460 (1st Cir. 2009).

Second, "there are questions of law or fact common to the class[es]." Fed. R. Civ. P. 23(a)(2). "A question is common if it is 'capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Parent/Pro. Advoc. League v. City of Springfield, Massachusetts*, 934 F.3d 13, 28 (1st Cir. 2019) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). The commonality requirement presents "a low bar, and courts have generally given it a permissive application." *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d 6, 19 (1st Cir.

2008) (quotation marks omitted). At bottom, "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Dukes*, 564 U.S. at 349-50 (quoting *Falcon*, 457 U.S. at 157).

Members of both classes have suffered the same injury because the Passport Policy uniformly prohibits them from obtaining a passport with a sex designation that aligns with their gender identity, which is different from their sex assigned at birth. *See Parent/Pro. Advoc. League*, 934 F.3d at 28 ("[C]ommon answers typically come in the form of 'a particular and sufficiently well-defined set of allegedly illegal policies [or] practices' that work similar harm on the class plaintiffs." (quoting *Parsons v. Ryan*, 754 F.3d 657, 679 (9th Cir. 2014))). As a direct result of the Passport Policy, each class member is unable to obtain an "M," "F," or "X" sex marker that aligns with their gender identity and expression. *See* ECF 53-1, ¶ 21. Questions of law are also common to the classes. As to the APA claims, common questions include (1) whether the claims are reviewable; (2) if so, whether the Passport Policy is arbitrary and capricious because it was not accompanied by a reasoned explanation when promulgated; and (3) whether it was adopted without observance of the procedures required by the PRA. Common questions raised by the equal protection claim include (1) whether the Passport Policy and Executive Order discriminate on the basis of sex or transgender status; (2) if so, whether the policies satisfy the appropriate level of means-ends scrutiny; and (3) whether the policies are rooted in unconstitutional animus toward a disfavored group. The Fifth Amendment right-to-travel and privacy claims raise common questions concerning the scope of these rights and the standard of review applicable to government actions alleged to infringe each right. And common questions pertaining to the First Amendment claim include whether passport sex designations are personal or government speech and whether the forced disclosure of a passport holder's sex assigned at birth is compelled speech.

Third, "the claims or defenses of the representative parties are typical of the claims or defenses of the class[es]," Fed. R. Civ. P. 23(a)(3), largely for the same reasons that the commonality requirement is satisfied. *See Dukes*, 564 U.S. at 349 n.5 (noting that the commonality and typicality requirements "tend to merge" (quotation marks omitted)). The proposed class representatives' APA and constitutional claims "arise from the same event or practice or course of conduct that gives rise to the claims of other class members"—namely, the adoption and enforcement of the Passport Policy, which bars members of both classes from obtaining passports bearing sex designations that align with their gender identity. *García-Rubiera*, 570 F.3d at 460 (quotation marks omitted).

Fourth, "the representative parties will fairly and adequately protect the interests of the class[es]." Fed. R. Civ. P. 23(a)(4). This requirement has two parts: "The moving party must show first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). The plaintiffs proposed to represent the M/F Designation Class are Orr, Perysian, Anderson, Hall, Boe, Solomon-Lane, Agatha, Doe, Goldberg, and LeBlanc. ECF 77, at 1-2. The plaintiffs proposed to represent the X Designation Class are Soe and Gorlin. *Id.* at 2. There is no evidence that the proposed class representatives have any interests that conflict with members of their respective classes. To the contrary, the proposed representatives seek relief that will equally benefit themselves and the members of the classes they would represent. Members of the M/F Designation Class seek the ability to obtain an "M" or "F" passport sex designation that aligns with their gender identity, and members of the X Designation Class seek the ability to obtain an "X" designation.

The proposed class representatives' chosen counsel—the American Civil Liberties Union ("ACLU"), the ACLU of Massachusetts ("ACLUM"), and Covington and Burling LLP—are also "qualified, experienced, and able to vigorously conduct the proposed litigation." *Andrews*, 780 F.2d at 130 (comma added). Counsel with the ACLU and the ACLUM have decades of combined experience litigating class actions and, more specifically, litigating claims pertaining to transgender individuals' civil rights and civil liberties, including their ability to access identity documents. *See* ECF 78-15 (declaration of Jon W. Davidson, Senior Counsel at the ACLU); ECF 78-16 (declaration of Jessie J. Rossman, Legal Director of the ACLUM). The Covington and Burling team also has significant experience litigating complex civil litigation and class actions, and it has already devoted substantial resources to litigating this case. *See* ECF 78-17.

B.     Rule 23(b)(2).

Federal Rule of Civil Procedure 23(b)(2) permits class certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Dukes*, 564 U.S. at 360 (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. REV. 97, 132 (2009)). "'[C]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples' of what (b)(2) is meant to capture." *Id.* at 361 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997)).

The proposed classes lie in the heartland of Rule 23(b)(2). The government's conduct—that is, its enforcement of the Passport Policy—uniformly impacts members of the M/F and X

Designation Classes by preventing them from obtaining passports with a sex marker consistent with their gender identity. The plaintiffs also seek an "indivisible" remedy: an order enjoining the government from enforcing the Passport Policy against class members and requiring the government to issue them passports in accordance with the policy that was in effect immediately before the adoption of the Passport Policy. *See* ECF 76, at 68. This is the sort of uniform, class-wide remedy contemplated by Rule 23(b)(2). *See Dukes*, 564 U.S. at 360; *Healthy Futures of Texas v. Dep't of Health & Hum. Servs.*, 326 F.R.D. 1, 9 (D.D.C. 2018) ("[T]his Court would need to enter only a single program-wide injunction on behalf of the class if it agrees with Healthy Futures's claims on the merits. Such is precisely the situation that Rule 23(b)(2) envisions."). The plaintiffs have, accordingly, demonstrated that certification is proper under Rule 23(b)(2).

The government resists this conclusion on two grounds, neither of which has merit. It first contends that any remedy obtained by the plaintiffs will not be "indivisible" because the plaintiffs exclude from the proposed classes the plaintiffs in *Schlacter v. U.S. Department of State*—another case brought by transgender and non-binary plaintiffs to challenge the Executive Order and Passport Policy—who would likely fall within the proposed classes were they not expressly excluded. *See generally* ECF 1, *Schlacter v. U.S. Dep't of State*, No. 25-cv-01344 (D. Md.). But as the Supreme Court noted in *Dukes*, the "key to the (b)(2) class" is that the challenged conduct "can be enjoined or declared unlawful only as to all of the *class members* or as to none of them." 564 U.S. at 360 (emphasis added and quotation marks omitted). The key is not, as the government would have it, whether the challenged conduct can be enjoined as to every *potential* class member. Because the *Schlacter* plaintiffs are excluded from the proposed classes, they are not, by definition, "class members." *See* ECF 77, at 1 ("No person who is a plaintiff in *Schlacter . . . is included in*

*either class*." (emphasis added)). Their exclusion thus has no impact on whether any remedy obtained in this case is "indivisible."

