# United States Court of Appeals
## For the First Circuit

---

No. 25-1579

VIKTOR AGATHA; CHASTAIN ANDERSON; BELLA BOE; DAVID DOE; AC GOLDBERG; RAY GORLIN; DREW HALL; CHELLE LEBLANC; ASHTON ORR; ZAYA PERYSIAN; SAWYER SOE; and REID SOLOMON-LANE, on behalf of themselves and others similarly situated;

Plaintiffs, Appellees,

v.

DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF STATE; MARCO RUBIO, in his official capacity as Secretary of State; and the UNITED STATES OF AMERICA;

Defendants, Appellants.

---

Before

Montecalvo, Rikelman, and Aframe,
Circuit Judges.

---

**ORDER OF COURT**

Entered: September 4, 2025

      The government has moved for a stay pending its appeal of several orders entered by the district court that preliminarily enjoined the U.S. Department of State ("Department") and its Secretary from enforcing a policy ("Passport Policy"), promulgated by the Department in connection with an executive order ("Executive Order") issued by President Donald J. Trump, that would require U.S. passports to state the biological sex of their bearer at birth. See Mot. for Stay Pending Appeal, Orr v. Trump, No. 25-1579 (1st Cir. July 18, 2025).  Under the Department's prior policy, passport applicants could select a sex marker of "M," "F," or "X," which was not required to correspond with the applicant's biological sex.  In addition to the government's motion, we have received and considered a response from the plaintiffs, who are transgender or non-binary Americans representing two certified classes, and a reply from the government.

      As the party seeking a stay pending appeal, the government bears the burden of justifying the extraordinary relief it requests.  See Nken v. Holder, 556 U.S. 418, 433-34 (2009).

We consider four factors: (1) whether the government has made "a strong showing that [it] is likely to succeed on the merits"; (2) whether the government has shown that it "will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." Does 1-3 v. Mills, 39 F.4th 20, 24 (1st Cir. 2022) (quoting Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of Bos., 996 F.3d 37, 44 (1st Cir. 2021)). The first two factors "are the most critical." Nken, 556 U.S. at 434.

We begin with the likelihood of success on the merits. The district court concluded that the plaintiffs were likely to succeed on their claim that the Department's implementation of its Passport Policy was arbitrary and capricious, in violation of the Administrative Procedure Act ("APA"). See Mem. & Order on Pls.' Mot. to Stay Agency Action and for Prelim. Inj., Orr v. Trump, No. 25-cv-10313 (D. Mass. Apr. 18, 2025), ECF No. 74 at 33-43; 7 U.S.C. § 706(2)(A). In its stay papers, the government, relying on Franklin v. Massachusetts, 505 U.S. 788 (1992), and Bradford v. Department of Labor, 101 F.4th 707 (10th Cir. 2024), cert. denied, 145 S. Ct. 1047 (2025), contends that the Passport Policy is not subject to review under the APA because it was "compelled by" the President's Executive Order. But agency action that carries out a presidential directive is ordinarily subject to APA review. See New York v. Trump, 133 F.4th 51, 70 n.17 (1st Cir. 2025); Nebraska v. Su, 121 F.4th 1, 15 (9th Cir. 2024) ("The Supreme Court has never excepted a final rule from APA review because it carried out a presidential directive."); Chamber of Com. of U.S. v. Reich, 74 F.3d 1322, 1327 (D.C. Cir. 1996). And, unlike in Bradford, the Executive Order at issue here, which instructed the Secretary to "implement changes to require . . . passports" to "accurately reflect the holder's sex," Exec. Order No. 14,168, 90 Fed. Reg. 8615, 8616 (Jan. 20, 2025), did not leave the agency with "no discretion," Bradford, 101 F.4th at 731. Rather, the district court concluded -- and the government does not presently dispute -- that the Department made several "independent determinations in formulating" the Passport Policy. See Mem. & Order on Pls.' Mot. to Stay Agency Action and for Prelim. Inj., Orr v. Trump, No. 25-cv-10313 (D. Mass. Apr. 18, 2025), ECF No. 74 at 35-36.

The government argues that agency action implementing a presidential directive is nevertheless unreviewable when a statute commits the action to the President's sole discretion. And it asserts that title 22, section 211a, which concerns the contents of passports, is one such statute. Even assuming for present purposes that section 211a is such a statute, the government has not substantially developed the point or provided any decision from the U.S. Supreme Court or any federal court of appeals in which Franklin's prohibition of APA review of presidential action was extended to prohibit review of action taken by an agency, otherwise indisputably covered by the APA, see 5 U.S.C. § 701(b)(1), because the action was directed by the President in his sole discretion. Thus, whatever the ultimate merits of the argument, which appears to be a matter of first impression in the federal courts of appeals, we cannot conclude on the present submissions that the government has made a strong showing that the Passport Policy is unreviewable under the APA. And the government's cursory assertion in two sentences that the Passport Policy, if reviewable, passes muster under the APA, is insufficient to meet its burden to demonstrate a strong likelihood of success on the merits of this appeal. See Mot. for Stay Pending Appeal at 19, Orr v. Trump, No. 25-1579 (1st Cir. July 18, 2025).

