No. 25-1579

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

Ashton Orr, *et al.*,
*Plaintiffs-Appellees*

v.

Donald J. Trump, *et al.*,
*Defendants-Appellants.*

Appeal from the U.S. District Court for the District of Massachusetts

## PLAINTIFFS-APPELLEES' RESPONSE TO MOTION FOR A STAY OF BRIEFING SCHEDULE

JON W. DAVIDSON
LI NOWLIN-SOHL
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
212-549-2500
jondavidson@aclu.org
lnowlin-sohl@aclu.org

JESSIE J. ROSSMAN
American Civil Liberties Union Foundation of Massachusetts, Inc.
One Center Plaza, Suite 850
Boston, MA 02108
617-482-3170
jrossman@aclum.org

ISAAC D. CHAPUT
Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
415-591-6000
ichaput@cov.com

ROBERT C. GIANCHETTI
Covington & Burling LLP
30 Hudson Yards
New York, NY 10001
212-841-1000
rgianchetti@cov.com

A stay in the briefing schedule (of the government's own appeal) would prejudice Plaintiffs-Appellees and the Classes, especially in light of the government's pending requests to stay the injunction in the Supreme Court and stay summary judgment briefing in the district court. If the government's stay requests across each of these proceedings were granted, Plaintiffs and the Classes would be subject to the challenged Passport Policy and at the same time be precluded from pursuing permanent relief against that policy, which inflicts "immediate and irreparable harms" on class members. Order of Court at 3, *Orr v. Trump*, No. 25-1579 (1st Cir. Sept. 4, 2025) ("First Circuit Order").

"[S]tays cannot be cavalierly dispensed," and the government must demonstrate sufficient justification and that the "competing equities" are outweighed by those justifications. *Marquis v. FDIC*, 965 F.2d 1148, 1155 (1st Cir. 1992). Here, the government fails on both scores.

*First*, the government's motion fails to show a sufficient justification. The only rationale it asserts is the lapse in appropriations, but that is no barrier to continuing briefing on the government's appeal. While the motion incorrectly claims that Department of Justice attorneys "are prohibited from working, even on a voluntary basis, except in very

1

limited circumstances" involving threats to human life or property, Stay App. ¶ 2, the Department's own rules say otherwise. The Department of Justice's contingency plan, approved by the Office of Management and Budget, governs the Department's operations during a lapse in appropriations. *See U.S. Department of Justice FY 2026 Contingency Plan* (Sept. 29. 2025), https://www.justice.gov/jmd/media/1377216/dl. This plan provides that "[i]f a court denies [a stay] and orders a case to continue, the Government will comply with the court's order, *which would constitute express legal authorization for the activity to continue.*" *Id.* at 3 (emphasis added).

Other circuits have recently denied similar requests for appropriations lapse-related stays. *See Nat'l TPS All. v. Noem*, No. 25-4901, ECF 28-1 (9th Cir. Oct. 3, 2025); *Associated Builders and Contractors v. GSA*, No. 25-11375, ECF 41 (11th Cir. Oct. 6, 2025); *Am. Fed'n of Tchrs. v. Bessent*, No. 25-1282, ECF 62 (4th Cir. Oct. 9, 2025). So have other courts in the First Circuit and across the country, explaining that the Department of Justice's guidance authorizes government attorneys to continue working after a stay denial. *See, e.g.*, *Doe v. Noem*, 2025 WL 2898122, at *2 (D. Mass. Oct. 9, 2025) ("[P]er

Department of Justice policy, []attorneys may continue to work on this matter following the denial of this Motion."); *United States v. Maine*, 2025 WL 2879784, at *2 (D. Me. Oct. 9, 2025) (relying "on the Department's own guidance that its attorneys may continue working on a case if so ordered by a court"); *Lehman v. U.S. Dep't of Lab.*, 2025 WL 2808472, at *2 (E.D. Mi. Oct. 2, 2025) ("The Secretary[] [of Labor's] guidance on shutdown activities indicates that staff are available and on duty to continue legal cases and investigations as ordered by the Court." (cleaned up)).

