No. 25-1579

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

_____

ASHTON ORR, ZAYA PERYSIAN, SAWYER SOE, CHASTAIN ANDERSON, DREW HALL, BELLA BOE, REID SOLOMON-LANE, VIKTOR AGATHA, DAVID DOE, AC GOLDBERG, RAY GORLIN, CHELLE LEBLANC, on behalf of themselves and others similarly situated,

Plaintiffs-Appellees,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, U.S. DEPARTMENT OF STATE, MARCO RUBIO, in his official capacity as Secretary of State, UNITED STATES,

Defendants-Appellants.

_____

On Appeal from the United States District Court
For the District of Massachusetts

_____

## REPLY IN SUPPORT OF MOTION FOR A STAY OF BRIEFING IN LIGHT OF LAPSE OF APPROPRIATIONS

_____

<div style="margin-left: 3em;">

BRETT A. SHUMATE
  *Assistant Attorney General*

LEAH B. FOLEY
  *United States Attorney*

ERIC D. McARTHUR
  *Deputy Assistant Attorney General*

CHARLES W. SCARBOROUGH

LEWIS S. YELIN
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave. NW, Rm. 7239*
  *Washington, D.C. 20530*
  *(202) 514-3425*
  *lewis.yelin@usdoj.gov*

</div>

The government files this reply in support of its motion for a stay of the briefing schedule in the above-captioned case in light of the lapse of appropriations. Because plaintiffs' opposition lacks merit and the law prohibits government attorneys from working on this matter in the absence of appropriations, the Court should stay the briefing schedule.

1. As explained in the government's stay motion, in the absence of appropriations, the Anti-Deficiency Act prohibits Department of Justice and State Department attorneys from working, even on a volunteer basis, "except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. The Anti-Deficiency Act specifically states that "the term 'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id.* Plaintiffs do not argue that this case falls within the emergency exception. *See generally* Pls. Opp'n. That is reason enough to grant the stay of briefing.

2. Plaintiffs principally urge the Court to order the government to litigate this case as if the Anti-Deficiency Act did not exist. Pls.

Opp'n 1-2. They observe that the Department of Justice's contingency plan states that "[i]f a court denies [a stay] and orders a case to continue, the Government will comply with the court's order, *which would constitute express legal authorization for the activity to continue.*" Pls. Opp'n 3 (emphasis added by plaintiffs) (quoting U.S. Department of Justice FY 2026 Contingency Plan (Sept. 29. 2025), https://www.justice.gov/jmd/media/1377216/dl). The government will certainly comply with any briefing order the Court enters. But plaintiffs are inviting the Court to enter an order *despite* a directly applicable law prohibiting government attorneys from working on this matter in the absence of appropriations. Plaintiffs have made no attempt to demonstrate that this appeal comes within a statutory exception, nor do they identify any other legal basis for the entry of the order they propose.

    3. Plaintiffs also contend that a stay of briefing would prejudice them and the certified classes by "protracting" the litigation. Pls. Opp'n 3. But the district court's preliminary injunction "protects Plaintiffs from immediate irreparable harm," as plaintiffs themselves acknowledge. *Id.* Plaintiffs note that the government has sought a stay of the preliminary injunction from the Supreme Court, and they

say that if that Court stays the injunction, plaintiffs will then "face irreparable harm." *Id.* But if the Supreme Court grants a stay, it will have determined that the government is likely to succeed on the merits, that the government will face irreparable harm in the absence of a stay, and that the balance of the equities tilt in the government's favor. *See Nken v. Holder*, 556 U.S. 418, 426 (2009). In that event, any injury plaintiffs and the class might have by a stay of the briefing order would not be sufficient to overcome the Anti-Deficiency Act's prohibition on work by government employees in the absence of appropriations or an applicable exception.

\* \* \* \*

For the foregoing reasons, the Court should grant the government's motion to stay briefing in this appeal.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

LEAH B. FOLEY
  *United States Attorney*

ERIC D. McARTHUR
  *Deputy Assistant Attorney General*

CHARLES W. SCARBOROUGH

s/Lewis S. Yelin
LEWIS S. YELIN
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave. NW, Rm. 7239*
  *Washington, D.C. 20530*
  *(202) 514-3425*
  *lewis.yelin@usdoj.gov*

October 28, 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 529 words. The motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) because it has been prepared using proportionally spaced 14-point Georgia typeface.

> *s/Lewis S. Yelin*
> LEWIS S. YELIN
>   *Counsel for the federal*
>   *defendants-appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

> *s/Lewis S. Yelin*
> LEWIS S. YELIN
>   *Counsel for the federal*
>   *defendants-appellants*