# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

---

ASHTON ORR; ZAYA PERYSIAN; SAWYER SOE; CHASTAIN ANDERSON;
DREW HALL; BELLA BOE; REID SOLOMON-LANE; VIKTOR AGATHA;
DAVID DOE; AC GOLDBERG; RAY GORLIN; CHELLE LEBLANC, on behalf of
themselves and others similarly situated,

Plaintiffs-Appellees,

v.

DONALD J. TRUMP, in the official capacity as President of the United States; U.S.
DEPARTMENT OF STATE; MARCO RUBIO, in the official capacity as Secretary of
State; UNITED STATES OF AMERICA,

Defendants-Appellants.

---

On Appeal from the United States District Court
For the District of Massachusetts

---

## JOINT APPENDIX, VOL. IV (pages 933-977)

---

BRETT A. SHUMATE
  *Assistant Attorney General*

LEAH B. FOLEY
  *United States Attorney*

ERIC D. McARTHUR
  *Deputy Assistant Attorney General*

CHARLES W. SCARBOROUGH
LEWIS S. YELIN
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave. NW, Rm. 7239*
  *Washington, D.C. 20530*
  *(202) 514-3425*
  *lewis.yelin@usdoj.gov*

# TABLE OF CONTENTS

**Page**

ECF 118-1, Declaration Of Isaac D. Chaput In Support Of Plaintiffs' Motion To Enforce Or Modify Preliminary Injunction ............................................................... 933

ECF 118-2, Email correspondence ............................................................... 935

ECF 118-3, Declaration of Rhian Thelma Boarmyn ..................................................... 945

ECF 118-4, Declaration of Theodore Standord Davenport ....................................... 949

ECF 118-5, Declaration of Archer Chistian Lombardi ................................................. 953

ECF 118-6, Declaration of Andrew Sass-Cao ............................................................. 958

ECF 118-7, Declaration of Chris Schindler ................................................................. 962

ECF 127-1, Declaration of Adriana M. Agnew ............................................................ 968

ECF 130, Minute Order .................................................................................... 972

Order of Court (1st Cir. Sept. 4, 2025) ........................................................ 974

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

ASHTON ORR, *et al.*,

                          *Plaintiffs*,

            v.

DONALD J. TRUMP, *et al.*,

                          *Defendants*.

Case No. 1:25-cv-10313-JEK

**DECLARATION OF ISAAC D. CHAPUT IN SUPPORT OF PLAINTIFFS'**
**MOTION TO ENFORCE OR MODIFY PRELIMINARY INJUNCTION**

I, Isaac D. Chaput, hereby declare as follows:

1.       I am a partner with the law firm of Covington & Burling LLP, counsel for Plaintiffs Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane, Viktor Agatha, David Doe, AC Goldberg, Ray Gorlin, and Chelle LeBlanc.  On June 17, 2025, along with the other counsel for those Plaintiffs, I was appointed as class counsel for the two classes certified by the court.  ECF 115 at 32.  I am admitted *pro hac vice* in the above-captioned matter.  The matters set forth herein are true and correct of my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.       On April 18, 2025, the Court issued a Preliminary Injunction enjoining Defendants from enforcing the Passport Policy against plaintiffs Orr, Perysian, Soe, Anderson, Hall, and Boe and ordering Defendants to issue these plaintiffs passports consistent with the State Department's policy as of January 19, 2025.  ECF 75.  Plaintiffs were able to work constructively with Defendants to implement this Preliminary Injunction, and the six named plaintiffs covered by that

1

injunction have been issued new passports bearing the sex marker that was requested in the passport application.

3.      On June 17, 2025, the Court issued an order certifying two classes and applying its April 2025 Preliminary Injunction to certain members of those classes. ECF 115, 116. Soon after those orders were docketed, members of these newly certified classes began contacting class counsel to understand how they could obtain passports containing their self-selected sex marker.

4.      Attached hereto as **Exhibit A** is a true and correct copy, as of June 25, 2025, of email correspondence between class counsel and Elizabeth Layendecker, counsel for Defendants, relating to the Court's June 17, 2025 orders.

5.      Attached hereto as **Exhibit B** is a declaration of class member Rhian Thelma Boarmyn. I am informed and believe this declaration was prepared and signed on June 24, 2025.

6.      Attached hereto as **Exhibit C** is a declaration of class member Theodore Stanford Davenport. I am informed and believe this declaration was prepared and signed on June 24, 2025.

7.      Attached hereto as **Exhibit D** is a declaration of class member Archer Christian Lombardi. I am informed and believe this declaration was prepared and signed on June 24, 2025.

8.      Attached hereto as **Exhibit E** is a declaration of class member Andrew Sass-Cao. I am informed and believe this declaration was prepared and signed on June 24, 2025.

9.      Attached hereto as **Exhibit F** is a declaration of class member Chris Schindler. I am informed and believe this declaration was prepared and signed on June 24, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: June 25, 2025                          */s/ Isaac D. Chaput*
                                              Isaac D. Chaput

2

# Exhibit A

| From: | Layendecker, Elizabeth B (CIV) |
|---|---|
| To: | Carpenter, Ansel; Bender, Sean |
| Cc: | Li Nowlin-Sohl; Chaput, Isaac; Gianchetti, Robert C; Jon Davidson - he/him/his; Jessie Rossman; Lin, Jean (CIV); Farquhar, Rayford (USAMA); Velchik, Michael (CIV); Littman, Jared J (CIV) |
| Subject: | RE: Orr v. Trump, 1:25-cv-10313 -- Implementation of Preliminary Injunction |
| Date: | Wednesday, June 25, 2025 5:16:02 PM |
| Attachments: | image001.png |

[EXTERNAL]

Hi Ansel,

The State Department informed us that passport offices received interim instructions to hold passport applications for applicants who might be class members pending finalization of the State Department's process for PI class members.

Kind regards,
Brooke


**E. Brooke Layendecker**

Trial Attorney

U.S. Department of Justice

Civil Division, Federal Programs Branch

(202) 616-5046

---

**From:** Carpenter, Ansel <ACarpenter@cov.com>
**Sent:** Wednesday, June 25, 2025 2:33 PM
**To:** Layendecker, Elizabeth B (CIV) <Elizabeth.B.Layendecker@usdoj.gov>; Bender, Sean <SBender@cov.com>
**Cc:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; Chaput, Isaac <IChaput@cov.com>; Gianchetti, Robert C <RGianchetti@cov.com>; Jon Davidson - he/him/his <JonDavidson@aclu.org>; Jessie Rossman <JRossman@aclum.org>; Lin, Jean (CIV) <Jean.Lin@usdoj.gov>; Farquhar, Rayford (USAMA) <Rayford.Farquhar@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Littman, Jared J (CIV) <Jared.Littman2@usdoj.gov>
**Subject:** [EXTERNAL] RE: Orr v. Trump, 1:25-cv-10313 -- Implementation of Preliminary Injunction

Hi Brooke,

We'll note your opposition to our proposed timeline.  We are seeking further expedition in part because (as you'll see in the motion) we've now gotten reports that passport offices have been instructed not to comply with the court's order, so this issue needs to be settled promptly.

