No. 25-1579

# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

ASHTON ORR; ZAYA PERYSIAN; SAWYER SOE; CHASTAIN ANDERSON; DREW HALL; BELLA BOE; REID SOLOMON-LANE; VIKTOR AGATHA; DAVID DOE; AC GOLDBERG; RAY GORLIN; CHELLE LEBLANC, on behalf of themselves and others similarly situated,
*Plaintiffs-Appellees*

v.

DONALD J. TRUMP, in the official capacity as President of the United States; U.S. DEPARTMENT OF STATE; MARCO RUBIO, in the official capacity as Secretary of State; UNITED STATES OF AMERICA,
*Defendants-Appellants*.

Appeal from the U.S. District Court for the District of Massachusetts

## PLAINTIFFS-APPELLEES' SUPPLEMENTAL APPENDIX

MALITA PICASSO
SRUTI J. SWAMINATHAN
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
212-549-2500

ROBERT C. GIANCHETTI
Covington & Burling LLP
30 Hudson Yards
New York, NY 10001
212-841-1000

ISAAC D. CHAPUT
Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
415-591-6000

JESSIE J. ROSSMAN
JENNIFER M. HERRMANN
American Civil Liberties Union Foundation of Massachusetts, Inc.
One Center Plaza, Suite 850
Boston, MA 02108
617-482-3170

# TABLE OF CONTENTS

                                                              **Page**

ECF 175, Order Granting Defendant's Motion to Stay and
Denying Plaintiff's Motion to Lift the Partial Stay ............................. 1

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States District Court

District of Massachusetts

**Notice of Electronic Filing**

The following transaction was entered on 1/26/2026 at 12:50 PM EST and filed on 1/26/2026
**Case Name:**     Orr et al v. Trump et al
**Case Number:**    1:25-cv-10313-JEK
**Filer:**
**Document Number:** 175(No document attached)

**Docket Text:**
District Judge Julia E. Kobick: ELECTRONIC ORDER entered.

The defendants' motion to stay, ECF [156], is GRANTED, and the plaintiffs' motion to lift the partial stay of this case, ECF [161], is correspondingly DENIED.

On April 18, 2025, this Court preliminarily enjoined enforcement of the U.S. Department of State's Passport Policy as to six of the original plaintiffs. ECF [74]. The Court extended the preliminary injunction to a subset of the certified classes on June 17, 2025. ECF [116]. The government has appealed both orders and those appeals are pending before the First Circuit. ECF [111], [131]. In August 2025, this Court stayed the plaintiffs' constitutional claims but allowed their claims under the Administrative Procedure Act ("APA")—Counts 6 and 7 of the amended complaint—to proceed. ECF [137]. The parties have filed cross-motions for summary judgment on those two APA claims. ECF [145], [174].

In September 2025, the First Circuit denied the government's motion to stay this Court's preliminary injunction pending appeal, *Agatha v. Trump*, 151 F.4th 9 (1st Cir. 2025), but in November 2025, the Supreme Court granted the government's application and stayed the preliminary injunction, *Trump v. Orr*, 146 S. Ct. 44 (2025). The Supreme Court concluded that the government was likely to succeed on the merits on the claims addressed in this Court's preliminary injunction orders and that the government would suffer a form of irreparable injury absent a stay. *Id.* at 46. It explained its reasoning as to its likelihood-of-success-on-the-merits determination in three sentences. *Id.*

The meaning of those three sentences will affect the viability of the claims that were addressed in this Court's preliminary injunction decisions. And however this Court

were to understand those sentences, the effect of the Supreme Court's analysis on the plaintiffs' claims would feature prominently in any subsequent appeal. The Court gives weight to the plaintiffs' wish to proceed expeditiously with their case, particularly in view of the Court's prior conclusion that the Passport Policy inflicts tangible harm on the certified classes. But the interests of justice and the interest in the efficacious administration of this case are best served by allowing the First Circuit to explain first how the Supreme Court's analysis affects the plaintiffs' claims. The First Circuit's guidance on that matter, and the other matters in dispute on appeal, some of which involve pure questions of law, will clarify the issues in this case moving forward. Appellate guidance will also assist the parties in focusing their subsequent discovery efforts and presenting the legal issues to this Court.

The Court agrees with the parties' joint assessment that it is most efficient for this case to proceed before one Court rather than in a piecemeal approach before two. For that reason, and the other reasons given, it will grant the governments' request to stay proceedings on the APA claims and deny the plaintiffs' request to lift the order staying their constitutional claims. And for the same reasons, the plaintiffs' motion for an indicative ruling under Federal Rule of Civil Procedure 62.1, ECF [168], is DENIED. This matter is hereby STAYED pending the First Circuit's decision on the appeal of the preliminary injunction orders. The parties are ORDERED to confer and file a joint proposal with procedural deadlines within 14 days of the First Circuit's decision. (Currie, Haley)

**1:25-cv-10313-JEK Notice has been electronically mailed to:**

Rayford A. Farquhar     rayford.farquhar@usdoj.gov, caseview.ecf@usdoj.gov, olivia.padden@usdoj.gov, usama.ecf@usdoj.gov

Jessie J. Rossman     jrossman@aclum.org, aarsenault@aclum.org, ipreissle@aclum.org, waltshuler@aclum.org

Jennifer Herrmann     jherrmann@aclum.org

Isaac D Chaput     ichaput@cov.com, docketing@cov.com

Gavin Wayne Jackson     gjackson@cov.com

Li Nowlin-Sohl     lnowlin-sohl@aclu.org, ccaicedo@aclu.org

Ansel Carpenter     acarpenter@cov.com

Sean Bender     sbender@cov.com

Sruti J. Swaminathan     sswaminathan@aclu.org

Malita Picasso     mpicasso@aclu.org

Aditi Fruitwala     afruitwala@aclu.org

Alyssa Curcio     acurcio@cov.com

Jonathan Travis Thompson     jothompson@cov.com

Elizabeth Brooke Layendecker     elizabeth.b.layendecker@usdoj.gov

James D. Esseks     jesseks@aclu.org

Yuval Mor     ymor@cov.com

Robert Gianchetti     rgianchetti@cov.com

Michael Velchik     michael.velchik@usdoj.gov

M. Jared Littman     jared.littman2@usdoj.gov

Peter William Johnston     pjohnston@cov.com

**1:25-cv-10313-JEK Notice will not be electronically mailed to:**

Joshua Harrell(Terminated)
935 Kearny St
#65
San Francisco, CA 94133

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2026, a true copy of the foregoing will be electronically filed with the Clerk of Court for the United States Court of Appeals for the First Circuit using the CM/ECF system, which will then send a notification of such filing to counsel of record.

*/s/ Isaac D. Chaput*
Isaac D. Chaput