The government next argues that excluding the *Schlacter* plaintiffs from the proposed classes is tantamount to creating "an opt-out mechanism," which is not permitted for Rule 23(b)(2) classes. ECF 88, at 6; *see Dukes*, 564 U.S. at 362 ("Rule [23] provides no opportunity for (b)(1) or (b)(2) class members to opt out."). This argument conflates the function of a class definition with the function of an opt-out mechanism. As then-Judge Jackson observed in *Healthy Futures of Texas v. Department of Health and Human Services*, "the 'class definition' and 'opt-out' mechanisms involve different decision makers, serve different functions, and take place at markedly different times." 326 F.R.D. at 9. The class definition sets the parameters for determining class membership *before* a class is certified. *See id.*; Herbert B. Newberg & William B. Rubenstein, 3 Newberg & Rubenstein on Class Actions § 7:27 (6th ed. June 2025 update) (hereinafter "Newberg & Rubenstein on Class Actions"). An opt-out mechanism, in contrast, permits the members of an *already-certified* class the opportunity to remove themselves from the class before final judgment is entered. *See Brown v. Colegio de Abogados de Puerto Rico*, 613 F.3d 44, 51 (1st Cir. 2010); *Healthy Futures*, 326 F.R.D. at 9; 6 Newberg & Rubenstein on Class Actions § 18:45. Excluding the *Schlacter* plaintiffs from the proposed classes in this case is, accordingly, consistent with the purposes of Rule 23(b)(2) class certification. *See Healthy Futures*, 326 F.R.D. at 9-10.

The Supreme Court endorsed this approach to certifying nationwide classes in *Califano v. Yamasaki*. In that case, the district court certified under Rule 23(b)(2) a nationwide class of social security beneficiaries "whose benefits have been or will be reduced or otherwise adjusted without prior notice and opportunity for a hearing." 442 U.S. at 689. Class actions asserting similar claims had previously been brought in other districts, so, "[a]s a precautionary measure," the district court

"excluded all persons who had participated as plaintiffs or members of a plaintiff class in litigation against the Secretary on similar issues" where a decision on the merits had been issued. *Id.* In affirming the district court's certification of this nationwide class, the Supreme Court praised its "sensitivity to ongoing litigation of the same issue in other districts"; that is, its decision to exclude class members in comparable litigation. *Id.* at 703. Exclusion of the *Schlacter* plaintiffs from the proposed classes in this case, as in *Califano*, reflects a similar sensitivity: it ensures that this litigation does "not improperly interfere with the litigation of similar issues" in the Maryland court and generates "the benefit of adjudication by different courts in different factual contexts." *Id.* at 702. Accordingly, the plaintiffs' proposed exclusion of the *Schlacter* plaintiffs is no barrier to certification under Rule 23(b)(2) in this matter.

      C.    <u>Ascertainability.</u>

The government next opposes certification on the basis that membership in the classes is not sufficiently ascertainable. Membership in the classes depends on an individual's gender identity, which, the government contends, cannot objectively be assessed. *See* <u>ECF 105, at 24-25</u>; <u>ECF 107, at 2-3</u>.

The rule that classes be "ascertainable" or "definite" is an "implied requirement" of class certification in certain cases. *See* 1 Newberg & Rubenstein on Class Actions § 3:1; *In re Nexium Antitrust Litig.*, <u>777 F.3d 9, 19</u> (1st Cir. 2015) ("[T]he definition of the class must be 'definite,' that is, the standards must allow the class members to be ascertainable."). A class is ascertainable where it is defined by reference to "'objective criteria.'" *Matamoros v. Starbucks Corp.*, <u>699 F.3d 129, 139</u> (1st Cir. 2012) (quoting 5 Moore et al., Moore's Federal Practice § 23.21[3][a] (3d ed. 2012)). In *Matamoros v. Starbucks Corporation*, for example, the First Circuit deemed a class comprising "all individuals who were employed as baristas at any Starbucks store" in Massachusetts between

certain dates to be ascertainable because it was defined by reference to the "objective standard of job titles." 699 F.3d at 138-39.

While the ascertainability requirement applies to Rule 23(b)(3) classes seeking monetary relief, the requirement does not apply to all Rule 23(b)(2) classes seeking declaratory or injunctive relief. *See* 1 Newberg & Rubenstein on Class Actions § 3:7; Joseph M. McLaughlin, 1 McLaughlin on Class Actions: Law & Practice § 4:2 (21st ed. Oct. 2024 update) (hereinafter "McLaughlin on Class Actions") ("The ascertainability requirement applicable to (b)(3) and (b)(1) classes generally does not apply to (b)(2) classes that seek only injunctive or declaratory relief."). Unlike members of Rule 23(b)(2) classes, which are "mandatory," *Dukes*, 564 U.S. at 362, members of Rule 23(b)(3) classes are permitted to opt out of the class to preserve their claims and avoid the preclusive effect of class judgment. *See* 1 Newberg & Rubenstein on Class Actions § 3:7; 1 McLaughlin on Class Actions § 4:2. Upon certification of a Rule 23(b)(3) class, a court must order the distribution of individualized notice to class members apprising them of, among other things, the preclusive effect of class judgment and their opt-out rights. Fed. R. Civ. P. 23(c)(2)(B)(v), (vii). Ensuring that the identity of Rule 23(b)(3) class members can be ascertained is therefore necessary to safeguard those class members' due process rights and ensure that they will receive the requisite notice. *See* 1 Newberg & Rubenstein on Class Actions § 3:7; 1 McLaughlin on Class Actions § 4:2.

Notice to members of Rule 23(b)(2) classes, in contrast, is optional. *See* Fed. R. Civ. P. 23(c)(2)(A). Consistent with the rationale for ensuring that Rule 23(b)(3) classes are ascertainable, the First Circuit has hinged the applicability of the ascertainability requirement to Rule 23(b)(2) classes on whether notice is due to class members. In *Yaffe v. Powers*, it reversed a district court's decision not to certify a Rule 23(b)(2) class based on that court's determination that the class was

not ascertainable. 454 F.2d 1362, 1366 (1st Cir. 1972), *abrogated on other grounds by Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478 (1978). "Although notice to and therefore precise definition of the members of the suggested class are important to certification of a subdivision (b)(3) class," the First Circuit explained, "notice to the members of a (b)(2) class is not required and the actual membership of the class need not therefore be precisely delimited." *Id.* Thus, the district court had erred in applying the ascertainability requirement for Rule 23(b)(3) classes to the proposed Rule 23(b)(2) class before it. *Id.* The First Circuit further noted that Rule 23(b)(2) classes are "uniquely suited to civil rights actions in which the members of the class are often incapable of specific enumeration," *id.* (quotation marks omitted), because the benchmark for certification of a Rule 23(b)(2) class is whether the defendant's conduct applies "generally to the class," Fed. R. Civ. P. 23(b)(2).