Given our view that the government has not made a strong showing that it is likely to succeed on the merits of its appeal of the APA claim and given that the district court based its

preliminary injunction on the plaintiffs' APA claim and, independently, on their animus-based Equal Protection Clause claim, we need go no further in considering the likelihood of success on the merits. That is especially so given that the government has not claimed in its stay papers that the APA claim could not fully support the preliminary relief that the district court granted.

We do note, however, that in regard to the Equal Protection Clause claim premised on "unconstitutional animus toward transgender Americans," the government in its motion fails to engage meaningfully with the district court's analysis. Rather, the government devotes only two sentences to challenging the district court's assessment of the plaintiffs' animus-based Equal Protection Clause claim. See Mot. for Stay Pending Appeal at 17, Orr v. Trump, No. 25-1579 (1st Cir. July 18, 2025) ("Moreover, because these are valid reasons for the Passport Policy's prohibition on self-identification, that policy is not inexplicable by anything but animus. The district court plainly erred in concluding otherwise." (citation modified)). And before the district court, the government left undeveloped its contentions that the express "purposes" section of the Executive Order justifies the Passport Policy and that the government has an interest in using an "objective" criterion for determining sex. See, e.g., New Jersey v. Trump, 131 F.4th 27, 41-42 (1st Cir. 2025) (finding waiver under analogous circumstances). Further, in its written decision, the district court identified four overarching considerations underlying its conclusion that the plaintiffs are likely to succeed on their animus claim. Mem. & Order on Plfs.' Mot. to Stay Agency Action and for Prelim. Inj., Orr v. Trump, No. 25-cv-10313 (D. Mass. Apr. 18, 2025), ECF No. 74 at 27-30. The government does not grapple in its motion to stay with the four prongs of the district court's reasoning as to the animus claim, and instead offers only the two sentences we describe above in disputing the district court's ruling on this claim. As a result, the government has failed to meet its burden to secure a stay.[1] See, e.g., New Jersey, 131 F.4th at 41 (denying the requested stay and observing that the government "d[id] not address the significant additional burdens that the [d]istrict [c]ourt identified in finding that the [p]laintiff-[s]tates would suffer irreparable harm in the absence of preliminary injunctive relief").

The remaining factors for the requested relief also do not favor the government's stay request. In its motion papers, the government mostly describes certain long-term institutional interests of the executive branch that may be harmed if the challenged policy is enjoined. In contrast, based on the named plaintiffs' affidavits and the expert declarations submitted by the plaintiffs, the district court made factual findings that the plaintiffs will suffer a variety of immediate and irreparable harms from the present enforcement of the challenged policy, including "a greater risk of experiencing harassment and violence" while traveling abroad. Mem. & Order on Pls.' Mot. to Stay Agency Action and for Prelim. Inj., Orr v. Trump, No. 25-cv-10313 (D. Mass. Apr. 18, 2025), ECF No. 74 at 50. Relatedly, in granting class-wide injunctive relief, the district court pointed to immediate and irreparable harms on a class-wide basis, explaining that the

---

[1] The government's motion to stay focuses on a different claim by the plaintiffs, a sex discrimination claim, and the impact on that claim of the decision in United States v. Skrmetti, 145 S. Ct. 1816 (2025). But the district court carefully explained in its order denying the government's previous motion to dissolve the preliminary injunction that its rulings as to the likelihood of success on the APA claim and the animus-based Equal Protection Clause claim stand as independent bases for its grant of injunctive relief. See Order, Orr v. Trump, No. 25-cv-10313 (D. Mass. July 11, 2025), ECF No. 130.

plaintiffs had offered "uncontroverted evidence of the harms that transgender and non-binary people face" if required to use such passports. Mem. & Order on Pls.' Mot. for Class Certification and Mot. to Apply the Prelim. Inj. to the Classes, Orr v. Trump, No. 25-cv-10313 (D. Mass. June 17, 2025), ECF No. 115 at 24. In light of the district court's factual findings on irreparable harm, and the government's failure to contest the plaintiffs' evidence before the district court, the government "has not sufficiently demonstrated that the balance of harms and equities" favors upending the status quo and subjecting the plaintiffs to the immediate harms identified by the district court. See NetChoice, LLC v. Fitch, No. 25A97, 2025 WL 2350189, at *1 (U.S. Aug. 14, 2025) (Kavanaugh, J., concurring).

For all these reasons, the motion for a stay pending appeal is DENIED.

So ordered.

By the Court:

Anastasia Dubrovsky, Clerk

cc: Hon. Julia Eleanor Kobick, Robert Farrell, Clerk, United States District Court for the District of Massachusetts, James D. Esseks, Jon Warren Davidson, Jessie J. Rossman, Jennifer Herrmann, Aditi Fruitwala, Zoe Kreitenberg, Isaac D. Chaput, Li Nowlin-Sohl, Robert Gianchetti, Sruti J. Swaminathan, Lewis Yelin, Donald Campbell Lockhart, Rayford A. Farquhar, Charles W. Scarborough, Abraham R. George, M. Jared Littman, Joshua Harrell