*Second*, and independently dispositive, a stay would prejudice Plaintiffs and the Classes, so the balance of equities tilts against the government. A stay prejudices Plaintiffs by needlessly protracting litigation. As the district court found, and this Court echoed, Plaintiffs face irreparable harm from the challenged government policy. Order on Class Certification at 22–28, *Orr v. Trump*, No. 25-cv-10313, ECF 115 (D. Mass. June 17, 2025); First Circuit Order at 3. While the preliminary injunction protects Plaintiffs from immediate irreparable harm, the government has requested that the Supreme Court stay that injunction. If the Supreme Court does so, the Classes will face irreparable harm from

3

the reinstated Passport Policy. Allowing briefing to continue here would result in a reasoned determination from this Court regarding the merits of the preliminary injunction, progressing this litigation.

The prejudice is especially acute because of the government's pending request to stay summary judgment briefing in the district court. There, the government waited until after Plaintiffs filed their opening brief on summary judgment—three weeks after the appropriations lapse began and nearly a week after it filed this motion. *See* Motion to Stay Briefing Schedule, *Orr v. Trump*, No. 25-cv-10313, ECF 148 (D. Mass. Oct. 22, 2025). In other words, in this Court, the government sought an indefinite extension *before* filing its own opening brief, but in the district court it waited until *after* Plaintiffs' opening summary judgment brief was filed to seek a similar stay. The government offered no reason for this unreasonable delay. The Court should not bless this inequitable conduct. *See Marquis*, 965 F.2d at 1155 (stays require balancing the equities).

The government has argued to the district court that it waited to file in that court because "the prohibitions of the Anti-Deficiency Act are not triggered until some action . . . would require Government attorneys

and personnel to work," which the government stated did not occur until Plaintiffs filed that brief. Defendants' Reply in Further Support of Motion for a Stay of Briefing Schedule in Light of Lapse of Appropriations at 2, *Orr v. Trump*, No. 25-cv-10313, ECF 152 (D. Mass. Oct. 27, 2025). That is incorrect: if the government wanted to seek a stay, it could and should have filed its stay motion earlier. The parties negotiated, and the district court ordered, a briefing schedule in September, so the government knew when Plaintiffs would be filing their summary judgment motion. *See* Joint Status Report, *Orr v. Trump*, No. 25-cv-10313, ECF 141 (D. Mass. Sept. 11, 2025); Electronic Order, *Orr v. Trump*, No. 25-cv-10313, ECF 142 (D. Mass. Sept. 15, 2025). By waiting until after Plaintiffs' brief was filed, the government ensured that Plaintiffs would not receive any additional time to file their brief while (if the district court granted the government's stay motion) the government would.

The government's stay requests at every level of the judiciary create a risk that the preliminary injunction will be stayed and that Plaintiffs will be unable to either pursue reinstatement of preliminary relief through a decision on the merits of the injunctive order or seek

5

permanent relief via summary judgment on Plaintiffs' non-constitutional Administrative Procedure Act claims and vacatur. Denying the government's motion here, by contrast, would enable this Court to more quickly resolve the merits of the preliminary-injunction appeal, providing important guidance on the availability and scope of relief.

For the foregoing reasons, Plaintiffs respectfully request that this Court deny the government's motion to stay.

October 27, 2025                                  Respectfully submitted,

/s/ *Isaac D. Chaput*
ISAAC D. CHAPUT
Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
415-591-6000
ichaput@cov.com

JON W. DAVIDSON
LI NOWLIN-SOHL
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
212-549-2500
jondavidson@aclu.org
lnowlin-sohl@aclu.org

JESSIE J. ROSSMAN
American Civil Liberties Union
Foundation of Massachusetts,
Inc.
One Center Plaza, Suite 850
Boston, MA 02108
617-482-3170
jrossman@aclum.org

ROBERT C. GIANCHETTI
Covington & Burling LLP
30 Hudson Yards
New York, NY 10001
212-841-1000
rgianchetti@cov.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing response complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the response contains 1,066 words. The response complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared using proportionally spaced 14-point Century Schoolbook typeface.

<div style="text-align:right">

*/s/ Isaac D. Chaput*
Isaac D. Chaput

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2025, a true copy of the foregoing will be electronically filed with the Clerk of Court for the United States Court of Appeals for the First Circuit using the CM/ECF system, which will then send a notification of such filing to counsel of record.

<div style="text-align: right">

*/s/ Isaac D. Chaput*
Isaac D. Chaput

</div>