Best,
Ansel

---

**From:** Layendecker, Elizabeth B (CIV) <Elizabeth.B.Layendecker@usdoj.gov>

**Sent:** Wednesday, June 25, 2025 11:14 AM
**To:** Bender, Sean <SBender@cov.com>
**Cc:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; Chaput, Isaac <IChaput@cov.com>; Carpenter, Ansel <ACarpenter@cov.com>; Gianchetti, Robert C <RGianchetti@cov.com>; Jon Davidson - he/him/his <JonDavidson@aclu.org>; Jessie Rossman <JRossman@aclum.org>; Lin, Jean (CIV) <Jean.Lin@usdoj.gov>; Farquhar, Rayford (USAMA) <Rayford.Farquhar@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Littman, Jared J (CIV) <Jared.Littman2@usdoj.gov>
**Subject:** RE: Orr v. Trump, 1:25-cv-10313 -- Implementation of Preliminary Injunction

<mark>[EXTERNAL]</mark>
Hi Sean,

We oppose a 1-day or 2-day deadline of Friday, June 27 to file an opposition to the motion to compel.  Per your email of June 23 (just two days ago), you proposed that Defendants would have one week to respond.  You now appear to dramatically slash that timeline without any justification.

Assuming that there have been no significant changes, we are open to agreeing to a shorter briefing schedule than the 14 days that the Local Rules contemplate, but most certainly not one or two days to respond.  And assuming that you file the motion to compel today or tomorrow, we propose that the opposition to the motion to compel be due Monday, July 7 (6-7 business days), and the Reply be due Friday, July 11.


Kind regards,
Brooke


**E. Brooke Layendecker**
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
(202) 616-5046

**From:** Bender, Sean <SBender@cov.com>
**Sent:** Wednesday, June 25, 2025 12:43 PM
**To:** Layendecker, Elizabeth B (CIV) <Elizabeth.B.Layendecker@usdoj.gov>
**Cc:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; Chaput, Isaac <IChaput@cov.com>; Carpenter, Ansel <ACarpenter@cov.com>; Gianchetti, Robert C <RGianchetti@cov.com>; Jon Davidson - he/him/his <JonDavidson@aclu.org>; Jessie Rossman <JRossman@aclum.org>; Lin, Jean (CIV) <Jean.Lin@usdoj.gov>; Farquhar, Rayford (USAMA) <Rayford.Farquhar@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Littman, Jared J (CIV) <Jared.Littman2@usdoj.gov>
**Subject:** [EXTERNAL] RE: Orr v. Trump, 1:25-cv-10313 -- Implementation of Preliminary Injunction

Brooke,

Thank you for your response.

One update to the below: as part of our motion for expedited briefing, Plaintiffs intend to ask the Court to order Defendants to file any opposition by 11:59 pm ET this Friday, June 27. Pursuant to Local Rule 7.1, please confirm your position on this motion by **5 pm ET today**.


Best,
Sean


**Sean Bender**
he/him

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5643 | sbender@cov.com
www.cov.com

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Layendecker, Elizabeth B (CIV) <Elizabeth.B.Layendecker@usdoj.gov>
**Sent:** Tuesday, June 24, 2025 2:46 PM
**To:** Bender, Sean <SBender@cov.com>
**Cc:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; Chaput, Isaac <IChaput@cov.com>; Carpenter, Ansel <ACarpenter@cov.com>; Gianchetti, Robert C <RGianchetti@cov.com>; Jon Davidson - he/him/his <JonDavidson@aclu.org>; Jessie Rossman <JRossman@aclum.org>; Lin, Jean (CIV) <Jean.Lin@usdoj.gov>; Farquhar, Rayford (USAMA) <Rayford.Farquhar@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Littman, Jared J (CIV) <Jared.Littman@usdoj.gov>
**Subject:** RE: Orr v. Trump, 1:25-cv-10313 -- Implementation of Preliminary Injunction

<mark>[EXTERNAL]</mark>
Hi Sean,

The Department understands its obligations and has been working diligently since the day it received the Court's order, including ensuring the passport application process proceeds smoothly for class members. Unlike the earlier change in policy, which applied universally, and because Class Counsel have opted not to have notifications to the class to identify class

members, compliance with the court order requires the State Department to develop both manual and electronic systems for identifying the class members as defined by the court and workstreams to process class members' applications that have also been defined by the court and include multiple application types.  These are new and labor intensive processes, which cannot be accomplished in mere days, but the Department is moving as quickly as it is able, and as soon as these new processes have been fully developed, guidance to both class members and adjudicators can be finalized.  In the meantime, as noted before, if a class member's urgent travel plans make it impossible to obtain a passport consistent with the Court's order, the class member may later submit an application to correct the passport pursuant to the processes that State expects to soon adopt.

Defendants oppose both motions.

Kind regards,
Brooke


**E. Brooke Layendecker**
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
(202) 616-5046

---

**From:** Bender, Sean <SBender@cov.com>
**Sent:** Monday, June 23, 2025 5:32 PM
**To:** Layendecker, Elizabeth B (CIV) <Elizabeth.B.Layendecker@usdoj.gov>
**Cc:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; Chaput, Isaac <IChaput@cov.com>; Carpenter, Ansel <ACarpenter@cov.com>; Gianchetti, Robert C <RGianchetti@cov.com>; Jon Davidson - he/him/his <JonDavidson@aclu.org>; Jessie Rossman <JRossman@aclum.org>; Lin, Jean (CIV) <Jean.Lin@usdoj.gov>; Farquhar, Rayford (USAMA) <Rayford.Farquhar@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Littman, Matthew J (CIV) <Jared.Littman2@usdoj.gov>
**Subject:** [EXTERNAL] RE: Orr v. Trump, 1:25-cv-10313 -- Implementation of Preliminary Injunction

Brooke,

Thank you for your note, but it is largely non-responsive and provides no concrete information. The Court's order enjoining Defendants from enforcing the Passport Policy has been in effect since June 17—nearly a full week.  Despite this, we continue to hear from class members to whom the order applies—some of whom have imminent travel plans—who have been denied the ability to self-select a passport sex designation by passport office employees.  Defendants were able to implement the now-enjoined Passport Policy within days of President Trump's

Executive Order that we are challenging in this case. We see no reason—and you have provided none—that returning to the process that the government had in effect under the policy in effect prior to that Executive Order cannot proceed with similar speed.

Given your delay in complying with the injunction and your refusal to provide any specific explanation for that delay, steps that are being taken to comply with the injunction, or a date certain by which the injunction will be implemented, we have no choice but to move to enforce the injunction and move for expedited briefing on that enforcement motion. With respect to briefing, we will ask the Court to order Defendants to file any opposition within one week of Plaintiffs' motion. Pursuant to Rule 7.1, please confirm your position on those motions by tomorrow, **June 24, at 3 pm ET.** We remain available to confer further regarding these issues; if it would be productive to do so, please provide some times that work on your end this afternoon/evening or tomorrow prior to 3pm. We would, of course, reevaluate the need for the Court to intervene if Defendants provide answers to our questions by that time, provided that the answers are comprehensive and reasonable.

Best,
Sean

**Sean Bender**
he/him

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5643 | sbender@cov.com
www.cov.com

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Layendecker, Elizabeth B (CIV) <Elizabeth.B.Layendecker@usdoj.gov>
**Sent:** Friday, June 20, 2025 3:02 PM
**To:** Bender, Sean <SBender@cov.com>
**Cc:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; Chaput, Isaac <IChaput@cov.com>; Carpenter, Ansel <ACarpenter@cov.com>; Gianchetti, Robert C <RGianchetti@cov.com>; Jon Davidson - he/him/his <JonDavidson@aclu.org>; Jessie Rossman <JRossman@aclum.org>; Lin, Jean (CIV) <Jean.Lin@usdoj.gov>; Farquhar, Rayford (USAMA) <Rayford.Farquhar@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Littman, Matthew J (CIV) <Jared.Littman2@usdoj.gov>
**Subject:** RE: Orr v. Trump, 1:25-cv-10313 -- Implementation of Preliminary Injunction

<mark>[EXTERNAL]</mark>
Hi Sean,

As stated, the State Department is working as fast as possible to implement the Court's order in a manner that ensures uniform administration and consistency with government policies and procedures.  We anticipate that we will have more information to share with you all—and the public—in the coming days.  At present, class members can continue to submit passport applications.  Any class member who receives an incorrect passport due to an error can file an application to get their marker corrected, free of charge.