*Yaffe* contrasts with *Crosby v. Social Security Administration of the United States*, in which the First Circuit affirmed a district court's decision not to certify a Rule 23(b)(2) class of social security claimants where the relief sought by the plaintiffs would have required the distribution of individualized notice to all class members. 796 F.2d 576 (1st Cir. 1986). The *Crosby* plaintiffs proposed a class of "all present and future claimants for disability benefits who have not had a hearing held within a reasonable time and/or who have not had a decision rendered in such a hearing for benefits within a reasonable time from the date of Request of Hearing." *Id.* at 578 (emphasis and quotation marks omitted). As relevant here, the First Circuit reasoned that "[b]ecause the standard of 'within a reasonable time' makes class members impossible to identify prior to individualized fact-finding and litigation," the proposed class failed to satisfy the ascertainability requirement. *Id* at 580. And "[w]ithout an identifiable class of disability

claimants," the Court could not grant class-wide relief, which would have required the dissemination of individualized notices to class members. *Id.*

Read together, *Yaffe* and *Crosby* indicate that the ascertainability requirement applies to Rule 23(b)(2) classes only where individualized notice will be sent to class members. This approach accords with the approach taken by other Courts of Appeals[4] and with leading treatises.[5] Here, the ascertainability requirement does not apply because the plaintiffs do not propose distributing notice to members of the proposed classes, and no party contends that notice is required for these classes. *See Yaffe*, 454 F.2d at 1366. The government's concern that the proposed classes are insufficiently definite because putative class members' gender identity cannot be objectively verified thus presents no bar to Rule 23(b)(2) certification. The Court will, accordingly, certify the M/F and X Designation Classes, as modified.

D.    Appointment of Class Counsel.

Plaintiffs' counsel at the ACLU, the ACLUM, and Covington and Burling will be appointed as class counsel. *See* Fed. R. Civ. P. 23(g)(1). When appointing class counsel, courts must consider:

---

[4] *See Cole v. City of Memphis*, 839 F.3d 530, 542 (6th Cir. 2016) ("[A]scertainability is not an additional requirement for certification of a (b)(2) class seeking only injunctive and declaratory relief."); *Shook v. El Paso Cnty.*, 386 F.3d 963, 972 (10th Cir. 2004) ("[W]hile the lack of identifiability is a factor that may defeat Rule 23(b)(3) class certification, such is not the case with respect to class certification under Rule 23(b)(2)."); *Shelton v. Bledso*, 775 F.3d 554, 561 (3d Cir. 2015) ("Because the focus in a (b)(2) class is more heavily placed on the nature of the remedy sought, and because a remedy obtained by one member will naturally affect the others, the identities of individual class members are less critical in a (b)(2) action than in a (b)(3) action.").

[5] *See, e.g.*, 1 Newberg & Rubenstein on Class Actions § 3:7 ("Of course, this conclusion [that the ascertainability requirement does not apply to Rule 23(b)(2) classes] would not apply to (b)(2) classes in which plaintiffs seek notice and opt-out rights; in such cases, 'a precise class definition becomes just as important as in the Rule 23(b)(3) context.'" (quoting *In re Monumental Life Ins. Co.*, 365 F.3d 408, 413 (5th Cir. 2004))); 1 McLaughlin on Class Actions § 4:2 (noting that the ascertainability requirement "generally does not apply to (b)(2) classes," but that, "[o]f course, if discretionary notice or opt out rights are afforded (b)(2) class members, the greater precision demanded of a (b)(3) class is demanded").

(1) "the work counsel has done in identifying or investigating potential claims in the action"; (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"; (3) "counsel's knowledge of the applicable law"; and (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). For the reasons discussed in connection with Rule 23(a)(4)'s adequacy requirement, each of these factors favors the plaintiffs. Plaintiffs' counsel have zealously litigated this case since its inception: they filed the original complaint within a month of the Executive Order's issuance, and they have since devoted substantial time and energy to this case, which has already proceeded through multiple rounds of motion practice. Collectively, plaintiffs' counsel have decades of experience litigating complex civil cases and class actions, and counsel with the ACLU and ACLUM, in particular, have expertise representing LGBTQ+ individuals. *See generally* ECF 78-15, 78-16, 78-17. The Covington and Burling team has covered many of the expenses involved with this case, including expert fees. *See* ECF 78, at 20. Appointment is, accordingly, appropriate under Rule 23(g).

## II.     **Motion to Extend the Preliminary Injunction.**

The plaintiffs move to apply the preliminary injunction awarded to six of the original plaintiffs to a subset of the M/F and X Designation Classes—namely, those class members who face the same irreparable harm (the "PI Class").[6] The plaintiffs define the proposed PI Class to include all individuals who are (1) members of the M/F Designation Class or the X Designation Class, and (2) either (a) do not have a currently valid passport, (b) need to renew their current passport because it expires within one year, (c) need to make changes to their passport to have the

---

[6] The term "PI Class" is used only to refer to the subset of M/F Designation Class and X Designation Class members who are eligible for preliminary injunctive relief. The PI Class is not being separately certified under Rule 23(b)(2).

sex designation on it align with their gender identity or to reflect a name change, or (d) need to apply for another passport because their passport was lost, stolen, or damaged. ECF 80, at 6. The government opposes the motion to extend the preliminary injunction, arguing that the plaintiffs have failed to establish that members of the PI Class will suffer irreparable harm absent a preliminary injunction, and that, regardless, the balance of the equities favors the government.

A.    Legal Standard.

"A preliminary injunction is an extraordinary and drastic remedy . . . that is never awarded as of right." *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (quotation marks and citations omitted). To secure a preliminary injunction, the plaintiffs must demonstrate: "'(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest.'" *NuVasive, Inc. v. Day*, 954 F.3d 439, 443 (1st Cir. 2020) (quoting *Nieves-Márquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003)). The first and second factors are "the most important," *González-Droz v. González-Colon*, 573 F.3d 75, 79 (1st Cir. 2009), and courts consider them in tandem, *see Vaquería Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 485 (1st Cir. 2009). The third and fourth factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

B.    Likelihood of Success on the Merits.

The plaintiffs contend, and the Court agrees, that the Court's reasoning regarding the original plaintiffs' likelihood of success on their equal protection and APA claims applies with equal force to the PI Class members' claims. The government does not dispute this. Instead, to challenge the PI Class members' likelihood of success on the merits, the government reasserts the same arguments that it raised in opposition to the original preliminary injunction motion. *See* ECF

89, at 1. The Court previously considered each of these arguments and found them unpersuasive. *See* ECF 74, at 16-46.