Kind regards,
Brooke

**E. Brooke Layendecker**
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
(202) 616-5046

---

**From:** Bender, Sean <SBender@cov.com>
**Sent:** Thursday, June 19, 2025 7:21 PM
**To:** Layendecker, Elizabeth B (CIV) <Elizabeth.B.Layendecker@usdoj.gov>
**Cc:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; Chaput, Isaac <IChaput@cov.com>; Carpenter, Ansel <ACarpenter@cov.com>; Gianchetti, Robert C <RGianchetti@cov.com>; Jon Davidson - he/him/his <JonDavidson@aclu.org>; Jessie Rossman <JRossman@aclum.org>; Lin, Jean (CIV) <Jean.Lin@usdoj.gov>; Farquhar, Rayford (USAMA) <Rayford.Farquhar@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>
**Subject:** [EXTERNAL] RE: Orr v. Trump, 1:25-cv-10313 -- Implementation of Preliminary Injunction

Brooke,

While we appreciate your response, we do require answers to the questions we posed yesterday.  As class counsel, we have a duty to provide timely information to absent class members about how the government is implementing the preliminary injunction and how absent class members may obtain the relief to which they are entitled.  Without answers to our questions, we are not able to provide accurate, timely information to class members.  And you have a duty to ensure that the Preliminary Injunction is implemented in such a way that class members can understand what they need to do to actually receive relief, which requires answers to our questions.

If defendants continue to refuse to provide this basic information, we will move to compel responses.

Best,
Sean


**Sean Bender**
he/him

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5643 | sbender@cov.com
www.cov.com

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.


**From:** Layendecker, Elizabeth B (CIV) <Elizabeth.B.Layendecker@usdoj.gov>
**Sent:** Thursday, June 19, 2025 4:41 PM
**To:** Bender, Sean <SBender@cov.com>
**Cc:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; Chaput, Isaac <IChaput@cov.com>; Carpenter, Ansel <ACarpenter@cov.com>; Gianchetti, Robert C <RGianchetti@cov.com>; Jon Davidson - he/him/his <JonDavidson@aclu.org>; Jessie Rossman <JRossman@aclum.org>; Lin, Jean (CIV) <Jean.Lin@usdoj.gov>; Farquhar, Rayford (USAMA) <Rayford.Farquhar@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>
**Subject:** RE: Orr v. Trump, 1:25-cv-10313 -- Implementation of Preliminary Injunction

[EXTERNAL]
Hi Sean,

We confirm that the State Department is making its best efforts to comply with the preliminary injunction issued by the court on Tuesday and is actively taking steps to implement the order.

Kind regards,
Brooke


**E. Brooke Layendecker**
Trial Attorney
U.S. Department of Justice

Civil Division, Federal Programs Branch
(202) 616-5046

---

**From:** Bender, Sean <SBender@cov.com>
**Sent:** Wednesday, June 18, 2025 5:12 PM
**To:** Layendecker, Elizabeth B (CIV) <Elizabeth.B.Layendecker@usdoj.gov>; Lin, Jean (CIV) <Jean.Lin@usdoj.gov>; Farquhar, Rayford (USAMA) <Rayford.Farquhar@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>
**Cc:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; Chaput, Isaac <IChaput@cov.com>; Carpenter, Ansel <ACarpenter@cov.com>; Gianchetti, Robert C <RGianchetti@cov.com>; Jon Davidson - he/him/his <JonDavidson@aclu.org>; Jessie Rossman <JRossman@aclum.org>
**Subject:** [EXTERNAL] Orr v. Trump, 1:25-cv-10313 -- Implementation of Preliminary Injunction

Counsel,

We write concerning the implementation of the Court's Order of Preliminary Injunction (ECF 116) (the "Preliminary Injunction"). The Preliminary Injunction went into effect "immediately upon the docketing of" the Court's order. As you know, it requires Defendants to promptly issue passports under the terms of the Preliminary Injunction to certain members of the two classes certified by the Court. It is our expectation that some class members—particularly those with imminent travel plans—will begin applying for passports immediately, and we understand that some class members have already sought to do so. Specifically, we have already heard from one class member who inquired at the passport office about applying for a passport with an updated sex designation, only to be informed that the office hasn't received any guidance on how to implement the Preliminary Injunction.

Given this, please confirm the steps Defendants will take to immediately implement the Preliminary Injunction. We expect that it is most straightforward to simply put in place the process that the government had in effect under the prior policy. In any event, there should be no meaningful delay in Defendants' compliance (especially in light of how quickly the government changed the application process once the Executive Order issued). Among other things, please specifically confirm:

- Whether Defendants intend to implement the "check box" specified in paragraph 3 of the Preliminary Injunction asking applicants to attest that the Preliminary Injunction applies to them;
- What method of application (e.g., reverting to the prior forms used under the prior policy) an applicant will have to utilize;
- The expected timeline for when application materials compliant with the Preliminary Injunction will be available for use, and how applicants can apply for passports compliant with the Preliminary Injunction before Defendants make those materials available;
- How Defendants intend to comply with the Preliminary Injunction with respect to any class members who have already submitted applications for passports without

imposing undue burdens on them; and

- The mechanism Defendants will establish by which class members who have received a passport with a sex designation inconsistent with their gender identity and their requested sex designation since January 20, 2025, may correct this (e.g., by submitting a DS-5504 without a fee) to correct their sex designation.

Given the time-sensitive nature of these questions, and that the Preliminary Injunction is already in effect, we ask that Defendants provide a response by **5:00 pm ET tomorrow, June 19**.  While we're glad to confer on any of these issues, we'll need to move to compel compliance on an expedited basis if we do not receive a response by that time.

**Sean Bender**
he/him

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5643 | sbender@cov.com
www.cov.com

## COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

ASHTON ORR, et al.,

               *Plaintiffs*,

      v.

DONALD J. TRUMP, et al.,

               *Defendants*.

Case No. 1:25-cv-10313-JEK

---

**DECLARATION OF RHIAN THELMA BOARMYN**

I, Rhian Thelma Boarmyn, hereby declare and state as follows:

1.      My name is Rhian Thelma Boarmyn. I submit this declaration in support of Plaintiffs' Motion to Enforce or Modify Preliminary Injunction.

2.      I am over the age of 18, of sound mind, and in all respects competent to testify. I have personal knowledge of the information contained in this Declaration and would testify competently to those facts if called to do so.

3.      I am a United States citizen, but I live in Lisbon, Portugal.  I am 37 years old and use "she" and "her" pronouns.

4.      I am a nonbinary woman. I was diagnosed with gender dysphoria in April 2024.

5.      My current valid passport contains the correct sex designation but does not have my legal name. I live abroad and travel frequently, and the mismatch in my identity documents causes problems.

6.      In February 2025, I attempted to update my passport to reflect my legal name, but was informed by the passport office that any newly issued passport would revert my sex

1

App. 946

designation to my sex assigned at birth. For this reason, I requested that my materials be returned to me and did not update my passport at that time.

7.      On June 13, my wife and I traveled to the United States so I could access medical care. I am a veteran and receive my medical care in the U.S.