The Court's analysis regarding the original plaintiffs' equal protection and APA claims centered on the text of the Executive Order and the Passport Policy, as well as the government's conduct in development and implementation of the policy. The government has not produced any evidence since the first preliminary injunction motion was decided that would alter this analysis. It has not, for example, produced additional evidence pertaining to its reasons for adopting the Passport Policy, which would bear on whether the Policy is substantially related to an important government interest, as required to survive intermediate scrutiny, or whether it is the product of reasoned decisionmaking, as required to survive arbitrary and capricious review. The only individualized attribute of the original plaintiffs that factored into the Court's analysis of these claims was their transgender or non-binary identity. Every member of the proposed classes shares one or both of these identities. The Court therefore concludes that the PI Class members are likely to succeed on the merits of their equal protection and APA claims for the reasons discussed in its April 18, 2025 Memorandum and Order.

C.    Irreparable Harm.

The plaintiffs contend that, absent preliminary injunctive relief, members of the PI Class would experience irreparable harm that is "identical to the injuries experienced" by Orr, Perysian, Soe, Anderson, Hall, and Boe. ECF 80, at 9. Preliminary injunctive relief is available only where the moving party can "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Irreparable harm is "an injury that cannot adequately be compensated for either by a later-issued permanent injunction, after a full adjudication on the merits, or by a later-issued damages remedy," *Rio Grande Cmty. Health Ctr.,*

*Inc. v. Rullan*, <u>397 F.3d 56, 76</u> (1st Cir. 2005), and it is measured on "a sliding scale, working in conjunction with a moving party's likelihood of success on the merits," *Irizarry*, <u>587 F.3d at 485</u>.

Under First Circuit precedent, a party seeking class-wide preliminary injunctive relief need not provide individualized proof that each class member is likely to experience irreparable harm, so long as it can establish that the risk of irreparable harm faced by certain class members is representative of the risk faced by all class members. In *United Steelworkers of America, AFL-CIO v. Textron, Inc.*, the defendant appealed a preliminary injunction requiring it to resume paying health insurance premiums for approximately 200 of its retired former employees. <u>836 F.2d 6, 7-8</u> (1st Cir. 1987). Although the plaintiffs had provided direct evidence, in the form of an affidavit, of the harm that a few retirees experienced after losing their health insurance, the First Circuit had "no difficulty" finding the preliminary injunction order—which applied to all 200 retirees—lawful. *Id.* at 8-9. Since it was undisputed that the defendant had ceased paying the health insurance premiums for all 200 retirees, the First Circuit held that the district court could take the specific harms faced by two retirees "as illustrative of what could occur among all retirees." *Id.* at 8. Those "illustrative" harms sufficed to demonstrate that every retiree was likely to experience irreparable harm absent preliminary injunctive relief. *See id.* at 9. Citing *Textron*, the Second Circuit has similarly held that "plaintiffs should be allowed to adduce evidence of harm representatively, so long as they lay a foundation that the representative plaintiffs are similarly situated with regard to the issue of irreparable harm." *LaForest v. Former Clean Air Holding Co.*, <u>376 F.3d 48, 58</u> (2d Cir. 2004); *see also Adams v. Freedom Forge Corp.*, <u>204 F.3d 475, 487</u> (3d Cir. 2000) (the entry of a class-wide preliminary injunction is appropriate where a court can "infer that all (or virtually all) members of a group are irreparably harmed").

The named plaintiffs have laid the requisite foundation for the Court to find that the risk of irreparable harm they face is representative of the risk faced by all members of the PI Class. To start, the named plaintiffs who are eligible for preliminary injunctive relief (the "PI-eligible plaintiffs")—that is, every plaintiff except for Solomon-Lane and Goldberg, both of whom have valid passports bearing sex markers consistent with their gender identities, ECF 78-6, ¶ 11; ECF 78-10, ¶ 12—are similarly situated to members of the PI Class. *See LaForest*, 376 F.3d at 58. Each PI-eligible plaintiff is either transgender or non-binary, and each except Soe has been diagnosed with gender dysphoria. *See* ECF 78-1, ¶¶ 5-6; ECF 78-2, ¶¶ 4-5; ECF 78-3, ¶¶ 5-6; ECF 78-4, ¶¶ 6-7; ECF 78-5, ¶¶ 5-6; ECF 78-7, ¶ 5; ECF 78-8, ¶¶ 5, 9; ECF 78-9, ¶¶ 5-6; ECF 78-11, ¶¶ 5, 7; ECF 78-12, ¶¶ 5-6. The PI-eligible plaintiffs, like members of the PI Class, have an imminent need to replace or renew their passport or do not currently possess a passport with a sex designation that aligns with their gender identity. *Compare* ECF 80, at 6, *with* ECF 78-1, ¶¶ 14, 17; ECF 78-2, ¶ 12; ECF 78-3, ¶ 11; ECF 78-4, ¶ 12; ECF 78-5, ¶ 13; ECF 78-7, ¶¶ 9, 11; ECF 78-8, ¶¶ 11, 13; ECF 78-9, ¶ 12; ECF 78-11, ¶ 10; ECF 78-12, ¶ 10. And it is undisputed that the PI-eligible plaintiffs and PI Class members face the same injury: they cannot obtain a passport with a sex designation that aligns with their gender identity because, under the Passport Policy, the State Department will issue passports only with a sex designation that aligns with the holder's sex assigned at birth. *See* ECF 53-1, ¶¶ 15, 21.

Through Dr. Corathers' and Dr. Scheim's expert declarations, the plaintiffs have introduced uncontroverted evidence of the harms that transgender and non-binary people face if they are required to use passports bearing sex designations aligning with their sex assigned at birth rather than their gender identity. *See* ECF 78-13 (Corathers declaration); ECF 78-14 (Scheim declaration). Citing large-scale studies, Dr. Scheim reports that transgender people with gender-

discordant identity documents have an elevated risk of encountering problems with airport security and experiencing harassment or violence when traveling, particularly to countries that criminalize transgender expression. ECF 78-14, ¶¶ 22-23. Transgender people who face obstacles in obtaining gender-concordant identity documents are also twice as likely to have suicidal ideation, and experience higher psychological distress, than transgender people who do not encounter such obstacles. *Id.* ¶ 33. In contrast, transgender people who have obtained gender-concordant identity documents generally—and passports, specifically—are significantly less likely to experience anxiety, serious psychological distress, and suicidality. *See id.* ¶¶ 29-35, 37. Transgender people are also significantly less likely to experience discrimination, harassment, and violence when they possess gender-concordant identity documents. *See id.* ¶¶ 25-27, 36, 38. Dr. Corathers likewise reports that "living one's life consistently with one's gender identity, including using identity documents that reflect one's gender identity," is part of the recognized standard of care for treating gender dysphoria, a medical condition that describes "the significant emotional distress" and impairment in functioning "that stems from the incongruence between a person's gender identity and sex designated at birth." ECF 78-13, ¶¶ 53, 58, 77. Taken together, these expert declarations establish that requiring transgender and non-binary people to use passports bearing sex markers corresponding to their sex assigned at birth increases their risk of experiencing anxiety, psychological distress, suicidality, discrimination, harassment, and violence.