8.      On June 17, I learned about the court order allowing me to update my passport. My wife scheduled an appointment for me at the passport office in Seattle located at Fifth and Yesler Building, 300 5th Ave #600, Seattle, WA 98104 for June 20.

9.      Prior to the appointment, I wanted to make sure that I had everything I needed to secure the name change on my passport. I called the State Department's passport line at 1-877-487-2778. I explained my situation and asked whether the State Department will issue me a passport with the correct sex designation and name, pursuant to the recent court order. The employee had not heard of the injunction and left to speak with a supervisor. The employee came back and said that there should be no problem updating my name and that the passport office should contact the State Department if they have any questions.

10.     I felt heartened by this response, but I wanted to make sure that I would receive consistent advice, so I called the 1-877 number again.  A different employee told me that they didn't know about the injunction and went to speak with a supervisor. The employee then said that he hadn't received any guidance on the issue and that I would likely not be able to update the name on my passport without receiving the wrong sex designation. This employee said that they had been instructed to operate pursuant to the Executive Order that was issued on January 20.

11.     I was concerned about this, but I decided to try my luck at the passport office in Seattle. I brought the DS-82 passport renewal form, the DS-5504 name change form, the court

order of my legal name change, proof of my flight, and a copy of the injunction, among other documents.

12.     When I was called to the window, I asked to speak with a supervisor because I knew the issue would be escalated. The passport officer asked, "Is this a gender thing?" I said yes. He yelled, "Hey I need a supervisor. This is a gender thing."

13.     The supervisor came to the window and identified himself as the director of adjudication for the Seattle office. He said that they received guidance on June 18 that they should neither approve nor deny passport applications that request a sex designation different from the applicant's sex assigned at birth, or applications requesting a name change for an applicant whose requested sex designation is not their sex assigned at birth. He said, "I would encourage you not to apply right now because I cannot guarantee that your passport will be returned to you."

14.     I decided not to submit my passport and to wait for further guidance. I canceled my flight to Lisbon scheduled for June 23 and have rebooked the flight for July 3.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

_Rhian Boarmyn_

_____

Rhian Thelma Boarmyn

3

# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ASHTON ORR, et al.,<br><br>        *Plaintiffs*,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>        *Defendants*. | Case No. 1:25-cv-10313-JEK |

**DECLARATION OF THEODORE STANFORD DAVENPORT**

I, Theodore Stanford Davenport, hereby declare and state as follows:

1.      My name is Theodore Stanford Davenport. I submit this declaration in support of Plaintiffs' Motion to Enforce or Modify Preliminary Injunction.

2.      I am over the age of 18, of sound mind, and in all respects competent to testify. I have personal knowledge of the information contained in this Declaration and would testify competently to those facts if called to do so.

3.      I am a United States citizen, and I live in Seattle, Washington.  I am 30 years old and use "he" and "him" pronouns.

4.      I am a transgender man and nonbinary. I was diagnosed with gender dysphoria in 2017.

5.      I am a Ph.D. student studying geography.

1

6.     My passport, containing the wrong name and wrong sex designation, expired in March 2025. I have been closely following this case and hoping that it would enable me to get an accurate passport.

7.     On June 18, I applied for a new passport at the Seattle passport office located at Fifth and Yesler Building, 300 5th Ave #600, Seattle, WA 98104. I submitted the DS-82 passport form and a court-ordered name change, among other documents.

8.     I asked whether my passport would contain the correct "M" sex designation as requested on my application. The passport officer I spoke with responded that they didn't know but that I should "expect to have problems."

9.     On June 23, I went to pick up my passport. The passport officer told me that I had two options: receive a passport now with an incorrect "F" sex designation or allow my application requesting an "M" sex designation to be processed, which would hold up my application indefinitely. They told me that my name change could be reflected on my new passport.

10.     I asked the passport officer about the court order and presented them with a copy. They responded to the effect of, "We haven't gotten any guidance about complying with the court order. Tomorrow the Fourth Circuit or the Supreme Court could rule against it, so we're not doing anything."

11.     Because there was no indication of when I could receive an accurate passport, I said that I would take the passport with the "F" sex designation.

12.     I had a vacation to Vancouver planned for June 27-July 1, but I no longer plan to go because I don't feel safe traveling on a passport with the incorrect sex designation.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

*Theodore Stanford Davenport*

Theodore Stanford Davenport

3

Exhibit D

UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF MASSACHUSETTS**

ASHTON ORR, et al.,

          *Plaintiffs,*

      v.

DONALD J. TRUMP, et al.,

          *Defendants.*

Case No. 1:25-cv-10313-JEK

### DECLARATION OF ARCHER CHRISTIAN LOMBARDI

I, Archer Christian Lombardi, hereby declare and state as follows:

1.     My name is Archer Christian Lombardi. I submit this declaration in support of Plaintiffs' Motion to Enforce or Modify Preliminary Injunction.

2.     I am over the age of 18, of sound mind, and in all respects competent to testify. I have personal knowledge of the information contained in this Declaration and would testify competently to those facts if called to do so.

3.     I am a United States citizen, and I live in Loomis, California. I am 44 years old and use "he" and "him" pronouns.

4.     I am a transgender man. I was diagnosed with gender dysphoria in 2015.

5.     My existing passport issued after January 20, 2025, contained an inaccurate "F" sex designation. I fell into a deep depression after receiving the wrong sex designation on my passport. I recently realized that I couldn't find that passport while packing for an international trip this Saturday and was thrilled to hear about the court order that would now allow me to get an "M" sex designation on my passport. Emotionally, it's been a rough ride. But when the court

1

finally ruled that I can have an "M" on my passport again, it felt like the first real glimmer of light in a long time. A small change, maybe — but a deeply meaningful one. A new and accurate passport is vital to my well-being.

6.    On June 20, I went to the passport office in San Francisco located at Phillip Burton Federal Building, 450 Golden Gate Ave #3-2501, San Francisco, CA 94102. I submitted the DS-11 passport application, the DS-64 form for a lost passport, and my old invalid passports, among other documents. I was told to come back at 3:00 pm to pick up my passport.

7.    At 2:40 pm, I received a call from a 202 area code informing me that there was an issue with my photo. I raced to Walgreens to get a new passport photo and was able to make it back to the passport office by 3:00 pm. I submitted my newly taken passport photo, and the passport officer confirmed that they will be able to print my passport that day.

8.    After some time, someone at the passport office asked to speak with me. He first told me that there was an issue with my photo, and I informed him that I submitted a new photo.

9.    He then made a statement to the effect that, "Also, we're not going to give you a passport with a male gender marker." I told him about the injunction, cited the case name, and provided the judge's name. He made a statement to the effect that, "we don't answer to courts. We get our guidance from the State Department." Flabbergasted, I followed up, "You're telling me that you don't have to follow the law?" He responded, "We don't."

10.    I pleaded that I want to travel with my wife and son as safely as possible. He said that his hands are tied.

11.    He went into his office and returned with a memo from the State Department issued on June 18 that advised passport offices to stop processing passport applications of anyone seeking to change their sex designation.

12.    I said that if the State Department could not issue me a passport with an "M" sex designation, then I want to withdraw my passport application. He asked that I write a letter to that effect. An accurate photo of the letter is attached as Exhibit B.

13.    He told me that he would call me on Monday with more information. On Monday, he did indeed call, but said he still didn't have any further guidance from the State Department.