The plaintiffs' declarations demonstrate the imminence of these risks. Every plaintiff avers that they would experience significant anxiety or fear for their safety if required to use a passport bearing a sex marker that corresponds to their sex assigned at birth rather than their gender identity and expression. *See* ECF 78-1, ¶¶ 16-17; ECF 78-2, ¶¶ 14-15; ECF 78-3, ¶¶ 13-14, 16; ECF 78-4, ¶¶ 14-15; ECF 78-5, ¶¶ 14-15; ECF 78-6, ¶¶ 11-12; ECF 78-7, ¶ 11; ECF 78-8, ¶ 14; ECF 78-9,

¶¶ 10, 14-15, 17; ECF 78-10, ¶¶ 14-16, 18; ECF 78-11, ¶¶ 11-12, 14; ECF 78-12, ¶¶ 12-14. Six of the plaintiffs further report that they have been harassed when presenting identity documents bearing sex markers corresponding to their sex assigned at birth rather than their gender identity. *See* ECF 78-1, ¶¶ 9-10; ECF 78-2, ¶ 8; ECF 78-3, ¶¶ 12-13; ECF 78-9, ¶ 16; ECF 78-10, ¶ 14; ECF 78-11, ¶ 11. Due to these risks, three plaintiffs have already cancelled international travel plans because they were unable, under the Passport Policy, to obtain passports bearing a sex marker that aligns with their gender identity. *See* ECF 78-1, ¶ 15; ECF 78-2, ¶¶ 10, 13; ECF 78-5, ¶ 9. And nearly all of the PI-eligible plaintiffs aver that they are likely or certain to cancel international travel plans if they are unable to update the sex marker on their passports. *See* ECF 78-1, ¶ 17; ECF 78-2, ¶¶ 13-14; ECF 78-3, ¶¶ 14-15; ECF 78-5, ¶¶ 14-15; ECF 78-8, ¶¶ 12, 14; ECF 78-9, ¶¶ 9, 14-15; ECF 78-11, ¶¶ 14-15; ECF 78-12, ¶¶ 11, 14.

Based on this evidence, every PI-eligible plaintiff has established that they are likely to experience irreparable harm. Absent preliminary injunctive relief, these plaintiffs may effectively be forced to out themselves as transgender or non-binary every time they present their passport— whether for international travel or to verify their identity in administrative settings, such as employment paperwork or opening a bank account. *See* ECF 78-1, ¶¶ 7, 16; ECF 78-2, ¶¶ 6, 12; ECF 78-3, ¶¶ 7-8, 12, 14, 16; ECF 78-4, ¶¶ 7-8, 11, 15; ECF 78-5, ¶¶ 8, 14; ECF 78-7, ¶¶ 8-9; ECF 78-8, ¶¶ 9, 14; ECF 78-9, ¶ 15; ECF 78-11, ¶¶ 8, 14; ECF 78-12, ¶¶ 7, 13. The PI-eligible plaintiffs are therefore unable to use their passports without a heightened risk of experiencing anxiety, psychological distress, suicidality, discrimination, harassment, and violence. ECF 78-13, ¶¶ 53, 58, 77; ECF 78-14, ¶¶ 22-38. These are the types of injuries that cannot adequately be measured or compensated by money damages or a later-issued remedy. *See* ECF 74, at 49-50; *Textron*, 836

F.2d at 9 (irreparable harm established where retirees faced risk of "serious emotional harm" after their former employer ceased paying life insurance premiums).

The risk of irreparable harm faced by the PI-eligible plaintiffs is representative of the risk of irreparable harm faced by every member of the PI Class. The PI-eligible plaintiffs are, as discussed, similarly situated to members of the PI Class. *See LaForest*, 376 F.3d at 58. And corroborating the empirical research summarized in the plaintiffs' expert declarations, the PI-eligible plaintiffs have uniformly averred that they cannot use their current passports, which reflect their sex assigned at birth, without experiencing significant anxiety and fearing for their safety. Although only around half of the PI-eligible plaintiffs report having been personally harassed or assaulted when presenting a passport or identity document reflecting their sex assigned at birth, all transgender and non-binary people are at greater risk of experiencing discrimination, harassment, or violence if they are required to use a passport reflecting their sex assigned at birth. The Court accordingly concludes that the risk of irreparable harm faced by the PI-eligible plaintiffs is representative of the risk faced by all PI Class members. *See id.*; *Textron*, 836 F.2d. at 8.

In the government's view, the plaintiffs have nevertheless failed to show that all PI Class members face an imminent risk of irreparable harm because membership in the PI Class is not conditioned on whether an individual has concrete international travel plans. *See* ECF 89, at 4. This argument fails because it confuses a condition that is sufficient to establish irreparable harm with a condition that is necessary to do so. The Court previously concluded that the original plaintiffs were likely to experience irreparable harm, absent interim equitable relief, in part because they would be forced to choose between cancelling their international travel plans or using passports that reflect their sex assigned at birth. *See* ECF 74, at 49-50. But as discussed, PI Class members' risk of experiencing irreparable harm also arises from the interference with their

treatment for gender dysphoria and from their inability to use their passports anywhere without outing themselves. In addition to facilitating international travel, passports function as federal identity documents. The plaintiffs in this case have, for example, used their passports to rent a car, ECF 78-1, ¶ 9; open bank accounts and establish employment eligibility, ECF 78-4, ¶ 13; travel domestically, ECF 78-10, ¶ 13; and identify themselves in administrative settings, ECF 78-6, ¶ 11. PI Class members are likely to experience irreparable harm absent interim equitable relief because they face a heightened risk of interference with treatment for gender dysphoria and of experiencing anxiety, psychological distress, discrimination, harassment, or violence *any* time they use their passports, not simply because they face these risks when using their passports for international travel.