14.    I am going on a cruise to Alaska & Canada with my family on June 28 and need a passport to embark on the ship. I hope to have an accurate passport by that date.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Archer Christian Lombardi

3

App. 956



# Exhibit E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| |
|---|
| ASHTON ORR, *et al.*, |
| |
| *Plaintiffs*, |
| |
| v. |
| |
| DONALD J. TRUMP, *et al.*, |
| |
| *Defendants*. |

Case No. 1:25-cv-10313-JEK

**DECLARATION OF ANDREW SASS-CAO**

I, Andrew Sass-Cao, hereby declare and state as follows:

1.    My name is Andrew Sass-Cao.  I submit this declaration in support of Plaintiffs'
Motion to Enforce or Modify the Preliminary Injunction.

2.    I am over the age of 18, of sound mind, and in all respects competent to testify.  I
have personal knowledge of the information contained in this Declaration and would testify
competently to those facts if called to do so.

3.    I am a United States citizen and resident of Saint Albans, Vermont.  I am forty-
one years old and use "he" and "him" and "they" and "them" pronouns.  I have lived in Vermont
since August 2024, when I moved here from Oakland, California.

4.    I am an author, and I work part-time for a literary agent.

5.    I am a nonbinary, trans masculine person.  My sex assigned at birth was female,
but I have a male gender identity.

6.    I began accessing gender affirming medical care to treat my gender dysphoria in
2013.

1

7.      In 2014, I had my first name legally changed to Andrew, and I updated my identity documents to reflect a male sex designation and my new first name, including my passport.  That passport expired on December 14, 2024.

8.      In 2022, I got married, and in 2024, after moving to Vermont, I legally changed my surname to Sass-Cao.  I was able to update most of my identity documents to reflect my new marital name in 2024 and hoped to do the same with my passport as soon as I learned that I had to be in London for work in March 2025.

9.      On March 7, 2025, my husband and I went to a same-day passport office in Saint Albans located at 50 S Main Street, Saint Albans, Vermont 05478, to update my surname on my passport and renew my expired passport at the same time.

10.     My husband and I went back to the office to pick up my passport that same day in the afternoon, and the passport office had issued me a new passport with my updated surname, but reverted my male sex designation to an "F" sex designation.

11.     When my husband asked the individuals working at the office why they changed my sex designation when I had only sought an update to my name, they told him that they "corrected" the sex designation based on the State Department's guidance that sex must reflect birth sex.  I was deeply upset that the sex marker on my passport was inconsistent with who I am, particularly after having a passport that reflected my correct sex marker for the past decade.

12.     On June 17, I learned that this Court granted Plaintiffs' motion for class certification and motion to expand the preliminary injunction to the classes.

13.     Given that I am a member of the class and have an inaccurate sex designation on my current passport, I went back to the passport agency in Saint Albans on Friday, June 20 with

2

a copy of the June 17 Order in hand.  I also brought a new passport photo, my current, inaccurate

passport issued in March of this year, and a completed DS-5504 application form.

14.     I spoke with multiple individuals in the office, including a supervisor, and was

told that they cannot issue me an accurate passport because the office is awaiting further

guidance from their legal team.

15.     When I told the employees at the office that the Court order went into effect

immediately on June 17, they said that there is nothing they can do while they await further

guidance.  They said that I could leave my application with the office, and that doing so would

ensure that I am first in line when they are able to issue me a new passport.

16.     I decided to leave my application with the office, along with my supporting

documents, which includes my current passport.

17.     I have international travel plans on Saturday, June 28, 2025 to Montreal, Canada,

and I am nervous that I will not be able to have an accurate passport in hand for that travel.

18.     I do not feel safe traveling with a passport with an inaccurate "F" sex designation,

and I am deeply disappointed that I was not able to access the relief provided by this Court.


I declare under penalty of perjury of the laws of the United States that the foregoing is

true and correct.

*Andrew Sass-Cao*

Andrew Sass-Cao

3

App. 961

Exhibit F

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ASHTON ORR, et al.,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

*Defendants*.

Case No. 1:25-cv-10313-JEK

### DECLARATION OF CHRIS SCHINDLER

I, Chris Schindler, hereby declare and state as follows:

1.      My name is Chris Schindler. I submit this declaration in support of Plaintiffs' Motion to Enforce or Modify Preliminary Injunction.

2.      I am over the age of 18, of sound mind, and in all respects competent to testify. I have personal knowledge of the information contained in this Declaration and would testify competently to those facts if called to do so.

3.      I am a United States citizen and resident of Massachusetts.  I am 45 years old and use "he" and "him" pronouns.

4.      I am a transgender man. I was diagnosed with gender dysphoria when I was 20 or 21 years old. My sex assigned at birth was female, but I have lived and identified as male for 25 years.

5.      I work in law enforcement for animal cruelty investigations.

1

App. 963

6.      My passport expired in 2021. Because I had no international travel needs, I had

not applied for a renewed passport.

7.      I had a meeting scheduled in Canada for June 25, 2025, so I needed to apply for a

new passport.

8.      On June 23, 2025, at around 11:10am, I brought my passport application materials

to the National Passport Center located at 207 International Dr, Portsmouth, New Hampshire

03801. My appointment was scheduled for 11:30am. Given that the New Hampshire office is the

national center for passport processing, I believed it would be my best option for securing an

accurate passport quickly.

9.      When I was called to the window, I provided my DS-82 passport application

seeking an "M" sex designation and a name change, a copy of the injunction issued on June 17,

and a letter explaining that I am a member of the class. The passport officer attached the letter

and the copy of the injunction to my passport application. An accurate copy of the letter is

attached to this Declaration as Exhibit A.

10.     The passport officer left the window and returned with two supervisors. One of

the supervisors asked a security guard to bring me to a back room. The supervisors told me that

they would meet me in the room.

11.     I went to the room and sat down. The two supervisors came in and told me that

they were not going to issue me a passport with an "M" sex designation. They said I had two

options: receive no passport or receive a passport with an "F" sex designation.

12.     I showed them a copy of the injunction and told them they were required to

comply. One of the supervisors responded to the effect of, "We are not intending to comply with

the injunction. We have been told to only follow the President's Executive Order, unless the Supreme Court directs otherwise."

13.     I followed up: "Just to be clear, there's been no stay. The intent is to not follow the order?" They both responded to the effect of, "correct."

14.     I told them that an "F" designation on my passport is not appropriate for me. They said they agreed, but had been instructed to continue complying with the Executive Order.

15.     I asked if the State Department's policy on permitting changes to sex designations would be changing. They responded to the effect of "there are no current pending changes to the policy."

16.     I asked if the policy were to change after being issued an incorrect passport with "F" designation today, would I be able to come back next week to have my passport corrected to show a "M" designation. They responded to the effect of, "You can come back, but we don't anticipate any policy changes for a very long time."

17.     The supervisors then presented me with my DS-82 passport application form, but it was altered: They had whited-out my selection of "M." They told me that they could not process the application unless I checked "F."

18.     I checked "F." I felt like I was being forced, and I was shocked by their responses regarding compliance with the court order. As a law enforcement official, I am required to be aware of and responsive to court-ordered injunctions. I could not believe they were not intending to follow the court order.

19.     I was told that my passport would be ready between 2:30-3:00 pm that afternoon, and I picked up my passport at that time. The passport reflects my correct legal name as requested but contains an "F" sex designation rather than "M."

3

20.     I do not feel safe traveling on a passport with an "F" designation, so I have canceled my June 25 trip to Canada.


I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Chris Schindler

The Honorable Matthew Pierce & The United States Department of State

Acting Principal Deputy Assistant Secretary & All Pertinent Representatives Thereof

National Passport Center

207 International Drive

Portsmouth, NH 03801


Dear Mr. Secretary and all whom it may concern,

I am writing on behalf of myself in regards to the accompanying and attached application for a U.S. Passport, submitted to the National Passport Center in Portsmouth, NH with the appropriate DS-82 State Department form and required supporting materials.