      D.     <u>Balance of the Equities and the Public Interest.</u>

The balance of the equities and the public interest favor granting preliminary injunctive relief to members of the PI Class. The plaintiffs have demonstrated that members of the PI Class are likely to face significant hardships absent preliminary injunctive relief. The government contends that the balance of the equities nevertheless tilts in its favor, primarily because of the administrative burden associated with class-wide relief. While this burden may be more than *de minimis*, it does not outweigh the equities favoring the PI Class.

The government first claims that the State Department lacks the capacity to determine which passport applicants are likely to suffer irreparable harm and, therefore, which applicants are eligible for preliminary injunctive relief. *See* ECF 89, at 5-6; ECF 89-1, ¶ 11. That argument fails because the Court has already concluded that all members of the PI Class share the same risk of irreparable harm as the class representatives. The State Department has neither the duty nor the prerogative to independently make that determination. If an individual is a member of the PI Class,

that individual would be entitled to relief under the preliminary injunction. And because the PI Class is defined by reference to objective criteria—namely, whether someone is a member of the M/F Designation Class or X Designation Class and whether that individual is seeking a passport for one of the four reasons enumerated in the PI Class definition—determining whether an applicant fits the class definition will not be time- or resource-intensive. As the plaintiffs contend, eligibility for relief can be determined through a straightforward form that asks passport applicants to check a box if they meet the criteria for the PI Class. *See* ECF 108, at 5.

Next, the government argues that it would suffer an undue burden if the preliminary injunction were dissolved at a later date, and the State Department were to choose to replace passports that it issued while the injunction was in effect with passports that adhered to the Passport Policy. This argument, which is speculative, does not weigh strongly against extending the preliminary injunction to the PI Class. The government has not produced evidence that the State Department would, in fact, consider reissuing passports issued pursuant to the preliminary injunction if that injunction is later dissolved, much less any evidence that it is likely to do so. *See generally* ECF 89-1. To the contrary, the State Department has stated that all passports issued before the adoption of the Passport Policy that bear an X marker or a sex other than the holder's sex assigned at birth will remain valid until their expiration date. *See Sex Marker in Passports*, U.S. Dep't of State (last visited June 2, 2025), https://perma.cc/N6Y5-EK7D. There is no indication, on this record, that the State Department would adopt a different policy toward any passports issued pursuant to a preliminary injunction that is later dissolved.

The government further contends that the State Department will be burdened by classwide preliminary injunctive relief because it will be required to process passport applications that it may not otherwise have received. This argument has some merit, insofar as every additional passport

application that the State Department receives entails its own cost in terms of the time and resources required to process it. But the narrow definition of the PI Class suggests that any additional burden will not be substantial. As discussed earlier, an individual fits within the PI Class only if they are seeking a new passport for one of four reasons. *See* ECF 80, at 6. Three of these reasons pertain to circumstances where the individual would be required to apply for a new passport irrespective of the availability of injunctive relief. *See id.* (applicant qualifies for the PI Class if they (1) lack a valid passport, (2) have a valid passport that will expire within one year, or (3) need to replace a lost, stolen, or damaged passport). The State Department is unlikely to receive a significant number of passport applications that it would not otherwise have received from PI Class members who fit these circumstances. While the State Department is likely to receive relatively more applications from individuals who are applying for the fourth reason—they have a valid passport but want to update their sex marker or name—it has not offered evidence of the number of additional applications from such individuals it anticipates receiving. *See generally* ECF 89-1 (declaration of Matthew Pierce, the Deputy Assistant Secretary for Passport Services). Nor has it identified any specific ways in which the burden associated with processing additional passport applications is likely to impede the State Department's functioning. That burden, consequently, is too ill-defined and speculative to shift the balance of the equities.

Apart from its arguments concerning administrative burdens, the government asserted for the first time at the hearing that the Executive Branch will suffer a "constitutional harm" if it is required to print communications—that is, sex markers—addressed to foreign sovereigns that are inconsistent with its policies. ECF 105, at 53; *see Haig v. Agee*, 453 U.S. 280, 292 (1981) (a passport is "a letter of introduction in which the issuing sovereign vouches for the bearer and requests other sovereigns to aid the bearer"). Separation of powers considerations exist any time a

federal court enters a preliminary injunction—which is, after all, an "extraordinary" remedy, *Voice of the Arab World,* 645 F.3d at 32—against the Executive Branch. Those considerations may be heightened here, where Congress has granted the Executive Branch "broad rule-making authority" concerning the issuance of passports. *Zemel v. Rusk*, 381 U.S. 1, 12 (1965).

Yet the government has failed to develop its argument beyond asserting that *any* injunction pertaining to the Executive's control over the issuance of passports inflicts, in essence, a *per se* constitutional injury. It has not identified any specific ways in which an injunction requiring the State Department to issue passports bearing sex designations with which it disagrees is likely to injure the Executive Branch's relations with foreign sovereigns. PI Class members, on the other hand, have demonstrated that they are likely to succeed on the merits of their claims that the Passport Policy violates their constitutional right to equal protection of the laws and runs afoul of the safeguards of the APA. The preliminary relief awarded by this Court is narrowly tailored to provide relief only to those Americans whose rights have likely been violated by the Passport Policy and who, absent that relief, are likely to suffer irreparable harm. Even assuming a preliminary injunction inflicts some constitutional harm on the Executive Branch, such harm is the consequence of the State Department's adoption of a Passport Policy that likely violates the constitutional rights of thousands of Americans. The balance of the equities and the public interest thus favor the PI Class. *See Textron*, 836 F.2d at 7 ("The heart of the matter is whether 'the harm caused plaintiff without the injunction, *in light of* the plaintiff's likelihood of eventual success on the merits, outweighs the harm the injunction will cause defendants.'" (quoting *Vargas-Figueroa v. Saldana*, 826 F.2d 160, 162 (1st Cir. 1987))).

## CONCLUSIONS AND ORDERS

For the foregoing reasons, the plaintiffs' motion for class certification, ECF 77, is GRANTED as MODIFIED by this Court. The following classes are CERTIFIED:

1. A class of all people (1) whose gender identity is different from the sex assigned to them under the Passport Policy and/or who have been diagnosed with gender dysphoria, and (2) who have applied, or who, but for the Passport Policy, would apply, for a U.S. passport issued with an "M" or "F" sex designation that is different from the sex assigned to that individual under the Passport Policy ("M/F Designation Class");

2. A class of all people whose gender identity is different from the sex assigned to them under the Passport Policy and who have applied, or who, but for the Passport Policy, would apply, for a U.S. passport with an "X" designation ("X Designation Class").

Excluded from these classes are any judge presiding over this action and the plaintiffs in *Schlacter v. U.S. Department of State*, No. 25-cv-01344 (D. Md. filed Apr. 25, 2025).