I have held a previous U.S. Passport that is now expired and have urgent international travel this week that necessitates renewing my passport. With the renewal of my passport I am also updating both my legal name that was changed by court order (attached) as well as the sex marker to reflect the correct sex of Male.

The accompanying DS-82 application reflects my current, updated, and accurate identifying information.

On June 17th 2025, the Honorable Judge Julia Kobick of the United States District Court of Massachusetts issued an Order of Preliminary Injunction, enjoining the U.S. Department of State to process and issue passports to members of the class defined within said Order, in accordance with the State Department's policy as of January 19th 2025. The order issued by Judge Julia Kobick on June 17th 2025 was issued effective immediately and remains effective today. I have included and attached a copy of this order for your reference.

I hereby declare under penalty of perjury before the United States Department of State:

I, Chris Schindler, the undersigned author of this letter and applicant for the renewal of my U.S. Passport, do affirm and attest that I am selecting a sex marker that is different than the sex on my original birth certificate, and I can confirm that at least one of the following is true: (1) my gender identity is different from the sex assigned to me at birth, or (2) I have been diagnosed with gender dysphoria. I further confirm that I am applying for a passport because one of the following is true: (1) I do not have a currently-valid passport, (2) I need to renew my current passport because it expires within one year, (3) I need to make changes to my passport to have the sex designation on it align with my gender identity or to reflect a name change, or (4) I need to apply for another passport because my passport was lost, stolen or damaged.

Sincerely Yours,

6/23/25

Chris Schindler

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**ASHTON ORR**, et al.,

    *Plaintiffs,*

v.

**DONALD J. TRUMP**, in his official capacity
as President of the United States, et al.,

    *Defendants.*

Civil Action No. 1:25-cv-10313-JEK

## DECLARATION OF ANDRINA M. AGNEW

    I, Andrina M. Agnew, do hereby state and declare as follows, pursuant to 28 U.S.C. § 1746:

    1.   I am Director of the Office of Program Management & Operational Support for Passport Services of the U.S. Department of State, Bureau of Consular Affairs. I submit this declaration in connection with Defendants' Motion to Dissolve the June 17, 2025, Preliminary Injunction and for a Stay of that Injunction Pending Resolution of the Motion to Dissolve and Request for an Indicative Ruling concerning the April 18, 2025, Preliminary Injunction. The statements made herein are based on my personal knowledge and on information provided to me in the course of my official duties with the Department of State ("Department"). I have served in the Passport Directorate of the Bureau of Consular Affairs for 20 years and in my current position since February 2024.

    2.   Under its regulatory authority, 22 C.F.R. § 51.20(a), the Department has prescribed certain forms to be completed by individuals applying for U.S. passport services, including Form DS-11 for passport applications, Form DS-82 for passport renewal applications by mail, and Form

DS-5504 for passport data correction applications. Applicants are required to complete the applications and provide information that the Department deems material to its adjudication of the applicant's claim of identity and citizenship.

3. These passport application forms are subject to the Paperwork Reduction Act, 44 U.S.C. §§ 3501 *et seq.*, which requires approval from the Office of Information and Regulatory Affairs, a division of the Office of Management and Budget ("OMB"), for information collections by Federal agencies.

4. On June 25, 2025, OMB approved the Department's revisions to Forms DS-11, DS-82, and DS-5504 to comply with Executive Order 14168. Before the Department can make the revised application forms available on its Travel.State.gov website and to passport agencies, passport centers, and U.S. embassies and consulates, the Department must await updates by the Department's "lockbox" provider, Citibank, N.A., and by the U.S. Department of the Treasury to systems used for data entry and payment processing.

5. The lockbox is essentially a data entry, scanning, and payment processor, where passport applications submitted in paper format are routed for payment processing and data entry. This data entry allows the Department to route and manage workloads and facilitates faster adjudication time when applications are being evaluated by adjudicators. Even after the Department's introduction of an online renewal system, approximately 75% of all passport applications continue to be processed through the lockbox, representing approximately 50,000 to 100,000 applications per day.

6. It is necessary for Citibank and Treasury to update their systems to process the revised forms, as these systems depend on the use of a barcode printed on each iteration of these forms to

2

permit speedy data entry and routing of the forms for adjudication. The barcodes, when scanned, permit the lockbox staff to see a digital facsimile of the form in front of them, permitting rapid entry of the form's data into Department systems. The Department currently estimates that the systems updates by Citibank and Treasury, which are currently ongoing, will take between two to three more months to complete.

7. In early February 2025, the Department was able to quickly revert to the prior versions of Forms DS-11, DS-82, and DS-5504 to comply with Executive Order 14168, as Citibank's system was already programmed to recognize those versions' barcodes for data entry and routing.

8. Without the functionality of the barcodes, lockbox data processing time would likely increase by orders of magnitude, as manual data entry from paper applications would be required and would functionally halt all passport adjudication operations. Absent these necessary systems updates, passport wait times would likely increase exponentially, as the lockbox workload would become impossible to process, and increased demand for in-person appointments at agencies for urgent travel would further compound the problem.

9. In addition, the Department makes an online "form filler" option available to passport applicants. The Department estimates that the process of updating the "form filler" versions of the revised passport application forms, which is currently ongoing, will take approximately two months to complete.

10. Once the systems updates by Treasury and Citibank described above are complete, the Department will order paper versions of the revised passport application forms to be printed and distributed to acceptance facilities, passport centers, passport agencies, and U.S. embassies and

App. 970

consulates.  The Department estimates that this process of printing and distributing paper copies of the revised passport application forms will take an additional six to eight weeks.

11.  The time-consuming steps outlined above for rolling-out revised passport application forms are routine and generally are not initiated until OMB approval is granted.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated:  July 3, 2025.

Andrina M. Agnew

4

App. 971

| 07/11/2025 | 130 | District Judge Julia E. Kobick: ELECTRONIC ORDER entered.

The defendants' Motion to Dissolve the June 17, 2025 Preliminary Injunction and for a Stay of that Injunction Pending Resolution of the Motion to Dissolve, ECF 127 , is **DENIED**.

This case involves changes that the State Department made to its policy concerning passport sex markers (the "Passport Policy") in accordance with Executive Order 14168 (Jan. 20, 2025). On April 18, 2025, the Court granted in part the plaintiffs' motion for a preliminary injunction and enjoined the enforcement of the Passport Policy as to six of the original plaintiffs. ECF 74 , 75 . The Court concluded, among other things, that the plaintiffs are likely to succeed on the merits of their claims challenging the Executive Order and Passport Policy for four independent reasons. Specifically, the Court concluded that the Executive Order and Passport Policy likely violate the equal protection principles safeguarded by the Fifth Amendment because they (1) discriminate on the basis of sex and do not survive intermediate judicial scrutiny because they are not substantially related to an important governmental interest, and (2) are based on irrational prejudice toward transgender Americans. *See id.* at 16-32. The Court further concluded that the plaintiffs are likely to succeed on their claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), because the Passport Policy (3) is arbitrary and capricious and (4) was adopted without observance of procedure required by the Paperwork Reduction Act ("PRA"), 44 U.S.C. §§ 3501 *et seq. See* ECF 74 , at 33-46. The government defendants appealed the Court's decision on June 13, 2025, *see* ECF 111 , and the appeal is now pending in the First Circuit.