Plaintiffs Ashton Orr, Zaya Perysian, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane, Viktor Agatha, David Doe, AC Goldberg, and Chelle LeBlanc are APPOINTED as representatives of the M/F Designation Class. Plaintiffs Sawyer Soe and Ray Gorlin are APPOINTED as representatives of the X Designation Class. Plaintiffs' counsel from the American Civil Liberties Union, the American Civil Liberties Union of Massachusetts, and Covington & Burling LLP are APPOINTED as class counsel.

The plaintiffs' motion to apply the preliminary injunction to the classes, ECF 79, is GRANTED. A separate order will issue memorializing the preliminary injunction entered by the Court.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
Dated: June 17, 2025                           UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ASHTON ORR, ZAYA PERYSIAN, SAWYER SOE, CHASTAIN ANDERSON, DREW HALL, BELLA BOE, REID SOLOMON-LANE, VIKTOR AGATHA, DAVID DOE, AC GOLDBERG, RAY GORLIN, AND CHELLE LEBLANC, on behalf of themselves and others similarly situated, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:25-cv-10313-JEK |
| DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF STATE; MARCO RUBIO, in his official capacity as Secretary of State; and UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>ORDER OF PRELIMINARY INJUNCTION</u>

**KOBICK, J.**

For the reasons set forth in the Memorandum and Order issued today, <u>ECF 115</u>, the plaintiffs' motion to apply the preliminary injunction to a subset of the M/F and X Designation Classes, <u>ECF 79</u>, is GRANTED. Pursuant to <u>Federal Rule of Civil Procedure 65(a)</u>, the Court ORDERS as follows:

1.    The Preliminary Injunction Class ("PI Class") shall include all individuals who are: (1) a member of the M/F Designation Class or the X Designation Class; and (2) either (a) do not have a currently valid passport, (b) need to renew their current passport because it expires within one year, (c) need to make changes to their passport to have the sex designation on it align with

their gender identity or to reflect a name change, or (d) need to apply for another passport because their passport was lost, stolen, or damaged.

2.      Defendants Marco Rubio, in his official capacity as Secretary of State, and the U.S. Department of State (jointly, the "Agency Defendants"), as well as all officers, agents, employees, attorneys, and any other persons acting in concert with or behalf of the Agency Defendants, are ENJOINED from enforcing the Passport Policy, as that term is defined in today's Memorandum and Order, *see* ECF 115, at 1-2, as to members of the PI Class. The Agency Defendants are further ENJOINED to process and issue passports to members of the PI Class consistent with the State Department's policy as of January 19, 2025, and to permit members of the PI Class to self-select a sex designation—"M," "F," or "X"—that is different from the sex assigned to those individuals under the Passport Policy.

3.      If the Agency Defendants conclude that it is necessary to request additional information to determine whether a passport applicant is a member of the PI Class, they may instruct applicants to attest, by checking a box, to the following statement when they submit their passport application: "If I am selecting a sex marker that is different than the sex on my original birth certificate, or if I am selecting an 'X' sex marker, I confirm that a least one of the following is true: (1) my gender identity is different from the sex assigned to me at birth, or (2) I have been diagnosed with gender dysphoria. I further confirm that I am applying for a passport because one of the following is true: (1) I do not have a currently-valid passport, (2) I need to renew my current passport because it expires within one year, (3) I need to make changes to my passport to have the sex designation on it align with my gender identity or to reflect a name change, or (4) I need to apply for another passport because my passport was lost, stolen or damaged."

4.     No security under <u>Federal Rule of Civil Procedure 65(c)</u> is necessary or warranted in the circumstances of this case, as the class members seek to vindicate important constitutional and statutory rights, and the defendants have not requested any security.

5.     This preliminary injunction shall take effect immediately upon the docketing of this Order and shall remain in effect until the entry of judgment in this matter, unless this Court, the United States Court of Appeals for the First Circuit, or the United States Supreme Court orders otherwise.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
Dated: June 17, 2025                          UNITED STATES DISTRICT JUDGE

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**United States District Court**

**District of Massachusetts**

**Notice of Electronic Filing**

The following transaction was entered on 7/11/2025 at 4:50 PM EDT and filed on 7/11/2025

| | |
|---|---|
| **Case Name:** | Orr et al v. Trump et al |
| **Case Number:** | 1:25-cv-10313-JEK |
| **Filer:** | |
| **Document Number:** | 130(No document attached) |

**Docket Text:**
**District Judge Julia E. Kobick: ELECTRONIC ORDER entered.**

**The defendants' Motion to Dissolve the June 17, 2025 Preliminary Injunction and for a Stay of that Injunction Pending Resolution of the Motion to Dissolve, ECF [127], is DENIED.**

**This case involves changes that the State Department made to its policy concerning passport sex markers (the "Passport Policy") in accordance with Executive Order 14168 (Jan. 20, 2025). On April 18, 2025, the Court granted in part the plaintiffs' motion for a preliminary injunction and enjoined the enforcement of the Passport Policy as to six of the original plaintiffs. ECF [74], [75]. The Court concluded, among other things, that the plaintiffs are likely to succeed on the merits of their claims challenging the Executive Order and Passport Policy for four independent reasons. Specifically, the Court concluded that the Executive Order and Passport Policy likely violate the equal protection principles safeguarded by the Fifth Amendment because they (1) discriminate on the basis of sex and do not survive intermediate judicial scrutiny because they are not substantially related to an important governmental interest, and (2) are based on irrational prejudice toward transgender Americans. *See id.* at 16-32. The Court further concluded that the plaintiffs are likely to succeed on their claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), because the Passport Policy (3) is arbitrary and capricious and (4) was adopted without observance of procedure required by the Paperwork Reduction Act ("PRA"), 44 U.S.C. §§ 3501 *et seq. See* ECF [74], at 33-46. The government defendants appealed the Court's decision on June 13, 2025, *see* ECF [111], and the appeal is now pending in the First Circuit.**

On June 17, 2025, the Court granted as modified the plaintiffs' motions to certify two classes and to extend the preliminary injunction to a subset of those classes (the "PI Class"). ECF [115], [116]. The parties agreed that their arguments regarding the original plaintiffs' likelihood of success on the merits applied with equal force to members of the PI Class. *See* ECF [80], at 7-9; ECF [89], at 1-2. The Court accordingly concluded that PI Class members were likely to succeed on their equal protection and APA claims for the same reasons as the original plaintiffs. ECF [115], at 21-22.