On June 17, 2025, the Court granted as modified the plaintiffs' motions to certify two classes and to extend the preliminary injunction to a subset of those classes (the "PI Class"). ECF 115 , 116 . The parties agreed that their arguments regarding the original plaintiffs' likelihood of success on the merits applied with equal force to members of the PI Class. *See* ECF 80 , at 7-9; ECF 89 , at 1-2. The Court accordingly concluded that PI Class members were likely to succeed on their equal protection and APA claims for the same reasons as the original plaintiffs. ECF 115 , at 21-22.

On July 9, 2025, the government filed a motion to dissolve the June 17, 2025 preliminary injunction, arguing that the Supreme Court's recent decision in *United States v. Skrmetti*, 145 S. Ct. 1816 (2025), "is a significant change in law that warrants dissolution of the preliminary injunction." ECF 127 , at 5. In the government's view, "Skrmetti undermines this Court's conclusion that the Passport Policy discriminates on the basis of sex and is therefore subject to heightened scrutiny." *Id.* The government also contends that the plaintiffs are unlikely to succeed on their claim that the Passport Policy was adopted without observance of procedure required by the PRA because the Office of Management and Budget ("OMB") recently approved the operative passport application forms in conformance with the PRA. *See id.* at 11-12; ECF 127-1, ¶ 4.

A motion to dissolve a preliminary injunction "depend[s] on the same considerations that guide a judge in deciding whether to grant or deny a preliminary injunction in the first place." *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1225 (1st Cir. 1994). "The familiar quartet includes likelihood of success, the threat of irreparable injury to the party seeking interim relief, the equities and the public interest." *Id.* The final two factors merge where the government is the party opposing the injunction. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The moving party "bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Black*, 738 F.3d 1111, 1220 (9th Cir. 2013) |

(quotation marks and citation omitted); *see Concilio de Salud Integral de Loiza, Inc. v. Prez-Perdomo*, 551 F.3d 10, 16 (1st Cir. 2008).

The government has not carried that burden here. This Court previously concluded that members of the PI Class were likely to succeed on the merits of four claims, only two of which the government now challenges based on subsequent changes in law and fact. Whether or not *Skrmetti* alters the Court's conclusion that the Executive Order and Passport Policy must be reviewed under intermediate scrutiny—an issue on which the Court expresses no opinion—the government has not argued that *Skrmetti* or any other change in law disturbs the Court's independent conclusion that PI Class members are likely to succeed on their claim that the Executive Order and Passport Policy are based on unconstitutional animus toward transgender Americans. *See* ECF 127 , at 5-10. And although the government contends that it has cured its failure to comply with the procedures required by the PRA, it has not identified any change in law or fact that alters the Court's conclusion that PI Class members are likely to succeed on their independent claim that the Passport Policy is arbitrary and capricious, in violation of the APA. *See id.* at 11-12. Thus, even if the Court were to agree with the government as to the two challenged claims, its prior conclusions as to the likelihood of success on the other two claims—namely, the animus-based equal protection claim and the arbitrary-and-capricious claim under the APA—would remain unchanged.

The government has likewise failed to demonstrate that the balance of the equities now tilts in its favor. Members of the PI Class remain likely to experience a constitutional harm absent preliminary injunctive relief. *Cf. id.* at 2 ("[B]ecause the Court's assessment of the equities was heavily influenced by its belief that thousands of Americans would likely suffer a constitutional wrong absent an injunction, the Court should now conclude that the balance of harms favors the government."). And the Court already factored into its previous balance-of-the-equities analysis the equities that the government argues now weigh in its favor. *Compare* ECF 127 , at 11-15 (citing the Executive's "core foreign affairs prerogatives," the "significant resource costs expended in developing and implementing a process for the PI Class," and the "additional administrative costs" the State Department might incur if the preliminary injunction is later vacated), *with* ECF 115 , at 28-31 (addressing each argument and concluding that the balance of the equities nevertheless favors members of the PI Class).

The government's motion to dissolve the June 17, 2025 preliminary injunction, ECF 127 , is accordingly **denied**. For the same reasons, the Court would deny any motion to stay that injunction pending an appeal. *See* Fed. R. App. P. 8(a)(1) (C); *Acevedo-Garca v. Vera-Monroig*, 296 F.3d 13, 16 (1st Cir. 2002) ("Stays of injunctive orders . . . are evaluated under the traditional four-part standard applied to injunctions."); ECF 127 , at 15 ("Defendants also respectfully request the Court to indicate whether it is inclined to grant a stay of the June 17, 2025 injunction pending appeal based on the present record."). The Court would likewise deny, for the reasons stated in this order, any motion to dissolve the April 18, 2025 preliminary injunction. *See* Fed. R. Civ. P. 62.1; ECF 127 , at 15 (government asking Court to indicate whether "it would dissolve the April 18, 2025 preliminary injunction currently on appeal to the First Circuit"). (Currie, Haley) (Entered: 07/11/2025)

# United States Court of Appeals
## For the First Circuit

—————————————

No. 25-1579

VIKTOR AGATHA; CHASTAIN ANDERSON; BELLA BOE; DAVID DOE; AC
GOLDBERG; RAY GORLIN; DREW HALL; CHELLE LEBLANC; ASHTON ORR; ZAYA
PERYSIAN; SAWYER SOE; and REID SOLOMON-LANE, on behalf of themselves and others
similarly situated;

Plaintiffs, Appellees,

v.

DONALD J. TRUMP, in his official capacity as President of the United States; U.S.
DEPARTMENT OF STATE; MARCO RUBIO, in his official capacity as Secretary of State; and
the UNITED STATES OF AMERICA;

Defendants, Appellants.

—————————————

Before

Montecalvo, Rikelman, and Aframe,
<u>Circuit Judges</u>.

—————————————

**ORDER OF COURT**

Entered:  September 4, 2025

The government has moved for a stay pending its appeal of several orders entered
by the district court that preliminarily enjoined the U.S. Department of State ("Department") and
its Secretary from enforcing a policy ("Passport Policy"), promulgated by the Department in
connection with an executive order ("Executive Order") issued by President Donald J. Trump, that
would require U.S. passports to state the biological sex of their bearer at birth.  <u>See</u> Mot. for Stay
Pending Appeal, <u>Orr</u> v. <u>Trump</u>, No. 25-1579 (1st Cir. July 18, 2025).  Under the Department's
prior policy, passport applicants could select a sex marker of "M," "F," or "X," which was not
required to correspond with the applicant's biological sex.  In addition to the government's motion,
we have received and considered a response from the plaintiffs, who are transgender or non-binary
Americans representing two certified classes, and a reply from the government.

As the party seeking a stay pending appeal, the government bears the burden of
justifying the extraordinary relief it requests.  <u>See</u> <u>Nken</u> v. <u>Holder</u>, 556 U.S. 418, 433-34 (2009).

We consider four factors: (1) whether the government has made "a strong showing that [it] is likely to succeed on the merits"; (2) whether the government has shown that it "will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." Does 1-3 v. Mills, 39 F.4th 20, 24 (1st Cir. 2022) (quoting Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of Bos., 996 F.3d 37, 44 (1st Cir. 2021)). The first two factors "are the most critical." Nken, 556 U.S. at 434.