On July 9, 2025, the government filed a motion to dissolve the June 17, 2025 preliminary injunction, arguing that the Supreme Court's recent decision in *United States v. Skrmetti*, 145 S. Ct. 1816 (2025), "is a significant change in law that warrants dissolution of the preliminary injunction." ECF [127], at 5. In the government's view, "Skrmetti undermines this Court's conclusion that the Passport Policy discriminates on the basis of sex and is therefore subject to heightened scrutiny." *Id.* The government also contends that the plaintiffs are unlikely to succeed on their claim that the Passport Policy was adopted without observance of procedure required by the PRA because the Office of Management and Budget ("OMB") recently approved the operative passport application forms in conformance with the PRA. *See id.* at 11-12; ECF 127-1, ¶ 4.

A motion to dissolve a preliminary injunction "depend[s] on the same considerations that guide a judge in deciding whether to grant or deny a preliminary injunction in the first place." *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1225 (1st Cir. 1994). "The familiar quartet includes likelihood of success, the threat of irreparable injury to the party seeking interim relief, the equities and the public interest." *Id.* The final two factors merge where the government is the party opposing the injunction. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The moving party "bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Alto v. Black*, 738 F.3d 1111, 1220 (9th Cir. 2013) (quotation marks and citation omitted); *see Concilio de Salud Integral de Loiza, Inc. v. Prez-Perdomo*, 551 F.3d 10, 16 (1st Cir. 2008).

The government has not carried that burden here. This Court previously concluded that members of the PI Class were likely to succeed on the merits of four claims, only two of which the government now challenges based on subsequent changes in law and fact. Whether or not *Skrmetti* alters the Court's conclusion that the Executive Order and Passport Policy must be reviewed under intermediate scrutiny—an issue on which the Court expresses no opinion— the government has not argued that *Skrmetti* or any other change in law disturbs the Court's independent conclusion that PI Class members are likely to succeed on their claim that the Executive Order and Passport Policy are based on unconstitutional animus toward transgender Americans. *See* ECF [127], at 5-10. And although the government contends that it has cured its failure to comply with the procedures required by the PRA, it has not identified any change in law or fact that alters the Court's conclusion that PI Class members are likely to succeed on their independent claim that the Passport Policy is arbitrary and capricious, in violation of the APA. *See id.* at 11-12. Thus, even if the Court were to agree with the government as to the two challenged claims, its prior conclusions as to the likelihood of success on the other two claims—namely, the animus-based equal protection claim and the arbitrary-and-capricious claim under the APA—would remain unchanged.

The government has likewise failed to demonstrate that the balance of the equities now tilts in its favor. Members of the PI Class remain likely to experience a constitutional harm absent preliminary injunctive relief. *Cf. id.* at 2 ("[B]ecause the Court's assessment of the equities was heavily influenced by its belief that thousands of Americans would likely suffer a constitutional wrong absent an injunction, the Court should now conclude that the balance of harms favors the government."). And the Court already factored into its previous balance-of-the-equities analysis the equities that the government argues now weigh in its favor. *Compare* ECF [127], at 11-15 (citing the Executive's "core foreign affairs prerogatives," the "significant resource costs expended in developing and implementing a process for the PI Class," and the "additional administrative costs" the State Department might incur if the preliminary injunction is later vacated), *with* ECF [115], at 28-31 (addressing each argument and concluding that the balance of the equities nevertheless favors members of the PI Class).

The government's motion to dissolve the June 17, 2025 preliminary injunction, ECF [127], is accordingly denied. For the same reasons, the Court would deny any motion to stay that injunction pending an appeal. *See* Fed. R. App. P. 8(a)(1)(C); *Acevedo-Garca v. Vera-Monroig*, 296 F.3d 13, 16 (1st Cir. 2002) ("Stays of injunctive orders . . . are evaluated under the traditional four-part standard applied to injunctions."); ECF [127], at 15 ("Defendants also respectfully request the Court to indicate whether it is inclined to grant a stay of the June 17, 2025 injunction pending appeal based on the present record."). The Court would likewise deny, for the reasons stated in this order, any motion to dissolve the April 18, 2025 preliminary injunction. *See* Fed. R. Civ. P. 62.1; ECF [127], at 15 (government asking Court to indicate whether "it would dissolve the April 18, 2025 preliminary injunction currently on appeal to the First Circuit"). (Currie, Haley)


**1:25-cv-10313-JEK Notice has been electronically mailed to:**

Rayford A. Farquhar    rayford.farquhar@usdoj.gov, caseview.ecf@usdoj.gov, elona.toro@usdoj.gov, laura.graham@usdoj.gov, usama.ecf@usdoj.gov

Jessie J. Rossman    jrossman@aclum.org, ipreissle@aclum.org, waltshuler@aclum.org

Isaac D Chaput    ichaput@cov.com, docketing@cov.com

Zoe Kreitenberg    zkreitenberg@aclum.org

Jon Warren Davidson    jondavidson@aclu.org, ccaicedo@aclu.org, sgarcia@aclu.org

Gavin Wayne Jackson    gjackson@cov.com

Li Nowlin-Sohl    lnowlin-sohl@aclu.org, ccaicedo@aclu.org

Ansel Carpenter    acarpenter@cov.com

Sean Bender    sbender@cov.com

William Kasper    wkasper@cov.com

Sruti J. Swaminathan    sswaminathan@aclu.org

Malita Picasso    mpicasso@aclu.org

Aditi Fruitwala    afruitwala@aclu.org

Alyssa Curcio    acurcio@cov.com

Jonathan Travis Thompson    jothompson@cov.com

Elizabeth Brooke Layendecker    elizabeth.b.layendecker@usdoj.gov

James D. Esseks    jesseks@aclu.org

Yuval Mor    ymor@cov.com

Robert Gianchetti    rgianchetti@cov.com

Michael Velchik    michael.velchik@usdoj.gov

M. Jared Littman    jared.littman2@usdoj.gov

**1:25-cv-10313-JEK Notice will not be electronically mailed to:**

Joshua Harrell(Terminated)
935 Kearny St
#65
San Francisco, CA 94133

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ASHTON ORR et al.,

    *Plaintiffs*,

v.

DONALD J. TRUMP, *in his official capacity as President of the United States*, et al.,

    *Defendants*.

Civil Action No. 1:25-cv-10313

## NOTICE OF APPEAL

Defendants hereby appeal to the United States Court of Appeals for the First Circuit from this Court's June 17, 2025 Order of Preliminary Injunction and and Memorandum Opinion (ECF Nos. 115, 116), and the Court's Order denying Defendants' Motion to Dissolve the June 17, 2025 Preliminary Injunction (ECF No. 130).

Dated: July 11, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ *Elizabeth B. Layendecker*
ELIZABETH B. LAYENDECKER
M. JARED LITTMAN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 616-5046
Elizabeth.B.Layendecker@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Plaintiffs' counsel by the Electronic Case Filing system on July 11, 2025.


*Elizabeth B. Layendecker*
ELIZABETH B. LAYENDECKER