We begin with the likelihood of success on the merits. The district court concluded that the plaintiffs were likely to succeed on their claim that the Department's implementation of its Passport Policy was arbitrary and capricious, in violation of the Administrative Procedure Act ("APA"). See Mem. & Order on Pls.' Mot. to Stay Agency Action and for Prelim. Inj., Orr v. Trump, No. 25-cv-10313 (D. Mass. Apr. 18, 2025), ECF No. 74 at 33-43; 7 U.S.C. § 706(2)(A). In its stay papers, the government, relying on Franklin v. Massachusetts, 505 U.S. 788 (1992), and Bradford v. Department of Labor, 101 F.4th 707 (10th Cir. 2024), cert. denied, 145 S. Ct. 1047 (2025), contends that the Passport Policy is not subject to review under the APA because it was "compelled by" the President's Executive Order. But agency action that carries out a presidential directive is ordinarily subject to APA review. See New York v. Trump, 133 F.4th 51, 70 n.17 (1st Cir. 2025); Nebraska v. Su, 121 F.4th 1, 15 (9th Cir. 2024) ("The Supreme Court has never excepted a final rule from APA review because it carried out a presidential directive."); Chamber of Com. of U.S. v. Reich, 74 F.3d 1322, 1327 (D.C. Cir. 1996). And, unlike in Bradford, the Executive Order at issue here, which instructed the Secretary to "implement changes to require . . . passports" to "accurately reflect the holder's sex," Exec. Order No. 14,168, 90 Fed. Reg. 8615, 8616 (Jan. 20, 2025), did not leave the agency with "no discretion," Bradford, 101 F.4th at 731. Rather, the district court concluded -- and the government does not presently dispute -- that the Department made several "independent determinations in formulating" the Passport Policy. See Mem. & Order on Pls.' Mot. to Stay Agency Action and for Prelim. Inj., Orr v. Trump, No. 25-cv-10313 (D. Mass. Apr. 18, 2025), ECF No. 74 at 35-36.

The government argues that agency action implementing a presidential directive is nevertheless unreviewable when a statute commits the action to the President's sole discretion. And it asserts that title 22, section 211a, which concerns the contents of passports, is one such statute. Even assuming for present purposes that section 211a is such a statute, the government has not substantially developed the point or provided any decision from the U.S. Supreme Court or any federal court of appeals in which Franklin's prohibition of APA review of presidential action was extended to prohibit review of action taken by an agency, otherwise indisputably covered by the APA, see 5 U.S.C. § 701(b)(1), because the action was directed by the President in his sole discretion. Thus, whatever the ultimate merits of the argument, which appears to be a matter of first impression in the federal courts of appeals, we cannot conclude on the present submissions that the government has made a strong showing that the Passport Policy is unreviewable under the APA. And the government's cursory assertion in two sentences that the Passport Policy, if reviewable, passes muster under the APA, is insufficient to meet its burden to demonstrate a strong likelihood of success on the merits of this appeal. See Mot. for Stay Pending Appeal at 19, Orr v. Trump, No. 25-1579 (1st Cir. July 18, 2025).

Given our view that the government has not made a strong showing that it is likely to succeed on the merits of its appeal of the APA claim and given that the district court based its

preliminary injunction on the plaintiffs' APA claim and, independently, on their animus-based Equal Protection Clause claim, we need go no further in considering the likelihood of success on the merits. That is especially so given that the government has not claimed in its stay papers that the APA claim could not fully support the preliminary relief that the district court granted.

We do note, however, that in regard to the Equal Protection Clause claim premised on "unconstitutional animus toward transgender Americans," the government in its motion fails to engage meaningfully with the district court's analysis. Rather, the government devotes only two sentences to challenging the district court's assessment of the plaintiffs' animus-based Equal Protection Clause claim. See Mot. for Stay Pending Appeal at 17, Orr v. Trump, No. 25-1579 (1st Cir. July 18, 2025) ("Moreover, because these are valid reasons for the Passport Policy's prohibition on self-identification, that policy is not inexplicable by anything but animus. The district court plainly erred in concluding otherwise." (citation modified)). And before the district court, the government left undeveloped its contentions that the express "purposes" section of the Executive Order justifies the Passport Policy and that the government has an interest in using an "objective" criterion for determining sex. See, e.g., New Jersey v. Trump, 131 F.4th 27, 41-42 (1st Cir. 2025) (finding waiver under analogous circumstances). Further, in its written decision, the district court identified four overarching considerations underlying its conclusion that the plaintiffs are likely to succeed on their animus claim. Mem. & Order on Plfs.' Mot. to Stay Agency Action and for Prelim. Inj., Orr v. Trump, No. 25-cv-10313 (D. Mass. Apr. 18, 2025), ECF No. 74 at 27-30. The government does not grapple in its motion to stay with the four prongs of the district court's reasoning as to the animus claim, and instead offers only the two sentences we describe above in disputing the district court's ruling on this claim. As a result, the government has failed to meet its burden to secure a stay.[1] See, e.g., New Jersey, 131 F.4th at 41 (denying the requested stay and observing that the government "d[id] not address the significant additional burdens that the [d]istrict [c]ourt identified in finding that the [p]laintiff-[s]tates would suffer irreparable harm in the absence of preliminary injunctive relief").

The remaining factors for the requested relief also do not favor the government's stay request. In its motion papers, the government mostly describes certain long-term institutional interests of the executive branch that may be harmed if the challenged policy is enjoined. In contrast, based on the named plaintiffs' affidavits and the expert declarations submitted by the plaintiffs, the district court made factual findings that the plaintiffs will suffer a variety of immediate and irreparable harms from the present enforcement of the challenged policy, including "a greater risk of experiencing harassment and violence" while traveling abroad. Mem. & Order on Pls.' Mot. to Stay Agency Action and for Prelim. Inj., Orr v. Trump, No. 25-cv-10313 (D. Mass. Apr. 18, 2025), ECF No. 74 at 50. Relatedly, in granting class-wide injunctive relief, the district court pointed to immediate and irreparable harms on a class-wide basis, explaining that the

---

[1] The government's motion to stay focuses on a different claim by the plaintiffs, a sex discrimination claim, and the impact on that claim of the decision in United States v. Skrmetti, 145 S. Ct. 1816 (2025). But the district court carefully explained in its order denying the government's previous motion to dissolve the preliminary injunction that its rulings as to the likelihood of success on the APA claim and the animus-based Equal Protection Clause claim stand as independent bases for its grant of injunctive relief. See Order, Orr v. Trump, No. 25-cv-10313 (D. Mass. July 11, 2025), ECF No. 130.

- 3 -

plaintiffs had offered "uncontroverted evidence of the harms that transgender and non-binary people face" if required to use such passports. Mem. & Order on Pls.' Mot. for Class Certification and Mot. to Apply the Prelim. Inj. to the Classes, <u>Orr</u> v. <u>Trump</u>, No. 25-cv-10313 (D. Mass. June 17, 2025), ECF No. 115 at 24. In light of the district court's factual findings on irreparable harm, and the government's failure to contest the plaintiffs' evidence before the district court, the government "has not sufficiently demonstrated that the balance of harms and equities" favors upending the status quo and subjecting the plaintiffs to the immediate harms identified by the district court. <u>See</u> <u>NetChoice, LLC</u> v. <u>Fitch</u>, No. 25A97, 2025 WL 2350189, at *1 (U.S. Aug. 14, 2025) (Kavanaugh, J., concurring).

For all these reasons, the motion for a stay pending appeal is <u>DENIED</u>.

So ordered.

By the Court:

Anastasia Dubrovsky, Clerk

cc: Hon. Julia Eleanor Kobick, Robert Farrell, Clerk, United States District Court for the District of Massachusetts, James D. Esseks, Jon Warren Davidson, Jessie J. Rossman, Jennifer Herrmann, Aditi Fruitwala, Zoe Kreitenberg, Isaac D. Chaput, Li Nowlin-Sohl, Robert Gianchetti, Sruti J. Swaminathan, Lewis Yelin, Donald Campbell Lockhart, Rayford A. Farquhar, Charles W. Scarborough, Abraham R. George, M. Jared Littman, Joshua Harrell

App. 977